# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

THEODORE WILLIAMS, LOCKETT
WILLIAMS MORTUARY, INC., RICKY
AUGUST, LASHA AUGUST, JONATHAN
AUGUST, RICHMOND-AUGUST FUNERAL
HOME, LLC, EDDIE HARTWELL, HARTWELL
FAMILY FUNERAL HOME, LLC, ANTHONY
MARSHALL, GINA MARSHALL, MARSHALL
FUNERAL HOME, INC., PAMELA DICKEY,
DICKEY BROTHERS MEMORIAL FUNERAL
HOME, LLC, HELEN EVANS, and J.T. HALL
FUNERAL HOME, LLC                                             **PLAINTIFFS**

**VERSUS**                                    **CASE NO.  1:16-cv-266-HSO-MTP**

GARY HARGROVE, in his individual capacity
and his official capacity as CORONER OF
HARRISON COUNTY, the HARRISON COUNTY
BOARD OF SUPERVISORS, HARRISON COUNTY,
Mississippi, UNKNOWN EMPLOYEES OF EH
HARRISON COUNTY BOARD OF SUPERVISORS,
and UNKNOWN EMPLOYEES OF HARRISON
COUNTY                                                       **DEFENDANTS**


### ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF HARRISON COUNTY BOARD OF SUPERVIORS AND HARRISON COUNTY, MISSISSIPPI

COME NOW, Defendants, HARRISON COUNTY BOARD OF SUPERVISORS,

and HARRISON COUNTY, MISSISSIPPI, by and through its attorneys of record TIM C.

HOLLEMAN & PATRICK T. GUILD, BOYCE HOLLEMAN & ASSOCIATES, and files its

Answer and Defenses to Plaintiff's Complaint [Dkt #1], and in support thereof, would

show unto this Honorable Court the following, to-wit:

## FIRST DEFENSE

Defendants specifically assert that Plaintiffs' claims contained in their Complaint are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to Miss. Code Ann. § 11-46-11 and Miss. Code Ann. § 15-1-49.

## SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

Defendants specifically assert and invoke all defenses available unto it as set forth in Fed. R. Civ. P. 12(b)(1) - 12(b)(7) for which a good faith legal and/or factual basis exists or may exist on its behalf.

## FOURTH DEFENSE

Plaintiffs, in whole or in part, lacks standing to pursue this civil action.

## FIFTH DEFENSE

That at all times relevant to Plaintiffs' claims, Defendants acted in an objectively reasonable manner and in good faith in the execution of any official duty, and therefore, Defendants are immune from liability.

## SIXTH DEFENSE

Defendants plead all applicable privileges and immunities under both State and Federal law, including but not limited to, the Common Law and Statutory Doctrine of Sovereign Immunity, Absolute Immunity, and Qualified Immunity.

## SEVENTH DEFENSE

The Plaintiffs have not suffered a Constitutional deprivation.  As such, this matter is not proper before this Court as the Court lacks subject matter jurisdiction over the same.

## EIGHTH DEFENSE

The subject of Plaintiff's Complaint does not invoke any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted in, or promulgated by Defendants.  Defendants neither promulgated nor condoned any policy, custom, usage or the implantation thereof, which allegedly resulted in any Constitutional violation or deprivation of the Plaintiffs.

## NINTH DEFENSE

To the extent Plaintiffs raise any claims under Mississippi law, Plaintiffs have failed to comply with the requirements of the Mississippi Tort Claims Act, codified at Miss. Code Ann. §§ 11-46-1, *et seq.*, including the notice requirement of § 11-46-11.

## TENTH DEFENSE

Defendants did not breach any duty owned to the Plaintiffs nor did they violate any right or privilege of the Plaintiffs; therefore, is not liable for any damages alleged.

## ELEVENTH DEFENSE

Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiffs, and is therefore, not liable in damages.

## TWELTH DEFENSE

Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure this Defendant adopts by reference each and every affirmative defense and denial of any other Defendant filed or to be filed in this civil action.

## THIRTEENTH DEFENSE

Defendant, Harrison County Board of Supervisors, is not a proper entity that is subject to liability on any lawsuit or a party that is able to defend this or any claim against it, and as such, must be dismissed from this cause of action.

