IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THEODORE WILLIAMS, ET AL**                                                                **PLAINTIFFS**

**VERSUS**                                                     **CASE NO. 1:16-cv-266-KS-MTP**

**GARY HARGROVE, ET AL.**                                                      **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on the Plaintiffs' Motion [55] To Compel Production of Coroner's Files Pursuant to Protective Order. After careful consideration of the motion, the parties' submissions, and the applicable law, the undersigned finds that the Motion [55] should be granted, and orders that the files be produced pursuant to a protective order.

Plaintiffs in this case are African-American funeral home owners and their businesses. They allege that Defendants Gary Hargrove, Harrison County, and the Harrison County Board of Supervisors have discriminated against them on the basis of their race in the allocation of business related to funeral and mortuary services. Plaintiff alleges that Defendant Hargrove as Coroner of Harrison County has the practical and legal authority to direct business to funeral homes within Harrison County. They claim that Defendant Hargrove routinely directs business, which includes sending bodies, to white-owned funeral homes over Plaintiffs' African-American owned funeral homes. They assert this causes funds and business to go disproportionally to white-owned funeral homes.

The Plaintiffs request the Court to compel production of the Coroner's files from Harrison County and Defendant Hargrove so they may discover why bodies were sent to certain

funeral homes. According to Plaintiff, these documents will directly support their claims. Plaintiffs' document request seeks the Coroner's files for the past 5 years.[1]

First, Defendants argue that the files should not be produced because Plaintiffs' allegations are woven from "whole cloth" and are "fabrications." They argue that Mississippi law requires that a decedent has absolute authority to specify the funeral home of their choice prior to their death and if the decedent has not specified, that only certain persons in an order of priority can make such a decision. *See* Miss. Code Ann. § 73-11- 58(1)(a)-(l). They argue that, in the vast majority of deaths in Harrison County, either the decedent made the decision prior to death or the person(s) enumerated in Miss. Code Ann. § 73-11-58(1)(a)-(l) directed the disposition of decedent's remains. They also argue the evidence will clearly show that within Harrison County there is a higher rate of whites utilizing the Plaintiffs' African-American owned funeral homes than in any other county in the entire State of Mississippi.

These arguments over the merits of the case are of little relevance in a discovery dispute. "[A] party cannot refuse to produce a requested document or information simply because it is relevant to a claim or defense on which the producing party believes that it will prevail." *Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Tex. 2014); *see also*, *Third Pentacle, LLC v. Interactive Life Forms, LLC,* 2012 WL 27473, at *3 (S.D.Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief—whether ultimately justified or not—provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure").

---

[1] Plaintiffs maintain that all files for the past 20 years, the timeframe that Defendant Hargrove has been Coroner of Harrison County, are relevant and discoverable. However, at this time Plaintiffs only request that the Court compel production of the Coroner's files for the five years prior to this litigation as an "initial sample."

Second, Defendants argue that they cannot produce the files because they are not "covered entities" within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). They claim HIPAA does not provide an exception for coroners - who are not "covered entities" - to produce medical information pursuant to a protective order. This argument misses the point, and the Court need not address whether the defendants are "covered entities" within the meaning of the HIPAA. If the Defendants are not "covered entities" within the meaning of HIPAA, then HIPAA's restrictions regarding dissemination of medical information do not apply to them, and they are free to produce the requested files without a protective order. *See e.g. United States v. Abdallah*, No. CRIM.A. H-07-155, 2009 WL 1918401, at *6-7 (S.D. Tex. July 1, 2009) ("The statutory language is clear that HIPAA only applies to" covered entities and no violation occurs where non-covered entities disclose protected health information); *United States v. Zamora*, 408 F. Supp. 2d 295, 297 (S.D. Tex. 2006) (HIPAA's prohibition applies only to "covered entities") (citing 45 C.F.R. § 164.502.) *See, also, Beard v. City of Chicago*, 2005 WL 66074 at *2 (N.D. Ill. Jan.10, 2005) (HIPAA did not bar production of documents because defendant fire department was not a "covered entity" under HIPAA and "the restrictions on use or disclosure of health information apply only to a covered entity.").

HIPAA permits the disclosure of protected health information "in the course of any judicial proceeding . . . [i]n response to a . . . discovery request," so long as the parties have agreed to, or requested, that the Court enter "a qualified protective order." 45 C.F.R. § 164.512(e). Both parties agree that regardless of whether HIPAA is applicable, the files at issue contain sensitive medical and personal information, and that if they are to be produced, they

should be produced subject to a protective order.[2] The parties have already agreed, in form, to an order that complies with HIPAA protections, and the files will be afforded the protections of that order.[3] The Court rejects the Defendants' argument that the production of the requested files is barred under HIPAA, and will require Defendants to produce the files subject to the protective order as they are "relevant to [the] part[ies'] claim[s] [and] defense[s] and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

Finally, Defendants also claim that various Mississippi state law privileges apply to the records at issue and exempt them from production. As jurisdiction in this case is premised upon issues of federal law, state law does not provide the basis for establishing privileges. *Willy v. Administrative Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005). The same is true of cases involving both federal and state law claims. *See Reed v. City of Greenwood*, No. 4:02cv287, 2006 WL 717492, at * 1 (N.D.Miss. March 21, 2006); Comment, Fed.R.Evid. 501 ("in criminal and Federal question civil cases, federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case]"). Accordingly, because federal law governs the privileges applicable in this case, objections based on state law privileges are not applicable. *See Vezina v. United States*, 2008 WL 833747, at *1 (W.D. La. Mar. 27, 2008) (In a federal question case, "principles of federal common law apply to privilege issues . . . Accordingly, [State] privilege law concerning

---

[2] A protective order will also facilitate more timely production of the records as it may eliminate the need for time consuming redaction of files.
[3] Though Defendants do not object to the wording of the protective order, they do not concede or waive objection to production of the documents at issue.

production of patient information, physician files, credentials, and peer review data does not apply in this case.").

The Court finds, for the above stated reasons, that the Coroner's files should be produced. Accordingly, IT IS, THEREFORE, ORDERED that:

1. The Motion [55] To Compel Production of Coroner's Files Pursuant to Protective Order is GRANTED;

2. A Protective Order will be entered in this case to protect the medical and personal information in these files from public disclosure;

3. Defendants shall produce the Coroner's files from January 1, 2011 to present pursuant to the Protective Order that will be entered immediately following entry of this order.

SO ORDERED, THIS the 12th day of April, 2017.

s/ Michael T. Parker
United States Magistrate Judge