**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| THEODORE WILLAMS, *et al.*, | ) | |
| | ) | Case No. 1:16-cv-00266-KS-MTP |
| Plaintiffs, | ) | |
| | ) | Hon. Keith Starrett |
| v. | ) | District Judge |
| | ) | |
| GARY HARGROVE, *et al.*, | ) | Hon. Michael T. Parker |
| | ) | Magistrate Judge |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| THEODORE WILLIAMS, LOCKETT WILLIAMS MORTUARY, INC., RICKY AUGUST, LASHA AUGUST, JONATHAN AUGUST, RICHMOND-AUGUST FUNERAL HOME, LLC, EDDIE HARTWELL, HARTWELL FAMILY FUNERAL HOME, LLC, ANTHONY MARSHALL, GINA MARSHALL, MARSHALL FUNERAL HOME, PAMELA DICKEY, DICKEY BROTHERS MEMORIAL FUNERAL HOME, LLC, HELEN EVANS, and J.T. HALL FUNERAL HOME, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:16-cv-00266-HSO-MTP |
| Plaintiffs, | ) ) | Hon. Halil S. Ozerden District Judge |
| v. | ) ) ) | Hon. Michael T. Parker Magistrate Judge |
| GARY HARGROVE, in his individual capacity and his official capacity as CORONER OF HARRISON COUNTY, the HARRISON COUNTY BOARD OF SUPERVISORS, HARRISON COUNTY, Mississippi, UNKNOWN EMPLOYEES OF THE CORONER OF HARRISON COUNTY, UNKNOWN EMPLOYEES OF THE HARRISON COUNTY BOARD OF SUPERVISORS, and UNKNOWN EMPLOYEES OF HARRISON COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## PLAINTIFFS' RESPONSES TO DEFENDANTS HARRISON
## COUNTY AND THE HARRISON COUNTY BOARD
## OF SUPERVISORS' FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1

Identify all persons who assisted, contributed and/or supplied information to answer these interrogatories and/or respond to any request for production, including name, age, employer, and current address.

ANSWER:  Plaintiffs object to this interrogatory as overbroad and unduly burdensome.  Plaintiffs further object that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or other privileges. Subject to and without waiving the foregoing objections, Plaintiffs state that in addition to Plaintiffs, all individuals with information relating to these interrogatory responses are disclosed in response to interrogatory number 4, below, which Plaintiffs expressly incorporate by reference herein. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 2

If you are a corporation, limited liability company or other legal entity, identify yourself  and identify each and every owner, stockholder, shareholder, member of yourself from 1996  until the present date or if you are individual then provide each and every residential address  you have lived at for more than 90 days since 1996 until the present date.

ANSWER:  Plaintiffs object to this interrogatory as overbroad and unduly burdensome. In addition, the individual Plaintiffs object to providing their residential addresses – Plaintiffs can be contacted via Plaintiffs' counsel. Subject to and without

2

waiving the foregoing objections, Plaintiffs state as follows:

1.    Dickey Brothers Funeral Home, LLC, was co-owned by Pamela Dickey and Ruby L. Dickey from 1996 to 2012.  Since 2012, Pamela Dickey has been the sole owner.

2.    Lockett's-Williams' Funeral Home, Inc., was owned by Theodore R. Williams, Jr. and Rosemary Hayes Williams from 1996 to May 2011.  Theodore R. Williams, Jr. has been the sole owner since May 2011.

3.    Hartwell & Family Funeral Home, LLC, has been owned solely by Eddie Hartwell since 1996.

4.    Richmond August Funeral Home, Inc., was purchased in 2011.  The owners since 2011 have been Rick August, Lasha August, and Jonathan August.

5.    J.T.  Hall Funeral Hall, Inc., was owned in 1996 by Helen Evans, Thelma H. Gore, and Sidney L. Evans Sr.,  Thelma Evans died on February 9, 1988.  Sidney L. Evans Sr. died on March 30, 2003 and Sidney L. Evans Jr., and Edward H. Evans Jr. became owners at that time.

6.    Marshall Funeral Home has been co-owned bv Anthony Marshall and Gina Marshall from 2000 to present.

Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 3</u>

Have you and/or your attorney(s) taken or are you aware of the existence of any oral,  written and/or recorded statement(s) made by and/or for any party and/or witness

and/or if any of current or former employees or elected official(s) of the Defendant, Harrison County, pertaining to the subject matter of this action, or the subject claims or allegations? If so, please identify each person making the statement(s), the date of each statement, the substance of the statement and the identity of the person in possession of the any recording or notes relating to or original and/or a copy of each such statement.

