IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THEODORE WILLIAMS et al.                                                    PLAINTIFFS

v.                                            CIVIL ACTION NO. 1:16-CV-266-KS-MTP

GARY HARGROVE et al.                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [142] filed by Defendant Gary Hargrove ("Hargrove"),[1] and the Motion to Strike Defendants' Untimely Expert Disclosure ("Motion to Strike") [153] filed by Plaintiffs Theodore Williams, Lockett Williams Mortuary, Inc., Ricky August, Lasha August, Jonathan August, Richmond-August Funeral Home, Inc., Eddie Hartwell, Hartwell & Family Funeral Home, LLC, Anthony Marshall, Gina Marshall, Marshall Funeral Home, Pamela Dickey, Dickey Brothers Memorial Funeral Home, LLC, Helen Evans, and J.T. Hall Funeral Home, Inc. (collectively "Plaintiffs").   After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following that Hargrove's Motion for Summary Judgment [142] should be granted in part and denied in part.  The Court further finds that Plaintiffs' Motion to Strike [153] is not well taken and should be denied.

## I.  BACKGROUND

Plaintiffs are a group of funeral homes and their owners, all of whom are black and located in Harrison County.  On July 18, 2016, Plaintiffs brought this action against Defendants Hargrove, Harrison County Board of Supervisors (the "Board"), and Harrison County, Mississippi (the "County") (collectively "Defendants"), alleging that Defendants discriminated against them by

---

[1] Though motion and accompanying memorandum state that it is brought by all Defendants, this motion was filed only by Hargrove and only his claims are discussed in any detail.  The Court assumes, then, that the County and the Board are not a party to the motion.

favoring the services of white-owned funeral homes over them. They bring federal claims under Title VI and 42 U.S.C. §§ 1981 and 1983, as well as multiple state law claims.

## II.  MOTION FOR SUMMARY JUDGMENT [142]

### A.  Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."

*Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).   Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**B.      §1983 Claims**

**1.      Hargrove in his Official Capacity**

The claims against a government officer in his official capacity are equivalent to claim against the government entity itself.  *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (citing *Flores v. Cameron Cnty., Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)).[2]   Because the County is also named as a defendant, the claims against Hargrove in his official capacity are duplicative and redundant.  The Motion for Summary Judgment [143] will be **granted** as to these claims, and they will therefore be **dismissed with prejudice**.

**2.      Hargrove in his Individual Capacity[3]**

Plaintiffs argue that Hargrove violated their constitutional right to equal protection and bring a claim under § 1983 for this violation.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 411 (5th Cir. 2015) (quoting *Filarsky v. Delia*, 566 U.S. 377, 383, 132 S. Ct. 1657, 182 L.Ed.2d 662 (2012)).  Plaintiffs claim that Hargrove

---

[2] Hargrove's attorney cites this case for a block quotation located on page 20 of his memorandum.  Though he is correct in the general principle embodied in it, this quotation is not found in *Castro Romero*, or in any Fifth Circuit opinion the Court could find.  Attorney is advised to attribute quotations to the correct case citation in the future.
[3] In a brief paragraph near the end of his Memorandum in Support, Hargrove argues that he is entitled to qualified immunity because his actions were objectively reasonablE in light of Miss. Code. Ann. §§ 73-11-58 and 41-39-5.  The Court assumes this is aimed at the § 1983 claim against him.  Qualified immunity for § 1983, however, requires a defendant's actions to be objectively reasonable in light of the clearly established *federal* constitutional rights of the plaintiff.  Mississippi state law is not applicable to the analysis.

discriminated against them in violation of the Equal Protection Clause by treating white-owned funeral homes more favorably.  In order to survive summary judgment on this claim, Plaintiffs must adduce evidence that (1) they "received treatment different from that received by similarly situated individuals" and (2) that "the unequal treatment stemmed from a discriminatory intent." *Fennell*, 804 F.3d at 412 (quoting *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004)). "To establish discriminatory intent, [Plaintiffs] must show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group."  *Id.* (quoting *Priester*, 354 F.3d at 424) (internal quotations omitted).  Plaintiffs therefore must establish that Hargrove treated them differently than their white counterparts, and that this difference was in part the result of Hargrove's intent to discriminate based on race.

