# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THEODORE WILLIAMS et al.**                                                          **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 1:16-CV-266-KS-MTP**

**GARY HARGROVE et al.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on various motions *in limine* filed by the parties. After considering the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. the Motion *in Limine* No. 1 [203] is not well taken and should be denied;

2. the Motion *in Limine* No. 2 [205] is not well taken and should be denied;

3. the Motion *in Limine* No. 3 [207] is not well taken and should be denied;

4. the Motion *in Limine* No. 4 [209] is not well taken and should be denied;

5. the Motion *in Limine* No. 5 [211] is not well taken and should be denied;

6. the Motion *in Limine* No. 6 [213] is well taken and should be granted;

7. the Motion *in Limine* No. 7 [215] is not well taken and should be denied;

8. the Motion *in Limine* No. 8 [217] is not well taken and should be denied;

9. the Motion *in Limine* No. 9 [219][220][1] should be granted in part and denied in part;

10. the Motion *in Limine* No. 10 [222] is not well taken and should be denied;

11. the Motion *in Limine* No. 11 [224] is well taken and should be granted;

12. the Motion *in Limine* No. 12 [226] is well taken and should be granted;

---

[1] Originally filed as Docket Entry 219 and correct in Docket Entry 220.

13. the Motion *in Limine* No. 13 [228] is not well taken and should be denied;

14. the Motion *in Limine* No. 14 [230] is well taken and should be granted;

15. the Motion *in Limine* No. 15 [232] has been rendered moot and should be denied;

16. the Motion *in Limine* No. 16 [234] is not well taken and should be denied; and

17. the Motion *in Limine* [244] is should be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Theodore Williams, Lockett Williams Mortuary, Inc., Ricky August, Lasha August, Jonathan August, Richmond-August Funeral Home, Inc., Eddie Hartwell, Hartwell & Family Funeral Home, LLC, Anthony Marshall, Gina Marshall, Marshall Funeral Home, Pamela Dickey, Dickey Brothers Memorial Funeral Home, LLC, Helen Evans, and J.T. Hall Funeral Home, Inc. (collectively "Plaintiffs") are a group of funeral homes and their owners, all of whom are black and located in Harrison County. On July 18, 2016, Plaintiffs brought this action against Defendants Gary Hargrove ("Hargrove"), Harrison County Board of Supervisors (the "Board"), and Harrison County, Mississippi (the "County") (collectively "Defendants"), alleging that Defendants discriminated against them by favoring the services of white-owned funeral homes over them. They bring federal claims under Title VI and 42 U.S.C. §§ 1981 and 1983, as well as multiple state law claims.

## II. DISCUSSION

### A. Motion *in Limine* No. 1 [203]

Plaintiffs argue that Defendants should be precluded from offering any race-neutral reason for Hargrove's actions at trial that were not disclosed in discovery. Because this request is broad, the Court is hesitant to grant it. Of course, Defendants will be precluded from offering evidence that should have been disclosed to Plaintiffs. However, a more specific ruling such as the one

requested by Plaintiffs is premature at this stage, as no specific undisclosed race-neutral reason has been identified. The Court will therefore **deny** this motion. This issue may be raised again in more specificity at the appropriate time at trial.

### B. Motion *in Limine* No. 2 [205]

In their Motion *in Limine* No. 2 [205], Plaintiffs request that the 5,821 Coroner Files at issue in this case be admitted electronically into the record. This request poses a logistical problem for the Court, as all exhibits admitted into evidence go with the jury into the jury room during deliberations, which requires physical copies be available. While parties are welcome and encouraged to utilize the technology in the courtroom to present their exhibits electronically at trial, physical copies are needed for the jury to utilize during deliberations. Therefore, this motion will be **denied**.

### C. Motion *in Limine* No. 3 [207]

Plaintiffs argue that the spreadsheets analyzing the Coroner's Files, prepared by their attorneys' law firm, should be admissible as summary charts under F.R.E. 1006. Plaintiffs also represent to the Court that they "have reviewed every single Fifth Circuit decision citing Rule 1006, and not a single decision mandates as a precondition to admission a chart preparer be produced to testify." (Memo. in Support [208] at pp. 12-13). The Court, however, found five Fifth Circuit decisions, four published and one unpublished, mandating that the chart preparer be available for cross-examination. *See United States v. Chivers*, 488 F.App'x 782 (5th Cir. 2012); *United States v. Bishop*, 264 F.3d 535 (5th Cir. 2001); *United States v. Goodwin*, 470 F.2d 893 (5th Cir. 1972); *Gordon v. United States*, 438 F.2d 858 (5th Cir. 1971); *McDaniel v. United States*, 343 F.2d 785 (5th Cir. 1965).

> Summary charts in particular are admissible when (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the

charts is available for the other side for comparison so that the correctness of the summary may be tested, (3) ***the chart preparer is available for cross-examination***, and (4) the jury is properly instructed concerning use of the charts.

*Bishop*, 264 F.3d at 547 (citations omitted)(emphasis added); *see also Chivers,* 488 F.App'x at 785, *Goodwin*, 470 F.2d at 899, *McDaniel*, 343 F.2d at 789. The Fifth Circuit has held that "the better practice [in admitting summary charts into evidence] is to require that the primary evidence be available to the opposing party and to afford a reasonable opportunity for comparison in order that the correctness of the summary ***may be tested on cross-examination***." *Gordon*, 438 F.2d at 876-77 (citing *Cooper v. United States*, 91 F.2d 195, 198 (5th Cir. 1937)) (emphasis added).

Plaintiffs do not put forward any chart preparer that would be available for cross-examination in their motion. In their response to Defendants' Motion *in Limine* [244], however, Plaintiffs propose putting Katie Roche, one of the Plaintiffs' attorneys of record, on the stand to testify as the one who oversaw the preparation of the chart. Mississippi Rule of Professional Conduct 3.7 prohibits lawyers from testifying at trial as a witness in a case where they are also acting as an advocate. Plaintiffs attempt to argue that Ms. Roche will not be "an advocate at trial" because she is not lead counsel and will not be "trying the case," but the Court does not find this to be convincing where she is still an attorney of record in this case and has been involved in the action since her *pro hac vice* admission in July 2017. This Court cannot allow one of Plaintiffs' attorneys to testify as the preparer of these spreadsheets, and must exclude them as inadmissible without an available chart preparer. *See United States v. Solvay*, Civil Action H-06-2662, 2016 WL 1258401, at *13 (S.D. Tex. Mar. 31, 2016) ("[E]ven if the underlying data were admissible, the summary charts are not admissible because they were apparently prepared by Relators' lead counsel, who cannot serve as the proponent of the charts at trial.").

While the Court understands that summary chart would make the evidence easier to present to the jury, the Court is bound by Fifth Circuit precedent and its own fair administration of justice

to ensure that the rules of evidence are properly applied. The underlying evidence is still available to Plaintiffs to make their case, and the Court sees no compelling reason to deviate from the Fifth Circuit precedents involving F.R.E. 1006. This motion will therefore be **denied**.

### D. Motion *in Limine* No. 4 [209]

Plaintiffs argue that statistical evidence as to the deaths and funeral home selections in other counties should be excluded as they are not relevant under F.R.E. 401. In making their arguments, Plaintiffs rely on the elements of their claim that they must prove and make no mention of Defendants' defenses, one of which is that the funeral home selection is due to the choice made by the decedents or their family and friends, made with a preference for their own race. Certainly evidence that the same racial divide occurs in most counties in Mississippi tends to make the idea that it is based on self-selection rather than discrimination by this particular coroner more likely, and there is no question that this is a fact of consequence in this litigation. *See* Fed. R. Evid. 401. Therefore, the Court will **deny** this motion.

### E. Motion *in Limine* No. 5 [211]

Plaintiffs seek to have any evidence concerning the deaths where a coroner's file was not opened excluded as not relevant under F.R.E. 401. Like the cases from outside of the county, Defendants seek to admit this evidence to show that the divide of cases along racial lines can be seen where Hargrove indisputably had no hand in the decision. This evidence is relevant, like the data from outside of the county, because it tends to show that the racial divide is a result of self-selection by the decedents or their family and friends and not the result of discrimination on the part of Hargrove. Therefore, this motion will also be **denied**.

F.      **Motion *in Limine* No. 6 [213]**

In their Motion *in Limine* No. 6 [213], Plaintiffs ask that Defendants be precluded from attempting to offer an expert witness other than Dr. Charles Palmer and that they be precluded from offering undisclosed opinions of Dr. Palmer that were not contained in his original report or his supplement.[2]  Defendants did not respond to this motion.  Because Federal Rule of Civil Procedure 26(a)(2) is clear that all experts must be disclosed, all parties shall be precluded from offering expert witnesses that were not previously disclosed.  Furthermore, Rule 26(a)(2)(B)(i) requires that all opinions and reasons for them be provided in a written report.  Any expert offered at trial will therefore necessarily be limited to those disclosed opinions and reasons.  Therefore, the Court finds that this motion should be **granted**.

G.      **Motion *in Limine* No. 7 [215]**

Plaintiffs ask that Defendants be precluded from making any reference to any crimes, wrong, or other acts of Plaintiffs or non-party witnesses under F.R.E. 404(b).  Though F.R.E. 404(b)(1) generally precludes such evidence, F.R.E. 404(b)(2) provides numerous exceptions.  Without any specific crime, wrong, or other act before the Court, it is impossible to accurately determine whether it would fall under one of these exceptions.  Furthermore, this type of evidence is often admissible as impeachment evidence, which is not required to be disclosed.  Therefore, the Court finds that Plaintiffs' request is too broad and premature and should be **denied**.  Of course, Plaintiffs are free to raise this objection again in more specificity at the proper time at trial.

H.      **Motion *in Limine* No. 8 [217]**

Plaintiffs ask that the Court exclude all testimony as to what Dr. Paul McGarry's autopsy practices were, as such testimony would be hearsay.[3]  The Court does not find this argument to be

---

[2] This supplement was the subject of Plaintiffs' previous Motion to Strike [153], which the Court denied.
[3] Dr. McGarry has since passed away and is not available to testify.

persuasive. First, testimony regarding Dr. McGarry's autopsy practices do not necessarily equate to "statements" made by Dr. McGarry. Hargrove, as the coroner who dealt with Dr. McGarry, is a competent witness with personal knowledge who can testify as to what those practices were without referencing an "oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Second, the operable question is not what the *actual* practices were of Dr. McGarry, but what Hargrove understood those practices to be.[4] Because Plaintiffs have not identified any particular statement that they contend is hearsay and because testimony as to Dr. McGarry's practices are generally admissible as relative so long as the witness can speak from personal knowledge, the Court will **deny** this motion. Plaintiffs will be allowed to raise this argument again with respect to any specific statement they contend to be hearsay at trial.

## I. Motion *in Limine* No. 9 [219][220]

Plaintiffs argue that all evidence of Hargrove's "good character" must be excluded under F.R.E. 404 and 608. Defendants contend that Plaintiffs' claims put Hargrove's character at issue and that they are therefore allowed to introduce character evidence to rebut these claims.

F.R.E. 404 prohibits "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). This rule, however, "does not aply when character is 'at issue' in the case," which occurs when "possession of a particular character trait is an operative fact in determining the legal rights and liabilities of a party." *Koch Foods, Inc. v. Pate Dawson Co., Inc.*, Cause No. 3:16-CV-355-DCB-MTP, 2018 WL 651371, at *5 (S.D. Miss. Jan. 31 2018) (quoting *Crumpton v. Confederation Life Ins. Co.*, 672 F.2d 1248, 1252 (5th Cir. 1982)). Though Defendants argue that this exception

---

[4] If Hargrove subjectively believed that Dr. McGarry would not do autopsies at certain funeral homes, that belief is relative to whether Hargrove had an intention to discriminate against Plaintiffs.

7

applies, the Court is not convinced. Hargrove is accused of discriminating on the basis of race. This cause of action is based on Hargrove's actions and does not make any particular character trait an operative fact. The Court could no more admit evidence of Hargrove's good character under F.R.E. 404(a) than it could admit any hypothetical evidence that he was a racist. It is Hargrove's actions which are at issue, *not* his character or any particular character trait. Therefore, the motion will be **granted** with respect to Plaintiffs' arguments under F.R.E. 404.

However, Plaintiffs' understanding of F.R.E. 608 is too narrow. F.R.E. 608 deals specifically with impeachment. Though they may be correct that they have not attacked Hargrove's reputation for truthfulness yet, should they seek to impeach him at trial and call into question his truthfulness, reputational evidence concerning Hargrove's truthfulness may be allowed. Therefore, the Court will **deny** the motion with respect to Plaintiffs' arguments under F.R.E. 608.

### J.  Motion *in Limine* No. 10 [222]

Plaintiffs contend that Defendants should be precluded from arguing that a negative inference should be drawn from the fact that Plaintiffs have not called certain witnesses. In making their argument, Plaintiffs rely on *United States v. Grant*, 683 F.3d 639. However, the portion of *Grant* cited by Plaintiffs does not refer to arguments pertaining to missing witnesses. *Id.* at 650-51. Instead, it refers to those circumstances in which a district court can properly give a missing witness jury instruction, which, because such an instruction comes from the Court, carries more weight and is set to a higher standard. *Id.*

Defendants have a reasonable discretion to comment on missing evidence in a civil plaintiff's case against them on those issues where the plaintiff bears the burden of producing such evidence. This discretion is not without bounds, but Plaintiffs have not shown that arguments as

8

to the fact that Plaintiffs have not produced any witnesses to testify that Hargrove chose to send their deceased relatives or friends to a particular funeral home against their wishes, are beyond the bounds of what is allowed. Therefore, the Court will **deny** this motion.

### K. Motion *in Limine* No. 11 [224]

Plaintiffs argue that Defendants should be barred from appealing to the jurors' interests as taxpayers. Of course, any appeals to the jurors' interests in this case as taxpayers would be improper and unprofessional. *See United States v. Smyth*, 556 F.2d 1179, 1185 (5th Cir. 1977) ("We view the prosecutor's pitch as an unprofessional and highly improper appeal to the passion and prejudices of the juror."). This is not, as Defendants believe, a complete ban on the word "taxpayer" being used at trial. However, the Court does find it proper to **grant** this motion and find that no party shall be allowed to appeal to the interests of the jurors as taxpayers.

### L. Motion *in Limine* No. 12 [226]

Plaintiffs request that Defendants be barred from referencing the fact that Plaintiffs' attorneys are from out of town. Defendants have made no response to this motion. Finding that such references would be improper, the Court will **grant** this motion.

### M. Motion *in Limine* No. 13 [228]

Plaintiffs contend that Defendants' counsels should be barred from "tag-team" cross-examination. They argue that, though Defendants are separate entities represented by two separate teams of attorneys, the Court should only allow one attorney per witness because Defendants' interests are aligned. The Court will not do this. The Defendants have chosen to hire separate counsel to represent their interests, and each attorney is beholden only to his own client. The fact that Plaintiffs have chosen to hire counsel to represent them jointly is of no consequence. Of course, the Court urges Defendants' attorneys to avoid redundant cross-examination, but it will

9

not interfere with parties' decisions regarding their representation absent extraordinary circumstances. Therefore, the motion will be **denied**.

### N. Motion *in Limine* No. 14 [230]

Parties agree that any non-party witnesses shall be excluded from the courtroom during trial. Therefore, this motion will be **granted**.

### O. Motion *in Limine* No. 15 [232]

Plaintiffs ask that Defendants be barred from referencing *Sheehan v. Daily Racing Form, Inc.*, a case in which their expert, Dr. Richard Campbell, was excluded from testifying. Because this Court has already excluded Dr. Campbell from testifying as an expert in this case, this motion will be **denied as moot**.

### P. Motion *in Limine* No. 16 [234]

Plaintiffs seek to exclude the testimony of numerous coroners from other counties in Mississippi, arguing their testimony would constitute expert testimony and impermissible legal conclusions.[5] "Evidence of a trade or business custom is admissible for the purpose of showing that the custom was following in a particular instance." *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 219 (5th Cir. 1975). The coroners of other counties in Mississippi have first-hand knowledge of the ordinary business customs of the industry. As such, the Court finds that they can properly testify as lay witnesses and that this motion will be **denied**.

---

[5] Plaintiffs introduce many more arguments in their rebuttal to this motion, but arguments presented for the first time in rebuttal are not considered by this Court. See **Error! Main Document Only.***Vais Arms*, *Inc*. *v. Vai*, 383 F.3d 287, 292 (5th Cir. 2004) (quoting S.W. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 545 (5th Cir. 2003)).

Q.   Motion *in Limine* [244][6]

1.   **Plaintiffs' Counsels' 2012-2016 Spreadsheets or Datasets**

Defendants ask that the spreadsheets compiled by Plaintiffs' attorneys be excluded from evidence. For the reasons laid out above, *see supra* Part C, the Court will **grant** Defendants' motion with respect to this issue.

2.   **Autopsies, Pre-Needs Contracts, Hospices, and Nursing Homes**

Defendants argue that the Court should exclude any evidence or argument as to cases involving autopsies, pre-needs contracts, hospices, and nursing homes, as well as any case where a family member was present at the time of death, as Plaintiffs have no evidence that Hargrove had any decision-making authority in those cases. Defendants cite no rule of evidence as to why these broad categories should be excluded, and the Court does not feel such a broad ruling would be appropriate at this stage. Parties are free to introduce any piece of evidence they choose, so long as it is admissible under the Federal Rules of Evidence, and should tailor their arguments to that evidence. If an objection is warranted, parties should raise that at the appropriate time at trial. The motion will be **denied** as to this issue.

3.   **Hargrove's Jurisdiction**

Defendants ask the Court to exclude any argument that, because a case fell within Hargrove's jurisdiction, his office had authority to decide which funeral home received the body. Plaintiffs respond by stating that they are not going to argue that Hargrove had exclusive authority, but they "intend to ask the jury to conclude that in any case where there is not sound, objective

---

[6] Although only entitled to one response to this motion, Plaintiffs' attorneys filed four, which the Court can only assume was done out of fear of exceeding the page limit set by the Court. Because the page limit was not exceeded, though, and in the interest of fairness towards the Plaintiffs themselves, the Court will very reluctantly consider all four Responses [270][271][273][274] filed by their attorneys. Attorneys are warned that, in the future, they are entitled to only one response per motion, no matter how many issues are raised in that motion.

proof that the Coroner did *not* make the decision they should conclude he did exercise some control over the matter." (Response [243] at p. 2.) That is *not* a proper argument for the jury. Plaintiffs are not permitted to shift their burden of proof in such a way that would attribute actions to Hargrove on the basis that there is no evidence that they were not done by him. Plaintiffs have the affirmative burden of production and persuasion to demonstrate that Hargrove acted in a discriminatory manner. This is not satisfied by a showing that there is no proof that he did *not* act in a discriminatory manner. Plaintiffs will not be able to make this argument, and Defendants' motion will be **granted** in this respect.

### 4. Plaintiffs' Coolers

Defendants argue that no evidence exists that any plaintiff other than Marshall's or J.T. Hall's had a cooler capable of storing human remains during the applicable time frame, and that any reference to these non-existent coolers should be excluded. Plaintiffs contend, however, that such evidence does exist. If this evidence exists and was properly disclosed, if warranted, during discovery, the Court sees no reason to exclude it. Therefore, the motion will be **denied** as to this issue.

### 5. Marshall's Cooler

Defendants argue that Plaintiffs should not be permitted to reference or argue that Marshall's possessed or utilized a body cooler prior to 2015, when their new crematory, where their cooler is located, was built. Plaintiffs respond, though, that though Marshall's did not possess a body cooler until 2015, the Marshalls testified in their depositions that they utilized refrigeration offsite prior to then. The Court sees no reason to exclude this testimony, and the motion will be **denied** as to this issue.

### 6. Declaration of Sonya Williams Barnes

Defendants request that the Court exclude from evidence the declaration of Sonya Williams Barnes. Plaintiffs agree that this declaration is inadmissible to prove the truth of the matters it asserts and will not attempt to introduce it as such evidence at trial. However, Plaintiffs argue that it would still potentially be admissible for the purposes of refreshing the Ms. Barnes's recollection or for impeachment purposes. Plaintiffs, however, are mistaken. Writings used to refresh witnesses under F.R.E. 612 are not ordinarily admitted into evidence or shown to the jury. Furthermore, unless Plaintiffs attempt to use this declaration as a prior statement to impeach Ms. Barnes herself under F.R.E. 613, this declaration would not be admissible for impeachment evidence as F.R.E. 608(b) excludes extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). The declaration shall therefore be excluded from evidence, and the motion will be **granted** in this respect.

### 7. William Martin and John Johnson's Alleged Statements

Defendants argue that any statements about Hargrove's discriminatory practices purportedly made by William Martin and John Johnson should be excluded as hearsay under F.R.E 801, irrelevant under F.R.E. 401, and more prejudicial than probative under F.R.E. 403. There is no doubt that statements that Hargrove discriminated based on race while performing the duties of coroner would be relevant under F.R.E. 401, and although prejudicial, such statements would not be so unfairly prejudicial under F.R.E. 403 as to outweigh their probative value. The real question as to the admissibility of these statements is the hearsay question.

Plaintiffs assert that these statements were all made while Mr. Martin and Mr. Johnson were members of the Board, which is a defendant in this case. As such, their statements are

admissions of an opposing party and not hearsay under F.R.E. 801(d)(2)(D), as Mr. Martin and Mr. Johnson were agents of the Board and the statements were made on a matter within the scope of that relationship and while it existed. Fed. R. Evid. 801(d)(2)(D). As long as the statements in question were made during Mr. Martin's and Mr. Johnson's time on the Board and within the scope of their relationship with the Board, the Court finds that they are statements of opposing parties and not hearsay. Therefore, Defendants' motion will be **denied** as to this issue.

### 8. Purported FBI Investigation

Defendants ask the Court to exclude any and all references to a purported FBI investigation of racial discrimination in the Coroner's office. Plaintiffs have not opposed this exclusion, and it will therefore be **granted**.

### 9. Mississippi Tort Claims Act

Defendants request the Court exclude any and all references to evidence or argument that goes exclusively to those state law claims pending against them, as they are non-jury issues. Plaintiffs agree but misread Defendants motion to request exclusion of any reference to state law. Parties are allowed to reference state law insofar as it is relevant to the adjudication of the federal claims pending in this action. However, evidence and argument to the state law claims in this case should not be presented to the jury, and the Court will **grant** Defendants' motion with respect to this issue.[7]

### 10. Declaration of Anne Gottschalk

Defendants argue that the declaration of Anne Gottschalk, a paralegal at Plaintiffs' counsel's firm, in which Ms. Gottschalk states she overheard statements made by John Johnson to

---

[7] It is hard to fathom evidence in this case that would not go to both the federal and state law claims. The Court grants the motion as to this issue primarily because of the parties' agreement, but parties should be mindful of the logistics involved should they identify evidence that goes only to the state law claims, particularly those logistics associated with sending the jury out of the courtroom.

14

Plaintiffs' counsel, should be excluded. Plaintiffs state that they will not seek to introduce the declaration as substantive evidence as they would instead call Ms. Gottschalk to the stand.[8] However, Plaintiffs contend that this declaration would still be admissible as impeachment evidence under F.R.E. 608. However, F.R.E. 608(b) specifically excludes extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). The only instant where this declaration may be used as extrinsic evidence for impeachment purposes is if Plaintiffs intend to use it as a prior statement under F.R.E. 613 to impeach Ms. Gottschalk herself.[9] It could not be used to impeach Mr. Johnson, as Plaintiffs intend, because the declaration itself is *not* a prior statement of his, even if the statements it contains purportedly are. Therefore, Defendants' motion will be **granted** as to this issue, and the declaration will be excluded.

### 11. Conversations between Plaintiffs' Counsel and John Johnson

Defendants argue that all references to statements made by John Johnson to Plaintiffs' counsel should be excluded. Plaintiffs contend that, though their counsel will not be called as a witness to testify as to these statements, they are admissible as non-hearsay opposing party admissions under F.R.E. 801, and as impeachment evidence. The statements' admissibility as opposing party admissions depends on whether Mr. Johnson was a member of the Board at the time the statements were made and if they were made within the scope of his authority as a Board member. The Court cannot rule either way as it does not have that information before it. Therefore, the Court will **deny** the motion as to this issue without prejudice and allow further argument at the proper time at trial.

---

[8] Whether or not Ms. Gottschalk would be permitted, as Plaintiffs' counsel's paralegal, to testify to these statements is a separate question that Defendants do not address in their motion.
[9] Plaintiffs do not argue that they intend to use this declaration to impeach Ms. Gottschalk.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *in Limine* No. 1 [203] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 2 [205] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 3 [207] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 4 [209] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 5 [211] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 6 [213] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 7 [215] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 8 [217] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 9 [219][220] is **granted in part** and **denied in part** as detailed above.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 10 [222] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 11 [224] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 12 [226] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 13 [228] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 14 [230] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 15 [232] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* No. 16 [234] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion *in Limine* [244] is **granted in part** and **denied in part** as outlined above.

SO ORDERED AND ADJUDGED, on this, the 13rd day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE