IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THEODORE WILLAMS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:16-cv-00266-KS-MTP |
| ) | |
| v. ) | Hon. Keith Starrett |
| ) | District Judge |
| GARY HARGROVE, *et al.*, ) | |
| ) | Hon. Michael T. Parker |
| Defendants. ) | Magistrate Judge |
| ) | |
| ) | |

**PLAINTIFFS' MOTION FOR A
CONTINUANCE OF THE TRIAL DATE**

NOW COME Plaintiffs, by their undersigned attorneys, and respectfully move for a continuance of the trial date in order to allow for the further review and presentation of summary charts and statistical evidence that likely will prove crucial to the jury in making its decision in this case.[1] This motion is made in light of this Court's ruling excluding the testimony of the Plaintiffs' statistical expert and yesterday's ruling preventing the supervisor of the Plaintiffs' data project from

---

[1] Statistical evidence is extremely relevant in race-discrimination cases like this one. *See, e.g.*,*Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307-10 (1977) (discussing proper role of statistics in a discrimination suit, and reversing lower court's refusal to consider statistical disparities as prima facie evidence of discrimination); *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000) (claims of disparate impact necessarily relied heavily on statistical proof; *EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1185 (5th Cir. 1996) (noting that, in certain circumstances, "statistical evidence may be probative of pre-text"); *Anderson v. Douglas & Lomason Co.*, 26 F.3d 1277, 1285 (5th Cir. 1994) ("The plaintiffs may establish a prima facie case of disparate treatment by the use of statistics." (citations omitted)); *Wilkins v. Univ. of Houston*, 654 F.2d 388, 395 (5th Cir.1981) ("Statistics can provide important proof of . . . discrimination.").

testifying about the validity of the data spreadsheet because she is a lawyer in the Loevy firm who is one of the attorneys of record.[2]

In response to the Court's ruling excluding all testimony by their statistical expert, Dr. Richard Campbell, the Plaintiffs began a new review of the pauper files and the files containing release-of-body forms signed by the Coroner or his deputies. The purpose is to be able to present the statistical results of that review of those cases—including race of the decedent, funeral home designated, and other relevant information—to the jury in the form of a summary this Court would deem admissible. The review is being done by paralegals at the Loevy firm who will be brought to trial to testify about the files and the statistical results of their review of them.[3] On Monday, March 12, the Plaintiffs informed Defense Counsel of this review, of their intention to send Defense Counsel charts detailing the relevant information obtained from each file, and of the fact that they would make the paralegals available for a deposition prior to trial. Defense counsel responded by saying that this disclosure was too late and they would oppose it.

In addition, yesterday (March 13), this Court denied Plaintiffs' motion *in limine* and excluded the statistical spreadsheets that were the basis for Dr. Campbell's analysis and that otherwise could have been utilized through other

---

[2] Counsel for the Defendants have been contacted and have stated the Defendants oppose the motion.

[3] We are aware of no restriction that would prevent paralegals from testifying. Mississippi Rule of Professional Conduct 3.7 speaks only of restrictions regarding "lawyer" testimony at a trial, not employees of law offices. In criminal cases, for example, employees of the U.S. Attorney's office will occasionally testify to summaries of voluminous records. Sometimes investigators for private law firms will testify as well.

witnesses to present statistical evidence regarding the universe of the Coroner's files. The Court based its ruling on the fact that the supervisor of the eleven-person data project who could have testified about it, Katie Roche, is a lawyer and is one of the attorneys of record for the Plaintiffs.

The Plaintiffs respectfully disagree with the Court's rulings, including the Court's interpretation of Mississippi Rule of Professional Conduct 3.7, but of course recognize they are bound by them. In yesterday's ruling, the Court noted that "[t]he underlying evidence is still available to Plaintiffs to make their case." [307] at 5. While the Court is correct that the 5,821 files are available to the Plintiffs, they cannot present the statistical evidence regarding the patterns in the universe of cases without a statistical summary. *See United States v. Winn*, 948 F.2d 145, 158 (5th Cir. 1991) ("[T]he average jury cannot be rationally expected to compile on its own such charts and summaries which would piece together evidence previously admitted and revealing a pattern."); *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990) ("We cannot rationally expect an average jury to compile summaries and to create sophisticated flow charts to reveal patterns that provide important inferences about the defendants' guilt.").

As mentioned earlier, the Plaintiffs have responded to the ruling regarding Dr. Campbell by having paralegals review each individual file, compile the numbers regarding various characteristics in each case, and compile a listing and summary. The Plaintiffs have listed them as witnesses for the pretrial order. But the Defendants take the position this disclosure is too late for purposes of the April 2

3

trial. Moreover, while time-intensive, that review encompasses less than 500 files, which is a small portion of the 5,821 coroner files.

In order for the Plaintiffs to compile further statistical information that is relevant to the larger universe of coroner files, and that is admissible in light of the Court's recent rulings, they need additional time for a review that is conducted by non-lawyers and that can be presented at trial without the necessity of calling the lawyer who supervised the project. The Plaintiffs failed to anticipate the Court's rulings that Dr. Campbell could not testify regarding his statistical analysis and that Ms. Roche could not testify as the supervisor of the eleven-person data project because she is a lawyer in the case, and they did not conduct an alternative review that would be admissible under the reasoning of the Court's rulings. While they have attempted to compile statistical evidence since then regarding a small portion of these cases, they need more time to compile evidence regarding the larger universe of cases, and the Defendants claim untimeliness even for the small portion.

In light of the foregoing, the Plaintiffs respectfully request a continuance of the trial date in this case.

DATE: March 14, 2018						RESPECTFULLY SUBMITTED,

							**THEODORE WILLIAMS,** *et al.*

						By:	/s/ Robert McDuff
							*One of Plaintiff's Attorneys*

*Attorneys for Plaintiffs*
Michael Kanovitz*
Steven Art*
David B. Owens*
Katherine A. Roche*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd fl.
Chicago, IL 60647
(312) 243-5900
(312) 243-5902 (fax)
steve@loevy.com
* Admitted *pro hac vice*

Robert McDuff
767 N. Congress St.
Jackson, MS 39202
(601) 969-0802
rbm@mcdufflaw.com

Beth L. Orlansky
Kiara A. Taite
Mississippi Center for
    Justice
963 Division St.
Biloxi, MS 39530
(228) 435-7248
borlansky@mscenter
    forjustice.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2018, I filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

> By: /s/ Robert McDuff
> *One of Plaintiffs' Attorneys*