**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**THEODORE WILLIAMS et al.**                                                      **PLAINTIFFS**

**v.**                                                   **CIVIL ACTION NO. 1:16-CV-266-KS-MTP**

**GARY HARGROVE et al.**                                                          **DEFENDANTS**

**ORDER**

This matter is before the Court on the Motion to Reconsider [305] filed by Plaintiffs. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

Plaintiffs ask the Court to reconsider its previous Order [243] excluding their expert, Dr. Richard Campbell. "A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). This motion was filed within twenty-eight days of the Court's issuance of its Order [243] and is therefore analyzed under Rule 59(e).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters

that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiffs contend that the Court should evaluate their motion under the more permissive rubric of Rule 54(b), which allows the Court to revise any ruling "that adjudicates fewer than all the claim or the rights and liabilities of fewer than all the parties . . . at any time . . . ." Fed. R. Civ. P. 54(b). Under this rule, the Court has discretion to alter any ruling "for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010). Regardless of which standard applies, Plaintiffs' motion must fail.

First, under a Rule 59(e) analysis, Plaintiffs have failed to identify a change of law, new evidence, or a need to correct a clear error of law or prevent manifest injustice. *See Williamson*, 681 F.Supp.2d at 767. All the arguments raised in their motion are either arguments that were previously raised or arguments that could have been previously raised, neither of which are the correct basis for a motion to reconsider. *See Nationalist Movement*, 321 F.App'x at 364, *Templet*, 367 F.3d at 478.

Second, the Court does not find that any of the reasons advanced by Plaintiffs in their motion is "sufficient" to alter its ruling under Rule 54(b). *See Renda*, 709 F.3d at 479 (quoting *Saqui*, 595 F.3d at 210-11). After the initial briefing of the motion to exclude Dr. Campbell, the Court held an extensive *Daubert* hearing and allowed for additional briefing from both sides. The Court carefully considered everything presented to it on the record and ultimately found that Dr.

Campbell's expert testimony was not sufficient under either Federal Rule of Evidence 702 or the standards of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Though the Court appreciates that Plaintiffs disagree with its rulings, the Court does not find that the reasons presented to it in Plaintiffs' motion are sufficient to merit reconsideration. Therefore, the Motion to Reconsider [305] must be **denied**.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Reconsider [305] is **denied**.

SO ORDERED AND ADJUDGED, on this, the 16th day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE