# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THEODORE WILLAMS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:16-cv-00266-KS-MTP |
| | ) | |
| v. | ) | Hon. Keith Starrett |
| | ) | District Judge |
| GARY HARGROVE, *et al.*, | ) | |
| | ) | Hon. Michael T. Parker |
| Defendants. | ) | Magistrate Judge |
| | ) | |
| | ) | JURY TRIAL DEMANDED |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 17 TO
ADMIT SUMMARY EVIDENCE UNDER RULE 1006**

NOW COME Plaintiffs THEODORE WILLIAMS, *et al.*, by their undersigned attorneys, and in support of their motion *in limine* to admit certain summaries under Federal Rule of Evidence 1006. Plaintiffs' summaries relate to: (1) Coroner Files involving indigent decedents (also referred to as pauper cases in the original files); (2) cases Coroner Files where the Coroner has ordered an autopsy; and (3) two subsets of Coroner Files involving a "release of body" document—the first where the Coroner or his deputies signed the form and the second where a family member or some other person did so. In support, Plaintiffs state:

This Court previously excluded the testimony of Plaintiffs' expert Dr. Richard Campbell, including his tables relating to some of the same information being presented in the charts that are the subject of this motion. Subsequently, the Court excluded the Plaintiffs' comprehensive dataset and spreadsheet compiled from the

coding of 5, 281 Coroner Files. Without waiving their objections to those rulings, Plaintiffs have prepared new summaries to conform to the Court's rulings. These charts reflect a review of particular subsets of the total universe of files, and Plaintiffs have disclosed paralegals who can testify as "chart preparers" concerning their review and the charts and summaries generated as a result.

Federal Rule of Evidence 1006 allows admission of summaries when (1) the evidence is voluminous, and (2) review by the jury would be inconvenient. *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001); FED. R. EVID. 1006.[1]

This is the "only practicable means" of making the contents of voluminous records "available to judge and jury." *Id.* (Advisory Committee Note); *cf. United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990) ("We cannot rationally expect an average jury to compile summaries and to create sophisticated flow charts to reveal patterns that provide important inferences about the defendants' guilt."); *United States v. Winn*, 948 F.2d 145, 158 (5th Cir. 1991) ("The average jury cannot be rationally expected to compile on its own such charts and summaries which would piece together evidence previously admitted and revealing a pattern.").

Here, as previously explained and undisputed, the Coroner Files from 2012 to mid-2016 are voluminous, and could not be meaningfully examined one-by-one in

---

[1] In whole, the rule provides:
> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

FED. R. EVID. 1006.

2

open court before the jury. The same is true for the attached charts, which do not include the entire universe of files from 2012 to 2016 but include a sufficiently large subset that summaries are appropriate. *See United States v. Towns*, 718 F.3d 404, 408 n.4 (5th Cir. 2013) ("It is of no consequence that the purchase logs introduced at trial were only portions (primarily those related to Melvin Towns and other conspirators) of a larger bank of business records containing all the pseudoephedrine purchase logs for each store. A proponent may offer summaries from voluminous records." (citing FED. R. EVID. 1006)).

As stated, Plaintiffs offer summaries in three areas.

**I.     Summaries Of The Pauper Cases.**

The first chart lists data from 42 Coroner's files with "pauper" cases and a summary table that tabulates that data. The chart is entirely straightforward. It includes: the Coroner File number, the race of the decedent, the date of the death, whether the case is a pauper case, the funeral home the body was released to, and whether an autopsy was performed. The chart is attached as Exhibit 1 and looks

like this:

| Case Number | Race of Decedent | Date of Death | Was This A Pauper Case? | What Funeral Home Was the Body Released To? | Was An Autopsy Performed? |
|---|---|---|---|---|---|
| 12-0359-N | White | 4/17/2012 | Yes | Bradford O'Keefe | No |
| 12-0394-N | White | 4/25/2012 | Yes | Bradford O'Keefe | No |
| 12-0769-N | Other | 8/25/2012 | Yes | Bradford O'Keefe | Yes |
| 12-0920-N | Black | 10/7/2012 | Yes | Marshall | No |
| 13-0006-N | White | 11/21/2012 | Yes | Riemann | Yes |
| 13-0056-N | White | 1/16/2013 | Yes | Riemann | No |
| 13-0147-N | White | 2/11/2013 | Yes | Bradford O'Keefe | No |
| 13-0525-N | White | 5/31/2013 | Yes | Bradford O'Keefe | No |
| 13-0579-N | White | 6/22/2013 | Yes | Riemann | No |
| 13-0595-N | White | 6/25/2013 | Yes | Bradford O'Keefe | No |
| 13-0601-N | White | 6/26/2013 | Yes | Bradford O'Keefe | No |
| 13-0635-N | White | 7/8/2013 | Yes | Bradford O'Keefe | No |
| 13-0792-N | White | 8/22/2013 | Yes | Bradford O'Keefe | No |
| 13-1143-H | White | 12/2/2013 | Yes | Riemann | Yes |
| 14-0017-N | Black | 1/4/2014 | Yes | Marshall | No |
| 14-0030-A | White | 1/5/2014 | Yes | Riemann | Yes |
| 14-0034-N | BLANK | 1/7/2014 | Yes | Bradford O'Keefe | No |
| 14-0622-N | Black | 6/17/2014 | Yes | Riemann | No |
| 14-0690-N | White | 7/12/2014 | Yes | Riemann | No |
| 14-0699-N | White | 7/14/2014 | Yes | Riemann | No |
| 14-0724-N | White | 7/20/2014 | Yes | Riemann | No |
| 14-0729-N | White | 7/22/2014 | Yes | Bradford O'Keefe | No |
| 14-0786-N | White | 8/7/2014 | Yes | Bradford O'Keefe | No |
| 14-0897-N | White | 9/6/2014 | Yes | Bradford O'Keefe | No |
| 14-1080-N | White | 11/1/2014 | Yes | Bradford O'Keefe | No |
| 14-1156-N | White | 11/24/2014 | Yes | Bradford O'Keefe | No |
| 14-1164-N | White | 11/21/2014 | Yes | Bradford O'Keefe | Yes |
| 15-0126-N | White | 2/1/2015 | Yes | Bradford O'Keefe | No |
| 15-0304-N | White | 3/21/2015 | Yes | Bradford O'Keefe | No |
| 15-0790-N | Black | 7/22/2015 | Yes | J.T. Hall | No |
| 15-0858-N | White | 8/17/2015 | Yes | Bradford O'Keefe | No |
| 15-0959-N | White | 9/15/2015 | Yes | Bradford O'Keefe | No |
| 15-0963-N | White | 9/17/2015 | Yes | Riemann | No |
| 15-0980-N | White | 9/21/2015 | Yes | Bradford O'Keefe | No |
| 15-1020-N | White | 10/5/2015 | Yes | Bradford O'Keefe | No |
| 15-1073-N | Hispanic/Other | 10/17/2015 | Yes | Bradford O'Keefe | No |
| 15-1109-N | White | 10/25/2015 | Yes | Riemann | No |
| 15-1212-N | White | 11/26/2015 | Yes | Bradford O'Keefe | No |
| 16-0155-N | Black | 2/12/2016 | Yes | Hartwell | No |
| 16-0266-A | White | 3/11/2016 | Yes | Riemann | No |
| 16-0288-N | White | 3/16/2016 | Yes | Bradford O'Keefe | No |
| 16-0659-S | White | 6/27/2016 | Yes | Riemann | No |

That chart includes 42 cases, which are also summarized in the following table, attached as Exhibit 2:

Summary of 42 Indigent Cases

| Home Body Released To | Total White Decedents | Total Black Decedents | Total "Other" Decedents | Total Decedents |
|---|---|---|---|---|
| Riemann | 12 | 1 | 0 | |
| Bradford O'Keefe | 22 | 0 | 3 | |
| TOTAL | 34 | 1 | 3 | 38 |
| | | | | |
| Lockett Williams | 0 | 0 | 0 | |
| Richmond-August | 0 | 0 | 0 | |
| Hartwell | 0 | 1 | 0 | |
| Marshall | 0 | 2 | 0 | |
| Dickey Brothers | 0 | 0 | 0 | |
| J.T. Hall | 0 | 1 | 0 | |
| TOTAL | 0 | 4 | 0 | 4 |
| | | | | |
| GRAND TOTAL | 34 | 5 | 3 | 42 |

These are identical to the chart and summary provided to the Defendants last Wednesday and to the Court on Thursday except the one decedent listed as an "other" in the prior chart reflects a file where the race is not specified and is

4

therefore now listed as "unknown," and two additional files are added which reflect an "other" race that is specified in the file but is neither black nor white.

II.  **Summaries Of the Autopsy Cases**

Plaintiffs have prepared summaries from cases in which an autopsy was ordered by the Coroner or his staff. The summaries are entirely straightforward: they include the Coroner File number, the race of the decedent, the date of the death, whether an autopsy was authorized, and the funeral home the body was released to. The summary is attached as Exhibit 3, includes 503 cases. A sample looks like this:

| CASE | RACE | DATE OF DEATH | BODY RELEASED TO | AUTOPSY AUTHORIZED |
|---|---|---|---|---|
| 12-0001-N | Black | 1/1/2012 | Riemann | Yes |
| 12-0019-A | White | 1/5/2012 | Bradford O'Keefe | Yes |
| 12-0032-N | White | 1/10/2012 | Riemann | Yes |
| 12-0044-N | White | 1/14/2012 | Riemann | Yes |
| 12-0075-H | White | 1/21/2012 | Riemann | Yes |
| 12-0085-A | Black | 1/22/2012 | Lockett Williams | Yes |

In addition, as above, the autopsies are summarized in the chart are summarized in a basic table, which looks like this:

Summary of 503 Autopsy Cases

| Home Body Released To | Total White Decedents | Total Black Decedents | Total "Other" Decedents | Total Decedents |
|---|---|---|---|---|
| Riemann | 320 | 88 | 6 | 414 |
| Bradford O'Keefe | 56 | 3 | 8 | 67 |
| TOTAL | 376 | 91 | 14 | 481 |
|  |  |  |  |  |
| Lockett Williams | 0 | 7 | 0 |  |
| Richmond-August | 0 | 1 | 0 |  |
| Hartwell | 0 | 7 | 0 |  |
| Marshall | 0 | 5 | 0 |  |
| Dickey Brothers | 0 | 0 | 0 |  |
| J.T. Hall | 0 | 1 | 0 |  |
| TOTAL | 0 | 21 | 0 | 0 |
|  |  |  |  |  |
| Blank | 0 | 1 | 0 |  |
| TOTAL | 0 | 1 | 0 | 1 |
| GRAND TOTAL | 376 | 113 | 14 | 503 |

Exhibit 4 (Autopsy Table).

## III. Release of Body Form Cases

In many of the Coroner Files, there is a "release of body" form, authorizing the release of a decedent to a particular funeral home. These have been divided into two categories. First are the situations in which the Coroner or one of his deputies have signed the form. Second are the situations in which the release of body document is signed by someone else—a family member or some other person.

### A. Release of Body Signed by the Coroner Or His Deputies

### 1. Charts with race, funeral home, and autopsy

This chart is entirely straightforward and includes: the Coroner File number, the race of the decedent, the date of the death, whether the case is a release of body form, whether it was signed by Hargrove or one of his deputies, the funeral home the body was released to, and whether an autopsy was performed. A sample of the chart looks like this, and is independently attached as Exhibit 5:

| Case Number | Race of Decedent | Date of Death | What Funeral Home was the Body Released to? (ME-1 Form) | Release of Body Document Signed by | What Home was the Body Released to? (Body Release Form) | Was an Autopsy Performed? |
|---|---|---|---|---|---|---|
| 12-0001-N | Black | 1/1/2012 | Riemann | Hargrove | Riemann | Yes |
| 12-0007-N | White | 1/3/2012 | Riemann | Hargrove | Riemann | No |
| 12-0014-A | White | 1/4/2012 | Bradford O'Keefe | Hargrove | Bradford O'Keefe | No |
| 12-0075-H | White | 1/21/2012 | Riemann | Hargrove | Riemann | Yes |
| 12-0082-A | Black | 1/23/2012 | Hartwell | Hargrove | Hartwell | No |
| 12-0086-S | White | 1/25/2012 | Riemann | Hargrove | Riemann | No |

As above, these cases are summarized in a basic table, which is attached as Exhibit 6. This chart and summary are identical to those sent to defense counsel

last Wednesday reflecting 295 files, except that now 8 files have been added that reflect a decedent of a race other than black or white resulting in a total of 303.

### 2. Additional Information

Defendants seem to contend that, even where the Coroner has signed a release of body form, that he does not always make the decision with respect to the funeral home designation and that instead the decision is actually still one made by a family member. One defense counsel suggested at the pretrial conference that the charts disclosed last week are "biased" in some way.

In response to these contentions, Plaintiffs have added information to reflect certain family references that were obtained from the files. Attached are a chart and a summary that include all of the release of body information in the prior two tables but with additional information relating to pre-need forms and other specific information involving family preferences. *See* Exhibit 7 (Release of Body with Family Choice: Exhibit 8 (Table of Release of Body With Family Choice).

### B. Release of Body NOT signed by the Coroner Or His Deputies

The final summary is a list of cases in which there is a release of body document signed by someone other than the Coroner or one of his deputies. This includes over 1,200 cases, summarized in a simple list that includes the case number, the bates number for the body release document and whether it was a "family member" or "other" that signed the release of body document. A sample of the chart looks like this:

| CASE | BATES # for RELEASE OF BODY DOCUMENT | PERSON AUTHORIZING RELEASE |
|---|---|---|
| 12-0003-A | HCCO-008214 | Family Member |
| 12-0012-N | HCCO-008380 | Family Member |
| 12-0024-N | HCCO-008546 | Family Member |
| 12-0025-N | HCCO-008574 | Family Member |
| 12-0030-N | HCCO-008637 | Family Member |
| 12-0081-N | HCCO-009204 | Family Member |
| 12-0105-N | HCCO-009496 | Other |
| 12-0107-N | HCCO-009519 | Family Member |
| 12-0111-N | HCCO-009603 | Other |

Exhibit 9 (List of Release Forms Not Signed by the Coroner). As above, this list satisfies Rule 1006—it summarizes voluminous information, does so in an objective way, and Plaintiffs are willing to provide a sponsoring witness (previously-disclosed paralegal staff) to lay the foundation, if required, for this chart.

### IV. The Summaries Are Admissible

The foregoing summaries satisfy Rule 1006. They summarize voluminous records available for all parties and will be available at trial. They are also completely objective, accurate, and reliable.

These summaries were also prepared by paralegal staff disclosed on the proposed pretrial order, who checked the Corner files one-by-one, and who can testify as sponsoring witnesses, and be cross-examined if required. (As previously indicated, Plaintiffs will also allow a limited deposition of the sponsoring witness, if desired). That should end the matter.

However, Defendants seem inclined—regardless of the chart—to challenge

the summaries as incomplete or somehow biased because they do not include all of the information Defendants would prefer Plaintiffs would have included. But, these challenges fail. Plaintiffs were not required to present objective summaries at the beck and call of Defendants or their wishes. Indeed, the charts above are straightforward and include information that, undoubtedly, defendants will try to argue support their contentions (*see, e.g.*, Exhibit Number 9).

Nonetheless, and regardless, it is well established that "a summary may include only evidence favoring one party, so long as the witness does not represent to the jury that he is summarizing all the evidence in the case." *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001) (citing *Flemister v. United States*, 260 F.2d 513, 517 (5th Cir.1958)); see also *United States v. Armstrong*, 619 F.3d 380, 384 (5th Cir. 2010) ("The presence of an inference itself is not prejudicial, for under rule 1006, "[t]he essential requirement is not that the charts be free from reliance on any assumptions, but rather that these assumptions be supported by evidence in the record."' (quoting *United States v. Buck*, 324 F.3d 786, 791 (5th Cir. 2003)); *Bishop*, 264 F.3d at 547 (no error for government witness to summarize "only the evidence favorable to the government"). Plaintiffs will not contend that the limited summaries constitute all of the evidence in the case.

Accordingly, Defendants' arguments raised in prior briefing or raised at the pre-trial conference that the objective charts are somehow faulty because they do not display information in the manner they would prefer falls flat. Plaintiffs recognize their burden to be accurate in preparing the summaries, but Plaintiffs are

9

not required to summarize the evidence in the manner dictated by Defendants (who have not sought to provide any mechanism for summarizing the Coroner Files even though they seek to admit all of them nonetheless).

## CONCLUSION

Plaintiffs respectfully request that the foregoing motion be granted, and that the foregoing spreadsheets summarizing certain Coroner Files be deemed admissible evidence for trial.

DATE: March 21, 2018

RESPECTFULLY SUBMITTED,

**THEODORE WILLIAMS, *et al.***

By: /s/ David B. Owens
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| Michael Kanovitz* | Robert McDuff | Beth L. Orlansky |
| Steven Art* | 767 N. Congress St. | Kiara A. Taite |
| David B. Owens* | Jackson, MS 39202 | Mississippi Center for |
| Katherine A. Roche* | (601) 969-0802 | Justice |
| LOEVY & LOEVY | rbm@mcdufflaw.com | 963 Division St. |
| 311 N. Aberdeen St., 3rd fl. | | Biloxi, MS 39530 |
| Chicago, IL 60647 | | (228) 435-7248 |
| (312) 243-5900 | | borlansky@mscenter |
| (312) 243-5902 (fax) | | forjustice.org |
| steve@loevy.com | | |
| * Admitted *pro hac vice* | | |

## CERTIFICATE OF SERVICE

I, David B. Owens, an attorney, hereby certify that on March 21, 2018, I filed the foregoing **MOTION *IN LIMINE* NO. 17** using the Court's CM/ECF system, which effected service on all counsel of record.

By: /s/ David B. Owens
*One of Plaintiffs' Attorneys*