IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THEODORE WILLIAMS et al.**                                                               **PLAINTIFFS**

**v.**                     **CIVIL ACTION NO. 1:16-CV-266-KS-MTP**

**GARY HARGROVE et al.**                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *in Limine* [316][318][1,2] filed by Plaintiffs. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Theodore Williams, Lockett Williams Mortuary, Inc., Ricky August, Lasha August, Jonathan August, Richmond-August Funeral Home, Inc., Eddie Hartwell, Hartwell & Family Funeral Home, LLC, Anthony Marshall, Gina Marshall, Marshall Funeral Home, Pamela Dickey, Dickey Brothers Memorial Funeral Home, LLC, Helen Evans, and J.T. Hall Funeral Home, Inc. (collectively "Plaintiffs") are a group of funeral homes and their owners, all of whom are black and located in Harrison County. On July 18, 2016, Plaintiffs brought this action against Defendants Gary Hargrove ("Hargrove"), Harrison County Board of Supervisors (the "Board"), and Harrison County, Mississippi (the "County") (collectively "Defendants"), alleging that Defendants discriminated against them by favoring the services of white-owned funeral homes

---

[1] This motion was originally filed at docket number 316 and then corrected at 318.
[2] Plaintiffs filed two supporting memoranda [320][321], with the second seeking to supplement the first because no rebuttal time was allotted by the Court due to the impendency of trial. Because Plaintiffs were only entitled to one supporting memorandum, the second will not be considered.

over them. They bring federal claims under Title VI and 42 U.S.C. §§ 1981 and 1983, as well as multiple state law claims.

On March 13, 2018, the Court entered an Order [305] excluding spreadsheets purporting to contain information on the coroner's files from 2012 to 2016 (the "Spreadsheets"). On March 15, 2018, during the pretrial conference, Plaintiffs represented to this Court that they were working on three new summary charts to make the information from the coroner's files easier for the jury to digest. They represented that two of these charts had been furnished to Defendants and that an additional one was being compiled. They further stated that the number of coroner's files included in these charts would be somewhere between 700 to 1000 files.

Plaintiffs filed the current Motion *in Limine* [316][318] on March 20, 2018, and corrected it on March 21, 2018. In this motion, they put forward nine charts that they wish to have admitted into evidence and not three as previously discussed. Defendants responded to the motion on March 28, 2018. Trial in this case is set for April 16, 2018.

## II. DISCUSSION

Federal Rule of Evidence 1006 provides for the admission of summaries when "(1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient." *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001) (citations omitted). Summary charts in particular are admissible when

> (1) they are based on competent evidence already before the jury, (2) the primary evidence used to construct the charts is available to the other side for comparison so that the correctness of the summary may be tested, (3) the chart preparer is available for cross-examination,[3] and (4) the jury is properly instructed concerning use of the charts.

---

[3] Plaintiffs have stipulated that they would make the paralegal who prepared the charts available for cross-examination.

*Id.* Though a summary may include only evidence favorable to one party, if it does, the proponent must represent to the jury that it is summarizing all the evidence in the case. *Id.* Because of the "powerful impression which charts can make upon a jury, vesting the charts with an air of credibility independent of the evidence purported to be summarized," the Fifth Circuit has "repeatedly cautioned that trial judges must carefully handle their preparation and use." *United States v. Hart*, 295 F.3d 451, 455 (5th Cir. 2002) (internal quotations and citations omitted).

"Summary evidence must have an adequate foundation in evidence that is already admitted, and should be accompanied by a cautionary jury instruction." *Bishop*, at 547. "A necessary precondition to the admission of summary charts is that they accurately reflect the underlying records or testimony, particularly when they are based, in part, on the [proponent's] factual assumptions." *United States v. Taylor*, 210 F.3d 311, 315-16 (5th Cir. 2000). The Fifth Circuit has "made it quite clear that the proper use of FRE 1006 requires that there be supporting evidence that has been presented previously to the jury to establish any assumption reflected in the summary." *Hart*, 295 F.3d at 458 (internal quotations, citations, and emphasis omitted). A summary chart may not be used to assume those facts that are required to be proven by their proponent. *Id.* at 459.

### A. Indigent Cases Chart & Table [318-1][318-2]

This chart and table purport to list all of the indigent cases from the coroner files. However, Defendants have demonstrated that it is missing data. Overall, Defendants contend that there were 59 indigent cases from 2012 to 2016, all of which were disclosed to Plaintiffs. Thirteen of these cases were not "coroner files," so the fact that they were not included is not fatal to the admission of this chart and table. The four coroner files that should have been included is more worrisome. While not necessarily significant because of its small number, any missing data is troubling to the

Court because Plaintiffs have been given a second opportunity to compile summaries that are accurate and unbiased. However, the Court will allow for the admission of this chart and table, provided that Plaintiffs add the missing coroner files to them and provided they clarify upon presenting them to the jury that they represent only the indigent cases which are coroner files and not all of the indigent cases. If Defendants wish to the present a summary chart of the non-coroner cases or one with both the coroner and non-coroner cases, they will be allowed to do so.

Defendants also contend that this chart and table omits family preference, which would show that Hargrove did not make the decision. While Defendants are free to present evidence that Hargrove did not make the decision in these cases, this argument does not affect the accuracy of the information provided in the chart and table.

Plaintiffs are cautioned, of course, that they will not be allowed to argue that Hargrove definitively made the decision in each of these cases without further evidence. Plaintiffs' burden is to prove that Hargrove discriminated when it fell to him to choose which funeral home to send a body. Part of that requires proof that Hargrove made the decision. This chart and table can *not* be used to make the assumption that Hargrove made a decision, as that is a fact that Plaintiffs' have the burden of proving.[4] *Hart*, 295 F.3d at 459.

The Motion *in Limine* [316][318] will be **granted** as to the Indigent Cases Chart and Table [318-1][318-2].

**B.     Autopsy Chart and Table [318-3][318-4]**

Defendants' only real argument directed toward the admission of the Autopsy Chart and Table [318-3][318-4] is that Hargrove did not control where the bodies went to for autopsy nor did

---

[4] The jury will, of course, be allowed to draw any permissible inference that Hargrove made the decision by taking these summaries in combination with the other evidence presented in this case. Plaintiffs are precluded from implying, however, that Hargrove made the decision in these cases without some basis in evidence for that contention.

he necessarily control which funeral home handled the body after autopsy. This is something that can be introduced on cross-examination or through independent evidence. The chart and summary presented here simply gives each coroner file where an autopsy was performed and identifies the race of each decedent and to which funeral home the body was sent. Again, while Defendants are free to present evidence or argument that Hargrove did not make the decision in these cases, such an argument does not affect the accuracy of the chart and table, which purport only to present each case by race and funeral home.

Of course, as with the indigent cases, this chart and table cannot be used to assert the assumption that Hargrove definitively made a decision in each of these cases, as it is Plaintiffs' burden to prove he made the decision by a preponderance of the evidence. *Hart*, 295 F.3d at 459.

Therefore, the Motion *in Limine* [316][318] will be **granted** as to the Autopsy Chart and Table [318-3][318-4].

### C. Chart and Table of Forms Signed by Coroner or Deputies [318-5][318-6]

Defendants argue that the Chart and Table of Forms Signed by the Coroner or His Deputies [318-5][318-6] is inaccurate because who signed the release form is not an indication of who made the funeral home decision and because there is overlap between these cases and the autopsy cases. Neither of these arguments are sufficient to exclude this chart or table, and both points can be made on cross-examination or through additional evidence. This chart and table merely takes all the cases where the release form was signed by Hargrove or his deputies and identifies them by race and funeral home.

Defendants also attach as an exhibit a List of Inaccuracies [322-3], which purports to show why Hargrove could not have made a decision in certain cases identified in Plaintiffs' chart and table. This is evidence that Defendants can introduce on their own and does not affect the

5

admissibility of the table and chart. As this Court has already stated with regard to the indigent and autopsy charts and tables, this chart and table cannot be use to make the assumption that Hargrove made the decision in each of these cases. *Hart*, 295 F.3d at 459.

The Motion *in Limine* [316][318] will therefore be **granted** as to the Chart and Table of Forms Signed by Coroner or Deputies [318-5][318-6].

### D. Chart and Table of Forms Signed by Coroner or Deputies with Family Preference [318-7][318-8]

This chart and table is identical to the one above, but adds three columns: pre-need designation, indication of preference by family, and bates number for the indication. The problem these columns create, though, is that the pre-need designation and indication of preference is coded as either as "yes" or a "no," which does not accurately reflect the underlying files. From this chart and table, there is a danger of a juror reading a "no" under the pre-need designation or indication of preference column to mean that the decedent and/or his family did not have a preference as to funeral home. This is misleading and does not accurately reflect the underlying files, many of which have no information as to who made the funeral home decision. Because this unfairly and inaccurately presents the underlying data, the Court finds that it should be excluded from trial.[5] *See Taylor*, 210 F.3d at 315-16.

The Motion *in Limine* [216][218] will therefore be **denied** as to the Chart and Table of Forms Signed by the Coroner or his Deputies with Family Preference [318-8][318-8].

### E. List of Release of Body Forms Not Signed by Coroner/Deputies [318-9]

Plaintiffs' final chart is a List of Release of Body Forms Not Signed by the Coroner or his Deputies [318-9], which is a list of cases where the release of body form was signed by someone

---

[5] Defendants have also pointed out a number of instances where these columns were coded incorrectly when compared to the underlying file. This is further reason for this chart and table to be excluded.

other than Hargrove or his deputies. This chart gives no information other than the file number, the bates number for the file, and the relationship of the person signing the form.

The Court does not find that this chart is admissible under a basic relevancy inquiry under F.R.E. 401. There is no information in this chart that would, to the Court's understanding, make any fact in contention more or less likely. The list contains no information as to race or funeral home, which is what this entire case centers on. The information in this chart, which is essentially that all files not listed in the Chart and Table of Forms Signed by Coroner or Deputies [318-5][318-6] were signed by someone other than the coroner or his deputies, is not only something that could be easily conveyed to the jury in a much more digestible way, but it is something that can be easily inferred from the other chart and table. Adding this information in a separate chart is redundant and suggests that Plaintiffs are trying to take advantage of the "powerful impression" and "air of credibility" which surround summary charts. *See Hart*, 295 F.3d at 455. The Court therefore finds that this chart should be excluded from trial.

The Motion *in Limine* [316][318] will be **denied** as to the List of Release of Body Forms Not Signed by the Coroner/Deputies [318-9].

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *in Limine* [316][318] is **granted in part** and **denied in part** as outlined above.

SO ORDERED AND ADJUDGED, on this, the 2nd day of April, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE