IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THEODORE WILLAMS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:16-cv-00266-KS-MTP |
| | ) | |
| v. | ) | Hon. Keith Starrett |
| | ) | District Judge |
| GARY HARGROVE, *et al.*, | ) | |
| | ) | Hon. Michael T. Parker |
| Defendants. | ) | Magistrate Judge |
| | ) | |
| | ) | |

**PLAINTIFFS' MOTION IN LIMINE NO. 18 TO
ADMIT REVISED AND SUPPLEMENTED EXPERT
REPORT OF DR. JOHN GALE AND TO PERMIT RELATED
TESTIMONY, OR IN THE ALTERNATIVE, TO ALLOW HIM TO TESTIFY
TO OPINIONS EXPRESSED IN CERTAIN PORTIONS OF THE REPORT**

The Plaintiffs' respectfully move in limine to allow admission of the attached supplemental report of Dr. John Gale and to allow him to testify to the opinions expressed in the report. In the alternative, even if the report is not admitted and he is not allowed to testify to all of the opinions therein, the Plaintiffs move in the alternative that he be allowed to testify to the per-case damage figures contained in Section VII of his report and to testify to potential and hypothetical multiples of those figures at trial.

Although the Defendants moved to exclude Dr. Gale's testimony on *Daubert* grounds, this Court denied that motion [188] because the Defendants did not explain the basis for it. Subsequently, the Defendants moved in limine to exclude "any and all references to" the Plaintiffs' prior "spreadsheets and dataset," adding

that "Plaintiffs' economist Dr. Gale should not be allowed to testify to his damages analysis as it is entirely based off of or reliant upon the 2012-2016 Coroner's files spreadsheets." [245] at 1, 4-5. Defendants noted that "Dr. Gale used 5 tables to calculate his purported damages in this case," each of which cited the spreadsheets as his sources. *Id.* at 2.

The Court granted the motion to exclude the spreadsheets, [307] at 11, but never addressed whether Dr. Gale would be precluded from testifying to non-spreadsheet opinions.

Last week, the Court granted the Plaintiffs' motion to present certain charts based on data compiled without using the prior spreadsheets. [328]. Dr. Gale has now prepared a revised and supplemental report that excludes all tables and other information based upon the prior spreadsheets. Instead, he has substituted the data from the new charts and made calculations based on those figures using the same methodology used in his prior report.

Moreover, he has set forth in Section VII of his revised report the damages per case based on figures that were contained in various parts of his earlier report. The damages per case are not based on the prior spreadsheets or even the new charts. Instead, they are the fees paid to funeral homes for (1) removals,[1] (2) pauper burials and cremations,[2] and (3) providing the site for an autopsy,[3] as well

---

[1] This was at p. 8 of Dr. Gale's prior report (which is attached) and is based on Hargrove's deposition.
[2] This was at p. 11 of Dr. Gale's prior report and is based on a County Board order setting the fee.
[3] This was at p. 10 or Dr. Gale's prior report and is based on Hargrove's deposition.

2

as (4) the profit each of the Plaintiff funeral homes would have made if they actually conducted the funeral service for the decedents whose bodies they would have initially removed had they been called by the Coroner,[4] and (5) an additional 5% profit for additional funerals because of word-of-mouth recommendations stemming from those funerals they would have conducted.[5] From those figures, calculations can be made to reach total damage figures based upon whatever the jury (assuming it finds liability) concludes is the number of cases Defendant Hargrove should have rotated to the funeral homes but didn't, as well as whatever the jury concludes regarding other damage-related issues in dispute.

Attached to this motion is Dr. Gale's supplemental report dated April 8, 2018.[6] Also attached is a highlighted version of prior July 31, 2017 report. The portions that are highlighted are those that are not based upon the previously excluded spreadsheets. For the most part, the highlighted passages are repeated in the April 8 supplemental report. Moreover, Appendices A, C, and D are the same in the prior report and the supplemental report. Appendix B is modified to list the new charts as additional documents that Dr. Gale reviewed. The prior Appendix E is removed. The new Appendix E contains the Plaintiffs' new charts that the Court

---

[4] The profit-per-funeral figures for each of the Plaintiff funeral homes were listed at pp. 16 (Richmond-August), 17 (Lockett Williams), 19 (J.T. Hall), 20 (Hartwell), 21 (Marshall), and 22 (Dickey Brothers). As explained on those pages and the adjacent pages, those figures were based on Dr. Gale's analysis of income and expense figures for each of the funeral homes. The same figures are repeated in the supplemental report's discussion of each funeral home and are also collected in Section VII of the supplemental report.

[5] The 5% assumption was discussed at p. 13 of Dr. Gale's prior report and was repeated in the discussion of potential lost profits with respect to each of the funeral homes on the pages referenced in the prior footnote.

[6] This was finalized and sent to Defense counsel very late on the evening of April 8.

has allowed into evidence and that Dr. Gale has used for his tables and certain calculations.

As mentioned previously, the supplemental report substitutes tables based on the Plaintiffs' new charts for those based on the spreadsheets. To the extent the Defendants complain that the new charts might contain some cases where family members made a choice, that does not mean the new tables should be excluded. They are based on assumptions that are clearly stated by Dr. Gale. For example, at page 26 of the supplemental report, he states: "If all of the cases in the charts were cases where the Coroner made the funeral home choice, and assuming that a rotational system were instead used for those cases, the calculated damages to each of the Plaintiffs is summarized in Table 7."[7] Those figures can be helpful to the jury even if they ultimately conclude that Mr. Hargrove did not make the choice in all of those cases. They might conclude, for example, that he made the choice in approximately half of those cases, and the total figure (divided by 2) could therefore be helpful to the jurors.

The Defendants are not prejudiced by the timing of Dr. Gale's supplemental report. As mentioned earlier, the methodology and the damages-per-case figures come from Dr. Gale's earlier reports, which were first disclosed in July of 2017. The attached earlier report is dated July 31, 2017, and it was a supplement to a July 1,

---

[7] *See Williams v. Illinois*, 567 U.S. 50, 57 (2012) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true."); *Cromwell v. Wal-Mart Stores, Inc.*, 2002 WL 197390646, at *2 (5th Cir. 2002) ("[E]xperts are permitted to assume the underlying facts that form the basis for their opinions.")

4

2017 report that used the same methodology as the new report. The total figures in Dr. Gale's current April 8 report are simply multiples of those damages-per-case figures, with the multiples being derived from the Plaintiffs' more recent charts. In fact, the numbers in the current report are the narrowest of the three reports and are based upon the specific rulings of this Court.

In light of the foregoing, this motion in limine should be granted. The attached supplemental report of Dr. John Gale should be admitted into evidence and he should be allowed to testify to the opinions expressed in the report. In the alternative, even if the report is not admitted and he is not allowed to testify to all of the opinions therein, he should be allowed to testify to the per-case damage figures contained in Section VII of his report and to testify to potential and hypothetical multiples of those figures at trial.

DATE: April 9, 2018  RESPECTFULLY SUBMITTED,

**THEODORE WILLIAMS, *et al.***

By:   /s/ Robert McDuff
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiffs*
Michael Kanovitz*
Steven Art*
David B. Owens*
Katherine A. Roche*
LOEVY & LOEVY
311 N. Aberdeen St., 3rd fl.
Chicago, IL 60647
(312) 243-5900
(312) 243-5902 (fax)
steve@loevy.com
* Admitted *pro hac vice*

Robert McDuff
767 N. Congress St.
Jackson, MS 39202
(601) 969-0802
rbm@mcdufflaw.com

Beth L. Orlansky
Kiara A. Taite
Mississippi Center for
  Justice
963 Division St.
Biloxi, MS 39530
(228) 435-7248
borlansky@mscenter
   forjustice.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2018, I filed the foregoing using the Court's CM/ECF system, which effected service on all counsel of record.

By: /s/ Robert McDuff
*One of Plaintiffs' Attorneys*