## ANSWER

Now, answering the Complaint [DKT #1], paragraph by paragraph, Defendants, Harrison County Board of Supervisors and Harrison County, Mississippi, would state as follows:

## INTRODUCTION

1.      The allegations contained in Paragraph 1 of the Complaint are denied.

2.      The allegations contained in Paragraph 2 of the Complaint are denied.

3.      The allegations contained in Paragraph 3 of the Complaint are denied.

4.      The allegations contained in Paragraph 4 of the Complaint are denied and it is specifically denied that any Defendant committed any discrimination whatsoever.

5.      The allegations contained in Paragraph 5 of the Complaint are denied and it is specifically denied that any Defendant violated any of the Plaintiffs' constitutional rights.

## JURISDICTION AND VENUE

6.      Defendants would aver that 42 U.S.C. §§ 1981, 1983, 1986, 1985, and

1986, speak for themselves, and any allegation or inference to the contrary is denied. All other allegations contained in Paragraph 6 of the Complaint are denied, and it is specifically denied that any Defendant violated any of the Plaintiffs' constitutional rights.

7.      Defendants would aver that 228 U.S.C. §§ 1331, 1343, and 1367 speak for themselves, and any allegation or inference to the contrary is denied.

8.      It is admitted that the individual Defendants reside in this judicial district. Defendants would aver that 28 U.S.C. § 1391(b) speaks for itself, and any allegation or inference to the contrary is denied.  All other allegations contained in Paragraph 8 of the Complaint are denied.

## PARTIES

9.      Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of the Complaint; therefore, out of an abundance of caution, the same is denied.

10.     The allegations of Paragraph 10 of the Complaint are denied.

11.     The allegations of Paragraph 11 of the Complaint are denied.

12.     The allegations of Paragraph 12 of the Complaint are denied.

13.     The allegations of Paragraph 13 of the Complaint are denied.

14.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint; therefore, out of an abundance of caution, the same is denied.

15.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint; therefore, out of an abundance of caution, the same is denied.

16.     Defendants admit that Defendant, Gary Hargrove is the duly elected Coroner of Harrison County, Mississippi. The remaining conclusory allegations of paragraph 16 are denied.  To the extent Paragraph 16 of the Complaint alleges any wrongdoing, the same is denied.

17.     Defendants admit that Harrison County, Mississippi, is governed by its Board of Supervisors. The remaining conclusory allegations of Paragraph 17 are denied.  To the extent Paragraph 17 of the Complaint alleges any wrongdoing, the same is denied.

18.     Defendants admit that Harrison County, Mississippi, is a political subdivision of the State of Mississippi. The remaining conclusory allegations of Paragraph 18 are denied.  To the extent Paragraph 18 of the Complaint alleges any wrongdoing, the same is denied.

19.     The allegations contained in Paragraph 19 of the Complaint are denied.

20.     The allegations contained in Paragraph 20 of the Complaint are denied.

21.     It is admitted that Defendant, Gary Hargrove, is the duly elected coroner of Harrison County, Mississippi, and that he has held said position for over twenty (20) years.  All other allegations contained in Paragraph 21 of the Complaint are denied.

22.     The allegations contained in Paragraph 22 of the Complaint are denied.

23.     The allegations contained in Paragraph 23 of the Complaint are denied.

24.     The allegations contained in Paragraph 24 of the Complaint are denied.

25.     Defendant would aver that "Mississippi law" speaks for itself and that any allegation to the contrary contained in Paragraph 25 of the Complaint is denied.

26.     The allegations contained in Paragraph 26 of the Complaint are denied.

27.     The allegations contained in Paragraph 27 of the Complaint are denied.

28.     The allegations contained in Paragraph 28 of the Complaint are denied.

29.     The allegations contained in Paragraph 29 of the Complaint are denied.

30.     The allegations contained in Paragraph 30 of the Complaint are denied.

31.     The allegations contained in Paragraph 31 of the Complaint are denied.

32.     The allegations contained in Paragraph 32 of the Complaint are denied.

33.     The allegations contained in Paragraph 33 of the Complaint are denied.

34.     The allegations contained in Paragraph 34 of the Complaint are denied.

35.     The allegations contained in Paragraph 35 of the Complaint are denied.

36.     The allegations contained in Paragraph 36 of the Complaint are denied.

37.     The allegations contained in Paragraph 37 of the Complaint are denied.

38.     The allegations contained in Paragraph 38 of the Complaint are denied.

39.     The allegations contained in Paragraph 39 of the Complaint are denied.

40.     The allegations contained in Paragraph 40 of the Complaint are denied.

41.     The allegations contained in Paragraph 41 of the Complaint are denied.

42.     The allegations contained in Paragraph 42 of the Complaint are denied.

43.     The allegations contained in Paragraph 43 of the Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Complaint are denied.

45.     The allegations contained in Paragraph 45 of the Complaint are denied.

46.     The allegations contained in Paragraph 46 of the Complaint are denied.

47.     The allegations contained in Paragraph 47 of the Compliant are denied.

48.     The allegations contained in Paragraph 48 of the Complaint are denied.

49.     The allegations contained in Paragraph 49 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

56. The allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied and any allegation of discrimination by the Defendants is specifically denied.

58. The allegations contained in Paragraph 58 of the Complaint are denied and any allegation of discrimination by the Defendants is specifically denied.

59. The allegations contained in Paragraph 59 of the Complaint are denied and any allegation of discrimination or constitutional violations by the Defendants is specifically denied.

60. The allegations contained in Paragraph 60 of the Complaint are denied and any allegation of discrimination or constitutional violations by the Defendants is specifically denied.

## **COUNT I**

61. Defendants incorporate its responses to Paragraphs 1-60, above, in response to Paragraph 61 of the Complaint.

62. The allegations contained in Paragraph 62 of the Complaint are denied.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

64. The allegations contained in Paragraph 64 of the Complaint are denied.

65.     The allegations contained in Paragraph 65 of the Complaint are denied as it is denied that the Defendants have engaged in any misconduct.

66.     The allegations contained in Paragraph 66 of the Complaint are denied as it is denied that the Defendants have engaged in any misconduct.

67.     The allegations contained in Paragraph 67 of the Complaint are denied as it is denied that the Defendants have engaged in any misconduct.

68.     The allegations contained in Paragraph 68 of the Complaint are denied.

69.     The allegations contained in Paragraph 69 of the Complaint are denied.

70.     The allegations contained in Paragraph 70 of the Complaint are denied.

71.     The allegations contained in Paragraph 71 of the Complaint are denied.

72.     The allegations contained in Paragraph 72 of the Compliant are denied.

73-76.  The Complaint is without Paragraph numbers 73-76.

## **COUNT II**

77.     Defendants incorporate its responses to Paragraphs 1-76 above, in response to Paragraph 77 of the Complaint.

78.     The allegations contained in Paragraph 20 of the Complaint are denied.

79.     The allegations contained in Paragraph 79 of the Complaint are denied.

80.     The allegations contained in Paragraph 80 of the Complaint are denied as it is denied that Defendants have engaged in any misconduct.

81.     The allegations contained in Paragraph 81 of the Complaint are denied.

82.     The allegations contained in Paragraph 82 of the Complaint are denied as it is denied that Defendants have engaged in any misconduct.

83.     The allegations contained in Paragraph 83 of the Complaint are denied.

## COUNT III

84. Defendants incorporate its responses to Paragraphs 1-83 above, in response to Paragraph 84 of the Complaint.

85. It is admitted that Harrison County, Mississippi, receives "federal financial assistance" as a result of various government grants and programs. To the extent the allegations contained in Paragraph 85 of the Complaint allege any wrongdoing on behalf of the Defendants, the same is denied.

86. The allegations contained in Paragraph 86 of the Complaint are denied.

87. Defendants aver that Title VI speaks for itself and is the best source of its content. Any allegation or inference to the contrary contained in Paragraph 87 of the Complaint is denied.

88. The allegations contained in Paragraph 88 of the Complaint are denied as it is denied that Defendants have engaged in any misconduct.

89. The allegations contained in Paragraph 89 of the Complaint are denied.

90. The allegations contained in Paragraph 90 of the Complaint are denied.

91. The allegations contained in Paragraph 91 of the Complaint are denied.

92. The allegations contained in Paragraph 92 of the Complaint are denied.

93. To the extent Paragraph 93 of the Complaint is attempting to recite "Mississippi law", Defendants would aver that "Mississippi law" speaks for itself and is the best source of its content. All remaining allegations contained in Paragraph 93 of the Complaint are denied and it is specifically denied that Plaintiffs have suffered any violation of state law by the Defendants.

94. The allegations contained in Paragraph in 94 of the Complaint are denied

as it is denied that the Plaintiffs have suffered any violation of state law, ripe or unripe, by the Defendants.

95.     The allegations contained in the unnumbered paragraph of the Complaint commencing with "WHEREFORE", are denied.     Defendants deny any and all allegations of the Complaint not specifically admitted herein.     Further, Defendants specifically deny that Plaintiffs are entitled to any damages whatsoever, including, but not limited to, punitive damages, compensatory damages and attorney's fees and costs.

## JURY DEMAND

These Defendants likewise request a jury trial where applicable.

Defendants specifically deny each and every allegation of Plaintiffs' Complaint which has not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof or any title or subparagraph thereof.

AND NOW, having fully answered the individual allegations of the Plaintiffs' Complaint [Dkt #1], paragraph by paragraph, and at this early stage in these proceedings, in order to fully preserve all defenses available to it without waiving other defenses, Defendant further pleads and asserts the following affirmative defenses:

## FOURTEENTH DEFENSE

Defendants expressly deny that any of their employees, officers or agents acted in any manner that would violate the law. If Plaintiffs' rights were violated (which Defendants deny), any such violation occurred outside the scope of employment or agency of such employee, officer or agent, and without the consent of Defendants. Defendants did not authorize, condone, ratify or tolerate such violation, and such

conduct may not be attributed to Defendants through principles of agency, *respondeat superior,* or otherwise.

## FIFTEENTH DEFENSE

Plaintiffs' claimed damages are barred, in whole or in part, because Plaintiffs suffered no recoverable damages.

## SIXTEENTH DEFENSE

Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiff.

## SEVENTEENTH DEFENSE

Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Civil Justice Reform Act and Mississippi Tort Reform Act, as codified in the Mississippi Code.

## EIGHTEENTH DEFENSE

Regarding the Plaintiffs, Defendants at all times acted in good faith, without malice, without reckless disregard, without deliberate indifference, without discriminatory motive, with probable cause, without injurious intent, without evil motive, and were guilty of no wrongful or tortious conduct.

## NINETEENTH DEFENSE

The Complaint is barred, in whole or in part, because any action taken any Defendant regarding Plaintiffs was based upon legitimate, non-discriminatory, non-discriminatory reasons, and non-pretextual reasons.

## TWENTIETH DEFENSE

Assuming, *arguendo*, that any Defendants had any improper motive toward Plaintiffs, the same decisions would have been made with regard to Plaintiffs in the absence of such a motive.

## TWENTY-FIRST DEFENSE

Defendants exercised reasonable care to prevent any conduct in violation of Title VI or any other federal or state law.

## TWENTY-SECOND DEFENSE

Plaintiffs have failed to present any facts whatsoever to infer a discriminatory animus by Defendants.

## TWENTY-THIRD DEFENSE

Defendants had a legitimate business reason for all of their actions regarding Plaintiffs.

## TWENTY-FOURTH DEFENSE

The imposition of exemplary or punitive damages in this case would deprive these Defendants of property without due process of law and would deny to these Defendants the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 3, Section 14 and Article 3, Section 24 of the Constitution of the State of Mississippi. Therefore, these claims should be dismissed.

## TWENTY-FIFTH DEFENSE

The imposition of exemplary or punitive damages in this matter would constitute imposition of an excessive fine in violation of Amendment VIII of the United States

Constitution, prohibiting excessive fines, cruel and unusual punishments and Article 3, Section 28 of the Constitution of the State of Mississippi, prohibiting excessive fines. Therefore, these claims should be dismissed.

## TWENTY-SIXTH DEFENSE

These Defendants aver that any award of punitive damages to the Plaintiff in this case would be a violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United States of America including, without limitations, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages. There is no meaningful trial court or appellate review mechanisms to constitutionally confirm any punitive damages award, and imposition would allow a verdict obtained by passion and prejudice. State Farm v. Campbell, 538 U.S. at 425 and Phillip Morris USA v. Williams, 549 U.S. (2007) (No. 05-1256, February 20, 2007).

## TWENTY-SEVENTH DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to these Defendants under the due process clause of the Fourteenth Amendment and/ or Fifth Amendment to the Constitution of the United States of America and/or under the due process clause of Article III, Section 14 of the Constitution of the State of Mississippi and that punitive damages and any method by which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interest. If consideration of punitive damages is to be allowed, then the standard for proving the same, as provided in Miss. Code Ann. §§ 11-1-63, 11-1-65 (Supp. 1993), must be by clear and convincing evidence.

**TWENTY-EIGHTH DEFENSE**

Defendants at all times acted in good faith to comply with all applicable equal opportunity laws and practices and acted with reasonable grounds to believe that their actions did not violate the statutes cited in the Plaintiffs' Complaint, and Defendants assert a lack of willfulness or intent to violate those statutes as a defense to any claim by Plaintiffs for punitive damages.

**TWENTY-NINTH DEFENSE**

The extent to which Plaintiffs' Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, cannot be determined at this time without the benefit of discovery. Thus, as separate and affirmative defenses to Plaintiffs' Complaint, Defendants reserve the right to assert all such affirmative defenses and other defenses as appropriate via separate motion.

**THIRTIETH DEFENSE**

Defendants deny any unlawful conduct with respect to Plaintiffs. Without admitting any wrongful conduct by Defendants or any of their employees, agents, or representatives, in the event that the Court or a jury should conclude that a protected factor partially motivated any decision challenged by Plaintiffs, which Defendants expressly deny, Defendants affirmatively state that they would have made the same decision even absent such protected factor.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims herein are barred, in whole or in part, because any alleged action taken by the Defendants regarding Plaintiffs was based solely on good cause pursuant to 29 U.S.C. § 623(f)(3).

## THIRTY-SECOND DEFENSE

Plaintiffs' claims herein may be barred, in whole or in part, by after-acquired evidence.

## THIRTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred because the Defendants did not engage in any unlawful practices with either malice or reckless disregard for Plaintiffs' rights.

## THIRTY-FOURTH DEFENSE

By answering the allegations of the Complaint and/or by admitting certain allegations contained therein, Defendants do not admit that they committed any wrongdoing of any nature whatsoever.

## THIRTY-FIFTH DEFENSE

Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserved their right to amend their Answer to include such defenses.

## THIRTY-SIXTH DEFENSE

The Plaintiffs cannot demonstrate the existence of any policy, practice, custom, or usage which later could have led to the alleged Constitutional deprivation of which Plaintiffs complain, and they cannot maintain a claim against these Defendants pursuant to 42 U.S.C. § 1981.

## THIRTY-SEVENTH DEFENSE

Defendants invoke the provisions of § 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

## THIRTY-EIGHTH DEFENSE

Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, *et seq.*, of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

## THIRTY-NINTH DEFENSE

Defendants specifically plead Miss. Code Ann. 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary or function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

## FORTIETH DEFENSE

Punitive damages are not permissible under the facts as alleged.

## FORTY-FIRST DEFENSE

Defendants affirmatively plead they are entitled to offset and recoupment to the extent the same may be applicable.

## FORTY-SECOND DEFENSE

Plaintiff's theories of recovery are contrary to public policy.

## FORTY-THIRD DEFENSE

Defendants affirmatively plead Plaintiffs would be unjustly enriched should any damages be awarded.

## FORTY-FOURTH DEFENSE

In order to preserve its affirmative defenses and pending completion of discovery, Defendants allege that Plaintiffs' claims are barred, in whole or in part, by operation of the doctrine of waiver, unclean hands, laches, equitable estoppel, and/or mistake.

## FORTY-FIFTH DEFENSE

Defendants incorporate any and all defenses and affirmative defenses alleged by any other party to the extent they are not inconsistent with their denials to any allegations made in this Answer or any of Defendants' other affirmative defenses.

## FORTY-SIXTH DEFENSE

Defendants reserve the right to amend their Answer to add additional defenses or counterclaims which may become known during discovery or trial.

## FORTY-SEVENTH DEFENSE

Defendants assert that this action is frivolous, unreasonable, and groundless. Accordingly, Defendants are entitled to attorney's fees and other costs associated with the defense of this action.

AND NOW, having fully answered and set forth its Answer, Defenses, and Affirmative Defenses to the Complaint, this Defendant respectfully requests that it be

dismissed from this civil action with its proper costs.

This the 20th day of September, 2016.

Respectfully submitted,

HARRISON COUNTY BOARD OF SUPERVISORS,
and HARRISON COUNTY, MISSISSIPPI, Defendants

BY AND THROUGH ITS COUNSEL OF RECORD
**BOYCE HOLLEMAN AND ASSOCIATES**

By:     /s/ Tim C. Holleman
        Tim C. Holleman

## CERTIFICATE OF SERVICE

I, Tim C. Holleman, do hereby certify that I have on this date filed the above and foregoing document using the electronic filing system using the ECF filing system, which has caused a copy of the same to be served on all counsel of record.

This the 20th day of September, 2016.

/s/ Tim C. Holleman
Tim C. Holleman

Tim C. Holleman (Ms Bar #2526)
Patrick T. Guild (Ms Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone:  (228) 863-3142
Facsimile:  (228) 863-9829
Email:  tim@boyceholleman.com
        patrick@boyceholleman.com