ANSWER: Plaintiffs object to this interrogatory as overbroad and unduly burdensome in calling for "any" statements made by anyone in an extremely large group of people, including all current or former employees of Harrison County, without limitation of any kind. Plaintiffs further object to this interrogatory to the extent that it calls for information that is protected by the attorney-client privilege, the work product doctrine, or one or more other privileges. Subject to and without waiving the foregoing objections, Plaintiffs state that Pamela Dickey has spoken with Board Member Connie Rockco about Defendant Hargrove's discrimination. Rockco said that she had spoken with Defendant Hargrove about it. Sonya Williams Barnes had a conversation with former Board Member William Martin, during which she informed Martin about Hargrove's discrimination and Martin told her that he was aware of the problem but that there was nothing he could do. He also told her that the other Board Members would not vote to do anything to address the problem. Answering further, Plaintiffs state that William Martin and Gary Hargrove spoke on at least two occasions and that Hargrove claimed to use a rotation system on those occasions. Plaintiff Hartwell also spoke with Defendant Hargrove directly on at least three occasions and asked him what system he used to determine which funeral home to call for services. Defendant Hargrove stated that he uses a rotation system, and that he

has a list of funeral homes and calls each in turn. Plaintiff Hartwell also spoke to Martin on one occasion to discuss Defendant Hargove's discrimination, and Martin told him that he and other African American funeral homes ought to file a lawsuit against Hargrove. Plaintiff Hartwell also spoke with Martin's successor, John Johnson, who said he would look into Hargrove's discrimination. Johnson reported back to Hartwell that he had spoken with Connie Rockco, who told him that Defendant Hargrove told her that he uses a rotation system. Rockco disputed Defendant Hargrove's statement, at which point Defendant Hargrove told Rockco that he did not believe that white families would want black funeral directors to handle their loved ones. In addition, Plaintiffs state that Martin told Gina Marshall that Defendant Hargrove had stated that he did not think white families would want their loved ones' remains handled by African American funeral directors. Defendant Hargrove told Plaintiff Anthony Marshall that he used a rotation system for selecting funeral home. Hargrove also told Plaintiff Helen Evans that he used a rotation system. Plaintiff Evans believes this conversation happened in person, but is not certain. Plaintiff Evans has heard Mr. Hargrove say the same thing to other people, but cannot recall the specific occasions. Answering further, Plaintiffs state that Defendant Hargrove told Plaintiff Gina Marshall in person that he used a rotation system. Plaintiffs further state that Plaintiff Anthony Marshall has heard Mr. Hargrove make this statement, but does not recall the circumstances. Plaintiff Hartwell further states that he had a conversation with Tim Holleman, counsel for Defendants Harrison County and the Harrison County Board of Supervisors, regarding this litigation in approximately February 2016. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this

response as discovery continues.

## INTERROGATORY NO. 4

Identify each person whom you know and/or believe may have (i) knowledge of any discoverable matter and/or (ii) who may be called as witnesses at the trial in the subject action and/or was an eyewitness and/or witness and/or who may have firsthand knowledge of either the facts and/or circumstances of the events and/or following them alleged in your Complaint or any amendment thereto and/or related to the subject matter of this action and/or relevant conditions or claims existing prior to and/or after the same and/or any other knowledge of the subject matter of this action and state the oral testimony and/or substance of knowledge of the subject matter of each such person.

ANSWER: Plaintiffs object to this interrogatory as overbroad an unduly burdensome. In addition, Plaintiffs object to this interrogatory to the extent that it calls for information subject to one or more privileges. Plaintiffs further object because they have not yet determined determined which if any witnesses they will call at trial. Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their initial disclosures under Rule 26(a)(1), the Defendants' initial disclosures under Rule 26(a)(1), individuals described in the parties' discovery responses, and individuals described in the documents exchanged by the parties. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 5

With respect to all witnesses who will and/or may be called as experts to give opinion testimony in the trial of this matter, state:

a.   Identity of each such expert;

b.   Identity of each employer and/or organization with which each expert is associated in any professional capacity;

c.   The field in which each is to be offered as an expert;

d.   A summary of qualifications within which each expert represents himself/herself as an expert;

e.   The subject matter on which each expert is expected to testify;

f.   The substance of facts to which each expert is expected to testify

g.   A summary of the grounds of each opinion.

ANSWER:   Plaintiffs object to this interrogatory on the ground that it is overbroad and unduly burdensome to the extent that it exceeds the scope of Rule 26(a)(2). Plaintiffs also object that this interrogatory is premature in that Plaintiffs have not yet determined whether they will call any experts. Subject to and without waiving the foregoing objections, Plaintiffs state that they will comply with their obligations under Rule 26(a)(2) and with any scheduling order issued in this case.

## INTERROGATORY NO. 6

Identify each and every expert whom you have retained or specially employed in anticipation of litigation or preparation for trial but is not expected to be called as an expert witness.

ANSWER:        Plaintiffs object to this interrogatory as overbroad and unduly burdensome in calling for information protected from disclosure under Rule 26(a)(2) and under the attorney-client privilege and the work product doctrine. Subject to and without waiving those objections, Plaintiffs direct Defendants to their response to interrogatory number 5, above, which Plaintiffs expressly incorporate here by reference. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this

7

response as discovery continues.

INTERROGATORY NO. 7

Were any photograph(s) and/or videotapes and/or surveillance and/or audio or other recordings or other graphic illustrations and/or depictions made and/or taken of any area and/or of any object and/or any person involved in and/or related to the subject matter of your Complaint or any amendment thereto or claims made by you? If so, please identify each such photograph and/or videotapes and/or surveillance and/or audio or other recordings and/or other graphic illustration and/or depiction.

ANSWER: Plaintiffs object to this interrogatory as overbroad and unduly burdensome in that, for example, it would call for identification of every photograph or video taken by or of any of the Plaintiffs at any time of any subject without limitation of any kind. Plaintiffs further object to this interrogatory to the extent that it calls for information protected by the attorney-client privilege or the work product doctrine. Subject to and without waiving the foregoing objections, Plaintiffs refer defendants to the documents produced in this litigation. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

INTERROGATORY NO. 8

Have you or anyone on your behalf or representing your interests had any communication, whether oral or written with the Defendant, Harrison County, and/or any employee, representative, or elected official of Defendant, Harrison County, its Board of Supervisors, and/or present and/or former employer(s), representative(s), or elected official(s) of Defendant, Harrison County, concerning or relating in any way to any of your claims or the subject matter of this action before and/or after the filing of this

8

action or the date of any incidences as alleged in your Complaint or any amendment thereto? If so, please state separately for each:

    a.    The date and time of each such conversation;

    b.    The extent and complete substance of all such conversations;

    c.    The name of the person with whom said conversation(s) were had;

    d.    The identity of the persons present during they conversation(s);

    e.    The location where the same took place.

ANSWER: Plaintiffs object to this interrogatory as overbroad and unduly burdensome in that it calls for communications related to the claims or subject matter of the litigation "in any way" without limitation. Plaintiffs also object to this interrogatory on the ground that it calls for information already in the possession of Defendants. Plaintiffs further object to this interrogatory to the extent that it calls for information subject to the attorney-client privilege, the work product doctrine, or one or more other privileges. Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their response to interrogatory number 3, above, which Plaintiffs expressly incorporate here by reference.

<u>INTERROGATORY NO. 9</u>

Please identify all "lawsuits" or civil actions which have been filed and/or claims made against you within since 1996 to the present date.

ANSWER: Plaintiffs object to this interrogatory as overbroad. In addition, Plaintiffs object because this interrogatory seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses in this case. Subject to and without waiving the foregoing objections, Plaintiffs state that Plaintiff Hartwell was a defendant in a lawsuit brought in Harrison

County after Hurricane Katrina related to the building of a house.  He recalls that the plaintiff's name was Howard, but does not recall the exact date of the suit. Answering further, Plaintiffs Anthony and Gina Marshall state that they are defendants in case number A2402-2016-117 in Harrison County related to a dispute over payment for funeral services.  The plaintiff in that case, Remonia Carter, also complained to the State Board of Funeral Service. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 10</u>

Have you ever been charged and/or convicted of any offense considered a felony under any law of the United States or any State therein and if so identify each court, the address of court, offense, and sentence received for each of Plaintiff's criminal convictions,  if any, since 1996.

ANSWER:   Plaintiffs object to this interrogatory as overbroad, unduly burdensome, and vague and ambiguous.  Plaintiffs further object because this interrogatory seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses in this case. Subject to and without waiving the foregoing objections, Plaintiffs state none.

<u>INTERROGATORY NO. 11</u>

Please state or identify specifically each and every fact or basis or evidence you contend supports your allegation that "Defendant GARY HARGROVE, the CORONER OF HARRISON COUNTY, and Defendant the HARRISON COUNTY BOARD OF SUPERVISORS have intentionally discriminated against black-owned businesses in the procurement of mortuary services for Harrison County. Defendant HARGROVE has

directed public business and public money to white-owned funeral homes, and Defendant the BOARD OF SUPERVISORS has ratified Defendant HARGROVE's conduct and has appropriated public money to fund his discrimination."

ANSWER:  Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object to the extent that that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or one or more other privileges. Plaintiffs also object that this interrogatory is being propounded at the outset of discovery  before Defendants have responded to written discovery and before any Parties or witnesses have given depositions. Subject to and without waiving the foregoing objections, Plaintiffs state that they have set out the basis of their claims against the Defendants in their detailed Complaint, which Plaintiffs expressly incorporate here by reference. Among other things, the Complaint describes that for decades the Defendants have engaged in a pattern of race discrimination against Plaintiffs and their businesses, during which time the Defendants have directed public and private business away from Plaintiffs. Specifically, Plaintiffs' Complaint explains that Defendant Hargrove has overwhelmingly favored white-owned funeral homes in selecting funeral homes to perform removals for Harrison County and by recommending that white-owned business be engaged to provide pauper's burials and cremations for the County. Defendants Harrison County and the Harrison County Board of Supervisors have known about and ratified Defendant Hargrove's discriminatory conducting by funding the Office of the Harrison County Coroner. Defendants Harrison County and the Harrison County Board have also ratified Defendant Hargrove's conduct and engaged in discrimination by voting to

11

designate and approve payment to white-owned funeral homes selected by Defendant Hargrove to carry out pauper's burials and cremations. Answering further, Plaintiffs direct Defendants to Plaintiffs' answer to interrogatory no. 3, above, which Plaintiffs expressly incorporate here by reference. In addition, Plaintiffs direct Defendants to the parties' other discovery responses and to the documents produced in discovery. Among other things, the documents produced in discovery show the disparity of business directed to Plaintiffs versus white-owned funeral homes in the jurisdiction. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 12

Please state or identify each and every person you contend may or will testify to each and every fact or basis or evidence you contend supports your allegation that "Defendant GARY HARGROVE, the CORONER OF HARRISON COUNTY, and Defendant the HARRISON COUNTY BOARD OF SUPERVISORS have intentionally discriminated against black-owned businesses in the procurement of mortuary services for Harrison County. Defendant HARGROVE has directed public business and public money to white-owned funeral homes, and Defendant the BOARD OF SUPERVISORS has ratified Defendant HARGROVE's conduct and has appropriated public money to fund his discrimination."

ANSWER: Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object to the extent that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or one or

more other privileges. In addition, Plaintiffs object that they have not yet determined which if any witnesses they will call at trial and will disclose that information on the schedule set by the Court.   Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their responses to interrogatories numbered 4 and 11, above, which Plaintiffs expressly incorporate here by reference. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 13</u>

Please state or identify specifically each and every fact or basis or evidence you contend supports your allegation that "the Defendants have caused serious damage to Plaintiffs. In a business that survives on reputation and word-of-mouth referrals, each lost chance to serve has far-reaching financial consequences".

ANSWER:   Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object to the extent that that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or one or more other privileges. In addition, Plaintiffs object because discovery is ongoing and they have not yet fully quantified their damages in this case. Subject to and without waiving the foregoing objections, Plaintiffs state that they have described the damages that have resulted from Defendants' misconduct in their Complaint.   Specifically, Defendants's actions have caused Plaintiffs to lose business that would have resulted from being called to perform a removal, including profits form the provision of funeral services and the sale of related goods, as well as the opportunity to establish a multi-generational relationship

with a family and provide follow-on services. Plaintiffs have also been deprived of opportunities to perform services for the community.  Answering further, Plaintiffs state that as a result of the misconduct by Defendants they have suffered non-economic damages including mental anguish, emotional pain and suffering, humiliation, and degradation in an amount to be determined at trial. While Plaintiffs are not able at this time to quantify the full extent of their damages, Plaintiffs estimate that collectively they have lost $3,000,000 in revenue that would have been realized from removals alone, if the Defendants had not, for 20 years, directed more than 1,000 removals per year away from their businesses and to white-owned homes. Plaintiffs would have charged $150 for each of the more than 1,000 removals per year for 20 years.  Plaintiffs further estimate that they have lost millions each year as a consequence of the Defendants' decisions to direct funeral customers away from them. The vast majority of the more than 1,000 removals result in an average of thousands of dollars from burial, cremation, funeral services, and the sale of other goods and services to the family of the deceased. At a profit margin between 30% and 40%, Plaintiffs' businesses lose millions of dollars in profit per year.  This dollar amount is illustrative and does not represent an estimate of Plaintiffs' total damages, economic or otherwise. Answering further, Plaintiffs direct Defendants to the business records of Plaintiffs produced in this litigation.  Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 14</u>

Please state or identify each and every person you contend may or will testify to each and every fact or basis or evidence you contend supports your allegation that "the

Defendants have caused serious damage to Plaintiffs. In a business that survives on reputation and word-of-mouth referrals, each lost chance to serve has far-reaching financial consequences."

ANSWER:    Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object to the extent that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or one or more other privileges.  In addition, Plaintiffs object that they have not yet determined which if any witnesses they will call at trial and will disclose that information  on the schedule set by the Court.   Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their interrogatories numbered 4 and 13, above, which Plaintiffs expressly incorporate here by reference. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 15</u>

Please state or identify specifically each and every fact or basis or evidence you contend supports any allegation(s) of your Complaint or any Amendment thereto.

ANSWER:    Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object to the extent that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or one or more other privileges.  Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their responses to interrogatories numbered 2-5, 8, 11, 13, 17, 18, and 23-29, above and below, which Plaintiffs expressly incorporate here by reference, as well as documents exchanged between the parties, other discovery responses, and the parties' Rule

15

26(a) disclosures. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 16</u>

Please state or identify each and every person you contend may or will testify to each and every fact or basis or evidence you contend supports any allegation(s) of your Complaint or any Amendment thereto.

ANSWER:   Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object to the extent that this interrogatory calls for information protected by the attorney-client privilege, the work product doctrine, or one or more other privileges.  In addition, Plaintiffs object that they have not yet determined which if any witnesses they will call at trial and will disclose that information on the schedule set by the Court.  Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their response to interrogatory number 15 above.  Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 17</u>

Please identify any and all facilities from which you have operated since 1996 and for each such facility provide the following information:

    a.    Any cold storage or coolers located therein and the date of installation for the storage of deceased persons or bodies;

    b.    Any cremation equipment located therein and the date of installation for the cremation of deceased persons or bodies.

    c.    Any autopsy facilities located therein and the date of installation for autopsies on deceased persons or bodies.

16

ANSWER:    Plaintiffs object to this interrogatory as overbroad and unduly burdensome, and as vague and ambiguous in that the terms "cold storage" and "autopsy facilities" are undefined. Subject to and without waiving the foregoing objections, Plaintiffs state as follows:  Plaintiff businesses all offer cremation and cold-storage services and  have either maintained or had consistent access to  cold storage, autopsy, and crematory facilities whenever needed.

1.    Lockett's-Williams' Funeral Home has operated out of 2018 31st Avenue in Gulfport since approximately 1996.  Since 1997, the facility at 2018 31st Avenue has had a prep room where an autopsy could be performed.

2.    Richmond August Funeral Home has operated out of two locations since 2011.  They have operated from 189 Main Street, Biloxi, Mississippi.  That facility had a prep room with an air-conditioning unit.  They currently operate out of 184 Main Street which has a prep room that can be used for autopsy.

3.    Hartwell & Family Mortuary operates out of 2400 and 2402 33rd Avenue in Gulfport.  That facility had a cooler installed in October of 2016 that can hold up to 12 bodies. It also has a prep room that is suitable for an autopsy.

4.    J.T. Hall Funeral Home operates out of 1906 31st Avenue in Gulfport, Mississippi, where they have had cold storage large enough for five sets of remains since 1979. The facility also has a prep room where an autopsy can be performed.  The business also operated a chapel on Washington Avenue in Bay St. Louis which was destroyed in Hurricane Katrina.

5.    Anthony and Gina Marshall have operated out of 825 Division Street, Biloxi.

17

Mississippi, where they have a prep room suitable for autopsy. The Marshalls also recently opened a facility at 234 Veterans Blvd, Biloxi, Mississippi, where they have a three person cooler and a crematory, both installed in 2015, and a prep room suitable for autopsy.

6.     Dickey Brothers Memorial Funeral Home operates out of 255 Delauney Street in Biloxi, Mississippi.  The facility has a prep room where an autopsy could be performed.

Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 18

Please identify specifically and separately each and every occasion, "Defendant HARGROVE claimed to Plaintiffs that Defendants were using such a system to assign Harrison County business" and/or identify specifically and separately each and every statements were false and Defendant HARGROVE knew them to be false including the date and identity of any person(s) present at the time or with whom and how such claim or false statement was made.

ANSWER:   Plaintiffs object to this interrogatory on the ground that it is overbroad and unduly burdensome.  Plaintiffs also object that this interrogatory calls for information already within the knowledge of Defendants or more readily accessible to them than to Plaintiffs.   Subject to and without waiving the foregoing objections, Plaintiffs direct Defendants to Plaintiffs' answer to interrogatory no. 3, above, which Plaintiffs expressly incorporate here by reference. Plaintiffs' investigation into this matter continues and they

reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 19</u>

Please identify each and every "member" of the Board of Supervisors, you contend, Defendant HARGROVE…."told individual members of Defendant the BOARD OF SUPERVISORS and others that he does not think that it is "proper" for a white decedent to be sent to a black-owned funeral home, including Plaintiffs. He has expressed the view that white families would not want their loved ones' remains handled by African-American funeral directors as a justification for his discrimination." And for each such member stated:

    a.    The date of he allegedly "told" such to each member;
    b.    Who was present during the time such was "told";
    c.    Whether you were present or not and if not how you know of such.

ANSWER:   Plaintiffs object to this interrogatory on the ground that it is overbroad and unduly burdensome and that it calls for information already in the possession of Defendants.   Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to their answer to interrogatory no. 3. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 20</u>

Please state specifically all damages claimed by you and itemize your claim(s) of damages, including but not limited to your "loss of business, revenue, profits, wages, money, opportunities to work, opportunities to engage in contracts, future prospects for employment, business, and business relationships, reputational harms, mental anguish,

humiliation, degradation, emotional pain and suffering, as well as other damages" you claim in this action.

ANSWER:   Plaintiffs direct the Defendants to their objections and response to interrogatory number 13, above, which Plaintiffs expressly incorporate here by reference. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 22</u>

Please identify any financial institution to which you applied or obtained any loan from  1996 until the present date?

ANSWER:    Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs further object because this interrogatory seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses in this case.  Any loans that Plaintiffs or their businesses may have sought or received are not relevant to any claim or defense in this litigation.

<u>INTERROGATORY NO. 23</u>

In  chronological  order,  please  identify  each  and  every  person  for  whom  you provided  funeral services, including, the date, their full name, last known address, his/her race, and the  total amount paid to you for such services from 1996 until the present date?

ANSWER:    Plaintiffs  object  to  this  interrogatory  as  overbroad  and  unduly burdensome.  Subject to and without waiving the foregoing objections, Plaintiffs state that

they do not presently recall each person to whom they provided funeral services over the last 20 years. Answering further, Plaintiffs direct Defendants to the business and government records produced in by the parties in this litigation. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 24

Identify each and every physician, chiropractor, psychologist, psychiatrist, physical therapist, nurse, pharmacist, and any other medical provider who has treated you and/or prescribed and dispensed medication to you from January 1, 1996 to the present date, including but not limited to treatment for mental anguish, humiliation, degradation, emotional pain and suffering?

ANSWER:   Plaintiffs object that this interrogatory because it calls for information protected from disclosure by one or more statutory or common-law privileges and/or by statute. Plaintiffs object further because the interrogatory is overly broad and unduly burdensome, harassing, an invasion of privacy, and seeks the disclosure of wholly irrelevant information. Plaintiffs have not put their medical or mental health history at issue in this litigation such that they have waived any privileges or privacy interests in this information.  Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 25

Please state, in detail, each and every item of alleged damages you claimed of sustained as a proximate result of the allegations of your Complaint or any amendment

thereto, including the amount of such alleged damages, how such alleged damages were calculated and identities of any person or entity who participated determining such.

ANSWER:    Plaintiffs object to this interrogatory as premature. Plaintiffs have not completed an assessment of their damages in this case, they plan to, and they will update this interrogatory response accordingly. Subject to and without waving that objection, Plaintiffs refer Defendants to their objections and response to interrogatory number 13, above, which Plaintiffs express incorporate here by reference. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## INTERROGATORY NO. 26

Do you have any license(s) issued by the State of Mississippi or any other governmental entity necessary to operate or work in a funeral home?  If so, please state the following:

a.    Identify the agency issuing each such license;
b.    The date each such license was issued;
c.    Whether each such license(s) has ever been suspended or revoked;
d.    Whether each such license(s) is currently valid.

ANSWER:    Plaintiffs object to this interrogatory on the ground that it seeks information that is already in the possession of Defendants and is publicly available. Subject to and without waiving the foregoing objections, Plaintiffs state that they have all necessary licenses to operate their businesses and provide the services they offer. Answering further, Plaintiffs refer Defendants to the copies of such licenses that have been produced and will be produced in this litigation. Plaintiffs' investigation into this

matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 27</u>

Have you provided or do you provide Pre Need, and/or Pre Planning and/or Pre arrangement benefits, plans or policies and/or are you a "preneed provider" to customers or potential customers of your funeral home or business? If so, please state the following  separately for each year 1996 until the present date:

      a.    Whether you file annual reports with the Secretary of State;
      b.    The dollar amount of Pre Need, and/or Pre Planning and/or Pre arrangement benefits, plans or policies sold for;
      c.    Identify each and every person whose Pre Need, and/or Pre Planning and/or Pre arrangement benefits, plans or policies were utilized.

ANSWER:   Plaintiffs object to this interrogatory on the ground that it is overbroad and unduly burdensome. Plaintiffs further object because this interrogatory seeks irrelevant information that is not calculated to lead to the discovery of admissible evidence and is not proportional to the claims and defenses in this case. Subject to and without waiving the foregoing objections, Plaintiffs state that Lockett's-Williams' Funeral Home, J.T. Hall Funeral Home, Richmond-August Funeral Home, and Anthony and Gina Marshall provide services of this type.   Dickey Brothers Memorial Funeral Home and Pamela Dickey are registered with the Secretary of State to provide such services, but have not yet entered into any contracts. Hartwell & Family Funeral Home does not provide these services. Answering further, Plaintiffs refer Defendants to the business records produced in this litigation.

INTERROGATORY NO. 28

23

Please identify each and every person or decedent you allege the Defendant, Gary Hargrove, "directed…to white-owned funeral homes", including but not limited to limited to the date you contend each such "direction" occurred and for each person or decedent identified please state the following:

    a.    The identity of any person who has knowledge of each such instance;

    b.    Identify any evidence or documents that you contend support such.

ANSWER:   Plaintiffs object to this interrogatory as overbroad and unduly burdensome. Plaintiffs object further because this interrogatory calls for information largely or exclusively in the possession of the Defendants. In addition, Plaintiffs object that this interrogatory is being propounded at the outset of discovery without complete discovery responses from Defendants, and Plaintiffs are not able to provide the information requested.  Subject to and without waiving the foregoing objections, Plaintiffs direct Defendants to the public records produced in this litigation. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

<u>INTERROGATORY NO. 29</u>

Please identify all persons or decedents you allege were "cremations and burials  directed by public officials have occurred at the facilities of Riemann and O'Keefe, including  but not limited to the date you contend each such "direction" occurred and for each person or  decedent identified please state the following:

    a.    The identity of any person who has knowledge of each such instance;

    b.    Identify any evidence or documents that you contend support such.

ANSWER:    Plaintiffs direct the Defendants to their objections and response to interrogatory number 28, above, which Plaintiffs expressly incorporate here by reference. Plaintiffs' investigation into this matter continues and they reserve their right to supplement this response as discovery continues.

## CERTIFICATE OF SERVICE

I, Gretchen E. Helfrich, an attorney, do hereby certify that I have on this date served Plaintiffs' Responses to Defendants Harrison County and the Harrison County Board of Supervisors' First Set of Interrogatories to all counsel of record via electronic service.

This 13th Day of January, 2017.

/s/ Gretchen E. Helfrich
Gretchen E. Helfrich

## VERIFICATION

I, Anthony Marshall, have reviewed the foregoing DEFENDANTS

HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS'

FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the

answers are true and correct to the best of my knowledge.

_1/11/2017_____
DATE

_____
ANTHONY MARSHALL

## VERIFICATION

I, Dickey Brothers Memorial Funeral Home, LLC, have reviewed the foregoing

DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF

SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that

the answers are true and correct to the best of my knowledge.

_1-10-17_
DATE

_Pamela M. Dickey_
DICKEY BROTHERS MEMORIAL FUNERAL HOME, LLC

## <u>VERIFICATION</u>

I, Eddie Hartwell, have reviewed the foregoing DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct to the best of my knowledge.


_1/11/2017_____
DATE

_____
EDDIE HARTWELL

## VERIFICATION

I, Gina Marshall, have reviewed the foregoing DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct to the best of my knowledge.

_1/11/17_
DATE

_Gina Marshall_
GINA MARSHALL

## **VERIFICATION**

I, Hartwell & Family Funeral Home, LLC, have reviewed the foregoing

DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF

SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify

that the answers are true and correct to the best of my knowledge.


_____          _____
DATE                              HARTWELL & FAMILY FUNERAL HOME, LLC

## VERIFICATION

I, Helen Evans, have reviewed the foregoing DEFENDANTS HARRISON

COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF

INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and

correct to the best of my knowledge.


January 11, 2017

DATE                                           HELEN EVANS

## VERIFICATION

I, J.T. Hall Funeral Home, Inc., have reviewed the foregoing DEFENDANTS

HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS'

FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the

answers are true and correct to the best of my knowledge.


January 11, 2017
DATE

J.T. Hall Funeral Home Inc. By Helen
J.T. HALL FUNERAL HOME, INC.

## **VERIFICATION**

I, Pamela Dickey, have reviewed the foregoing DEFENDANTS HARRISON

COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF

INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct

to the best of my knowledge.

$\dfrac{1 = 10 - 17}{\text{DATE}}$

*Pamela Dickey*
PAMELA DICKEY

## VERIFICATION

I, Theodore Williams, have reviewed the foregoing DEFENDANTS

HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS'

FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the

answers are true and correct to the best of my knowledge.


_Jan 11, 2017_
DATE

_Theodore Williams_
THEODORE WILLIAMS

## <u>VERIFICATION</u>

I, Anthony Marshall, have reviewed the foregoing DEFENDANTS

HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS'

FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the

answers are true and correct to the best of my knowledge.


_1/11/2017_____
DATE

_____
ANTHONY MARSHALL

## <u>VERIFICATION</u>

I, Gina Marshall, have reviewed the foregoing DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct to the best of my knowledge.


_____                    _____
DATE                                                                    GINA MARSHALL

## VERIFICATION

I, Helen Evans, have reviewed the foregoing DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct to the best of my knowledge.

January 11, 2017

DATE

Helen Evans

HELEN EVANS

## VERIFICATION

I, J.T. Hall Funeral Home, Inc., have reviewed the foregoing DEFENDANTS

HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS'

FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the

answers are true and correct to the best of my knowledge.


_January 11, 2017_
DATE

J.T. Hall Funeral Home Inc. By Helen
J.T. HALL FUNERAL HOME, INC.

## **VERIFICATION**

I, Pamela Dickey, have reviewed the foregoing DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct to the best of my knowledge.

1=/0 - /7
DATE

*Pamela Dickey*
PAMELA DICKEY

## **VERIFICATION**

I, Dickey Brothers Memorial Funeral Home, LLC, have reviewed the foregoing

DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF

SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that

the answers are true and correct to the best of my knowledge.

/- 10 - / 7

DATE          DICKEY BROTHERS MEMORIAL FUNERAL HOME, LLC

## __VERIFICATION__

I, Eddie Hartwell, have reviewed the foregoing DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the answers are true and correct to the best of my knowledge.


_1/11/2017_
DATE

_Eddie Hartwell_
EDDIE HARTWELL

## __VERIFICATION__

I, Hartwell & Family Funeral Home, LLC, have reviewed the foregoing

DEFENDANTS HARRISON COUNTY AND HARRISON COUNTY BOARD OF

SUPERVISORS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify

that the answers are true and correct to the best of my knowledge.


_____                      _____
DATE                                                 HARTWELL & FAMILY FUNERAL HOME, LLC

## VERIFICATION

I, Theodore Williams, have reviewed the foregoing DEFENDANTS

HARRISON COUNTY AND HARRISON COUNTY BOARD OF SUPERVISORS'

FIRST SET OF INTERROGATORIES TO PLAINTIFFS and verify that the

answers are true and correct to the best of my knowledge.


___Jan 11, 2017___          ___Theodore Will___
DATE                              THEODORE WILLIAMS