Plaintiffs must first show that there is evidence that they were treated differently than white-owned funeral homes.  Plaintiffs have submitted their own deposition testimony, stating that Hargrove never called them to pick up a white body when he had a choice.  (*See* Hartwell Depo. [158-2] at 93:1-8; Anthony Marshall Depo. [158-5] at 60:1-4, 68:12-15; Gina Marshall Depo. [158-9] at 92:7-19.)  Plaintiffs were also rarely called upon for other assignments such as autopsies, transportation, burials, cremations, or storage, insofar as those tasks were not in control of the families of the deceased, and were never involved in services the County provided for indigents. (*See* Hartwell Depo. [158-2] at 28:11-29-1; Ricky August Depo. [158-4] at 87:10-12, 194:16-24; Anthony Marshall [158-5] at 66:20- 67:7, 129:18-19; Lasha August [158-8] at 42:22-23, 61:14-16; Gina Marshall [158-9] at 31:9-12.)  Furthermore, Plaintiffs have presented affidavit testimony that there was at least one instance where Hargrove attempted to have a body removed by a white-owned funeral home despite the deceased's family requesting Plaintiff Lockett Williams.  (*See*

4

Barnes Affidavit [158-7] at ¶ 13.)  There is some evidence, then, that Hargrove treated white-owned funeral homes differently than black-owned funeral homes.  Because the Court does not weigh or judge the credibility of evidence on summary judgment, this is sufficient for Plaintiffs to survive summary judgment on the first element of their § 1983 claim.  *See Deville*, 567 F.3d at 164 (citing *Turner*, 476 F.3d at 343).

Plaintiffs must also show that there is evidence that Hargrove had a discriminatory intent that drove him to treat them differently than white-owned funeral homes.  Gina Marshall testified at her deposition that Hargrove himself told her that "white bodies go to the white funeral homes, and black bodies go to the black funeral home [sic]" and that "it would be improper to send a white body to a black funeral home."  (Gina Marshall Depo. [158-9] at 174:8-13.)  Hargrove explained to Marshall that "a white person wouldn't want their mother laying in the back room next to a black man."  (*Id.* at 15-17.)  Because the Court neither weighs nor judges the credibility of evidence at the summary judgment phase, these statements[4] are sufficient for the Plaintiffs to survive summary judgment as to whether Hargrove had a discriminatory intent.[5]  *See Deville*, 567 F.3d at 164 (citing *Turner*, 476 F.3d at 343).  Therefore, because Plaintiffs have met their burden on both elements of their § 1983 claim, the Court will **deny** Hargrove's Motion for Summary Judgment [142] with respect to this claim against him in his individual capacity.

C.      § 1981 Claim

"[P]urposeful discrimination that violates the Equal Protection Clause of the Fourteenth Amendment will also violate § 1981."  *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23, 123 S. Ct. 2411,

---

[4] These statements are not hearsay under Federal Rule of Evidence 801, which exempts opposing party's statements from the definition of hearsay.  *See* Fed. R. Evid. 801(d)(2).

[5] The other, non-discriminatory explanations for why Hargrove chose other funeral homes over the Plaintiffs is evidence against this discriminatory intent, but the Court does not weigh that evidence against the evidence presented by Plaintiffs.

156 L.Ed.2d 257 (2003) (citing *Gen. Bldg. Constrators Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 389-90, 102 S. Ct. 3141, 73 L.Ed.2d 835 (1982)).  Because Plaintiffs have produced enough evidence to survive summary judgment on their Equal Protection claim, they also survive on their § 1981 claim.  Hargrove's motion will be **denied** as to this claim.

      **D.**    **Title VI Claim**

"[D]iscrimination that violations the Equal Protection Clause of the Fourteenth Amendment committed by an institution that accepts federal funds also constitutes a violation of Title VI." *Gratz*, 539 U.S. at 276 n.23, 123 S. Ct. 2411 (citations omitted).  Hargrove admitted in his deposition that the coroner's office had received federal funding in the past, and he makes no argument now that those funds are not sufficient to satisfy a Title VI claim.  (*See* Hargrove Depo. [158-11] at 155:9-157:17.)  Therefore, because Plaintiffs have adduced enough evidence for their Equal Protection claim to go forward, summary judgment must be **denied** as to this claim as well.

      **E.**    **State Law Claims**

Hargrove claims that he is entitled to immunity for the state law claims against him under the Mississippi Tort Claims Act ("MTCA").  Specifically, he states that he was acting in good faith reliance on a statute and performing a discretionary function.  His argument for MTCA immunity consists of two conclusory sentences that do not establish his entitlement to immunity.  At the very least there seems to be a dispute as to whether Hargrove's duties were "discretionary," particularly when the state statutes, Miss. Code Ann. §§ 41-39-5 and 73-11-58, Hargrove contends he relied on impose some of the relevant duties as a requirement.  Because Hargrove has not established that he is entitled to this immunity, the Court will analyze each state law claim against him.

### 1.   Violation of Mississippi Constitution

Plaintiffs bring a claim against Hargrove for violation of their due process and equal protection rights under Article III, Section 14 of the Mississippi Constitution.  Hargrove summarily states that "there is no evidence of deprivation of the Plaintiff's [sic] rights."  (Memo. in Support [144] at p. 23.)  The burden to show that summary judgment is warranted rests on the movant. This cursory argument is insufficient to do so, and Hargrove's motion will therefore be **denied** as to this claim.

### 2.   Miss. Code Ann. § 41-61-63

Likewise, Hargrove makes no attempt to address the elements of Plaintiffs' § 41-61-63 claim and show why it is "without merit."  (Memo. in Support [14] at p. 24.)  Summary judgment will be **denied** as to this claim as well.

### 3.   Implied Breach of Contract

As Hargrove points out, Miss. Code Ann. § 11-46-3(1) provides immunity for the state and its political subdivisions for "breach of implied term or condition of any warranty or contract." The Harrison County Coroner's Office is a political subdivision of the state and the alleged implied contract was with Hargrove in his capacity as coroner.  This immunity therefore applies and summary judgment will be **granted** as to this claim.

### 4.   Tortious Breach of Contract

In interpreting § 11-46-3(1), the Mississippi Supreme Court has held that it provides immunity for tortious breaches of contract.  *Springer v. Ausbern Constr. Co., Inc.*, --- So.3d ---, ¶ 24 (Miss. 2017) (quoting *Whiting v. Univ. of S. Miss.*, 62 So.3d 907, 916 (Miss. 2011)). Therefore, summary judgment will be **granted** as to this claim as well.

### 5.     Fraud in the Inducement

Hargrove argues that Plaintiffs' fraud in the inducement claim must fail because there is no contract.  While the Court suspects that the implied contract as alleged in the Amended Complaint [42] does not meet the requirements of a contract, Hargrove has not addressed this issue, other than to summarily state that there is no existing contract.  As it is Hargrove's burden as the movant to establish that he is entitled to summary judgment, the Court will **deny** his motion as to this claim.

### 6.     Intentional or Reckless Infliction of Emotional Distress

Hargrove contends that Plaintiffs have "no evidence supporting the claim of negligent infliction of emotional distress," but makes no mention of the intentional or reckless infliction of emotional distress claim actually brought in the Amended Complaint [42].  (Memo. in Support [144] at p. 24.)  Therefore, summary judgment will be **denied** as to this claim.

### 7.     Negligent or Willful and Wanton Conduct

Hargrove concludes that Plaintiffs' claim of negligent or willful and wanton conduct is "without any basis" without giving the Court any further argument.  (Memo. in Support [144] at p. 24.)  Without more, the Court cannot grant summary judgment on this claim and will **deny** Hargrove's motion with respect to this claim.

### 8.     Civil Conspiracy

Hargrove states that the claim of civil conspiracy must be dismissed because he was "faithfully complying with state law as to the right of the family to select a particular funeral home" and not fulfilling an "unlawful purpose."  (Memo. in Support [144] at p. 25.)  Because the Court has found that there is evidence in the record that Hargrove may have been illegally discriminating

against Plaintiffs, it cannot take this conclusory statement as true and must **deny** summary judgment as to this claim.

### 9. *Respondeat Superior*

Although this is a theory of liability and *not* an independent legal claim, the Court will allow it to remain pending as Hargrove wholly fails to address it in his motion. Summary judgment will be **denied** as to this claim.

## IV.  MOTION TO STRIKE [153]

Plaintiffs argue that the Supplemental Affidavit of Defendants' expert, Dr. Chester I. Palmer, must be struck because it was untimely disclosed. Discovery concluded on October 2, 2017. On that day, at 4:43 P.M., Plaintiffs submitted a Second Supplemental Expert Report of their expert, Dr. Richard T. Campbell. According to Defendants, this new Campbell report contradicted his sworn testimony and necessitated a rebuttal by Palmer. The next morning, at 8:56 A.M., Plaintiffs received the affidavit they now wish to have struck. Plaintiffs' main contention is that Palmer's supplement includes a review of the coroner files which he had not included in his previous report. Defendants, however, argue that the coroner files were only included to rebut Campbell's assertion, which contradicted his sworn testimony, that he had reviewed the coroner files and found the spreadsheets on which they were based to be accurate.

Federal Rule of Civil Procedure 37 (c)[6] states that, where a party fails to disclose discovery required by Rule 26(e), which includes supplemental expert disclosures, they may not use the information contained therein "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Defendants'

---

[6] Plaintiffs criticize Defendants for failing to cite to authority in their responses when they themselves completely fail to cite to the rule which provides the authority for the Court to strike untimely disclosure. Nevertheless, Rule 37(c) provides the proper basis for the Court's analysis.

supplement was justified in that it sought to answer a last-minute supplement of Plaintiffs' expert that contradicted sworn testimony and was essentially harmless as it was disclosed roughly nine hours after discovery closed.  As such, Plaintiffs' Motion to Strike [153] will be **denied**.

## V.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Hargrove's Motion for Summary Judgment [142] is **granted in part** and **denied in part**.

It is **granted** in that the following claims against Hargrove are **dismissed with prejudice**: the § 1983 claim against Hargrove in his official capacity, breach of implied contract, and tortious breach of contract.

It is **denied** in that all other claims against Hargrove remain pending.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike [153] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 5th day of January, 2018.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE