# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THEODORE WILLIAMS et al.**                                                            **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO. 1:16-CV-266-KS-MTP**

**GARY HARGROVE et al.**                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion *in Limine* [329] filed by Plaintiffs. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Theodore Williams, Lockett Williams Mortuary, Inc., Ricky August, Lasha August, Jonathan August, Richmond-August Funeral Home, Inc., Eddie Hartwell, Hartwell & Family Funeral Home, LLC, Anthony Marshall, Gina Marshall, Marshall Funeral Home, Pamela Dickey, Dickey Brothers Memorial Funeral Home, LLC, Helen Evans, and J.T. Hall Funeral Home, Inc. (collectively "Plaintiffs") are a group of funeral homes and their owners, all of whom are black and located in Harrison County. On July 18, 2016, Plaintiffs brought this action against Defendants Gary Hargrove ("Hargrove"), Harrison County Board of Supervisors (the "Board"), and Harrison County, Mississippi (the "County") (collectively "Defendants"), alleging that Defendants discriminated against them by favoring the services of white-owned funeral homes over them. They bring federal claims under Title VI and 42 U.S.C. §§ 1981 and 1983, as well as multiple state law claims.

On October 16, 2017, Defendants filed their Motion to Exclude Under *Daubert* [141], seeking to have the expert testimony of Richard T. Campbell ("Campbell") and John M. Gale

("Gale") excluded from evidence. Both Campbell's and Gale's expert reports relied heavily on spreadsheets purporting to contain information on the coroner's files from 2012 to 2016 (the "Spreadsheets"). On January 5, 2018, the Court denied this motion as to Gale, finding that, though he was mentioned in Defendants' arguments, those arguments went predominantly to Campbell.[1] On February 7, 2018, a hearing was held on the motion as it pertained to Campbell. After allowing additional briefing, the Court excluded Campbell under *Daubert* on February 27, 2018. Though the Court did not exclude the Spreadsheets at this time, its Order [243] warned that it could not "fathom how Plaintiffs' counsel could seek to introduce them without impermissibly injecting themselves and their law firm into the lawsuit and violating the rules of professional conduct." (Order [243] at p. 4, n.5.)

On March 13, 2018, the Court entered an Order [305] excluding the Spreadsheets. On March 15, 2018, during the pretrial conference, Plaintiffs represented to the Court that they were working on new summary charts to make the information from the coroner's files easier for the jury to digest. These were disclosed to the Court on March 20, 2018, in Plaintiffs' Motion *in Limine* [316].[2] The Court granted in part and denied in part this motion and allowed six new summary charts to be submitted at trial into evidence. (*See* Order [328].)

On April 6, 2018, Plaintiffs for the first time raised the issue of supplementing Gale's expert report with the Court or, in the alternative, allowing Gale to testify to those portions of his previous report that were not based on the Spreadsheets. With trial set to begin on April 16, 2018,

---

[1] In fact, the only argument that included Gale was the argument that his report was based primarily the same problematic Spreadsheets as Campbell's. This argument, however, went on to almost exclusively focus on Campbell's report. Furthermore, the Court did not, as Plaintiffs assert, deny the motion as to Gale because the arguments against his testimony only went to the Spreadsheets. Rather, it denied the motion as to Gale because there was not sufficient arguments made that specifically addressed Gale's expert report or testimony.
[2] Later amended at Docket #318.

2

the Court allowed for expedited briefing on this matter and scheduled a telephonic hearing. Plaintiffs submitted their Motion *in Limine* on April 9, 2018, and was heard on April 11, 2018.

## II.  DISCUSSION

### A.     Gale's New Expert Report

As parties are well aware,[3] in order for an untimely disclosed expert report to be used to supply evidence at trial, the failure to disclose earlier must be either "substantially justified" or harmless. Fed. R. Civ. P. 37(c)(1). There can be no genuine argument that allowing this new report from Gale would be harmful to Defendants. In fact, it has *already* harmed Defendants in that it forced them to allocate time and resources away from trial preparation to address this issue. Furthermore, the new opinions of Gale differ so vastly from the previous opinions that the total damages calculation is reduced from $6,381,900 in the original to $870,910 in the new report. Allowing these opinions, then, would force Defendants to scramble on the eve of trial in order to even make an attempt at rebutting them and cause undoubtable harm to Defendants' case. Therefore, the only way for Gale's new expert report to be allowed is for Plaintiffs to show that their eve-of-trial disclosure of these new opinions are substantially justified. The Court does not find that they have met this burden.

Assuming *arguendo* that Plaintiffs could show that the adverse rulings made against them substantially justified the new expert opinions given by Gale in his report,[4] their disclosure is still

---

[3] This issue was raised previously in this case by the Plaintiffs in their Motion to Strike [153], which asked for the Court to strike as untimely a supplemental expert report from Defendants' expert. In fact, Plaintiffs argued in that motion that Defendants' delay of only nine hours in supplementing their expert report prejudiced the preparation of their case so much that it should be struck. It seems disingenuous of Plaintiffs now to assert that the new report from their expert, though disclosed roughly a week before trial, would not prejudice Defendants.

[4] Though Plaintiffs have not specifically argued that they could meet this burden, the Court does not believe that they could. Allowing any evidence that should have previously been disclosed and which would adversely impact an opposing party's case, for the sole reason that prior evidence was excluded, is contrary to the interests of justice and fair play. The issues with Gale's previous report were caused by the Spreadsheets that Plaintiffs created, and allowing untimely supplementation of that report with new opinions would give Plaintiffs an unfair second bite at the apple.

3

untimely in relation to those rulings. Plaintiffs knew as early as February 27, 2018, that the Spreadsheets would likely be excluded, which did in fact occur on March 13, 2018. Plaintiffs gave no notice to either Defendants or the Court that they were going to seek to submit a new report from Gale, despite meeting with the Court and Defendants in the pretrial conference on March 15, 2018, and discussing the submission of new summary charts in light of the recent rulings. Rule 37(c)(1)'s exception for untimely disclosures which are "substantially justified" is meant to prevent "unduly harsh penalties," but does not prevent exclusions where the litigant had notice that a disclosure was required. Fed. R. Civ. 37, cmt. Here, Plaintiffs had notice over a month before the untimely disclosure that a supplement would likely be needed to Gale's report as the Spreadsheets were in doubt and likely to be excluded. They also knew the high burden they would face in submitting that supplement into evidence because they themselves had previously argued, in their Motion to Strike [153], that a delay of only nine hours from the disclosure deadline was enough to prejudice an opposing party's case preparation. Still, they waited until ten days before trial to bring the issue to the Court's attention, and filed their Motion *in Limine* [329] with only a week left before trial. The Court cannot find that this untimely disclosure is substantially justified, particularly in light of the enormous harm it would cause to Defendants' trial preparation.

Even if Gale's new report were allowed under Rule 37(c)(1), the Court finds that it does not meet the requirements of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993), which require that an expert opinion be based "on sufficient facts or data" and be both reliable and relevant. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 354 (5th Cir. 2007) ("[U]nder *Daubert* and Fed. R. Evid. 702, a district court has broad discretion to determine whether a body of evidence relied upon by an expert is sufficient to support that expert's opinion."). For expert testimony to

be reliable, it "must be grounded in the methods and procedures of science and must be more than unsupported speculation or subjective belief." *Curtis v. M&S Petroleum, Inc*., 174 F.3d 661, 669 (5th Cir. 1999).

One glaring problem with the new report is that Gale relies on the assumption that every case in the new summary charts were cases in which Hargrove made the decision as to which funeral home would be utilized. Plaintiffs do not argue that Gale does not make this assumption, but argues that he is in his right to because damages experts can assume liability. However, in this case, Gale is not assuming liability, he is assuming facts that *are not in evidence*. Moreover, these are facts over which the Court has repeatedly admonished Plaintiffs and held that it was Plaintiffs' burden to prove by a preponderance of the evidence. (*See* Order [307] at pp. 11-12, Order [328] at pp. 4, 6.) Though Plaintiffs are correct that some assumptions are allowed where they do not render the expert opinion unreliable, here, Gale's assumption in the new report does render his opinion unreliable. *See Nova Consulting Grp., Inc. v. Eng'g Consulting Servs. Ltd.*, 290 F.A'ppx 727, 733 (5th Cir. 2008) (allowing the expert testimony because there was nothing about the assumptions in that case that would render the expert's opinion unreliable). The assumption made by Gale, that Hargrove had control over all the cases listed in the new summary charts, is unsupported by any fact in evidence and is therefore speculative at best. *See Curtis*, 174 F.3d at 669. Additionally, in calculating damages in his all-or-nothing approach, Gale leaves no avenue for a jury to find that Hargrove made the decision in some of the cases but not all of the cases.

Therefore, even if the new report were allowed under Rule 37(c)(1), it would not be admissible under F.R.E. 702 and *Daubert*. The Motion *in Limine* [329] will be **denied** as to Gale's new expert report.

### B. Gale's Previous Expert Report

Plaintiffs argue that Gale should still be allowed to testify to at least the portions of his previous report that did not rely on the Spreadsheets. In reviewing Gale's report, the majority of the report is intrinsically linked to the Spreadsheets. However, the Court will allow Gale to testify to the following opinions:

1. the direct profit per funeral to each of the Plaintiffs;
2. the direct profit per removal to each of the Plaintiffs;
3. the direct profit per autopsy to each of the Plaintiffs; and
4. the direct profit per pauper case to each of the Plaintiffs.

Gale may be allowed to testify as to follow-up funeral/removal profits and advertising losses if Plaintiffs can show a proper basis for those opinions under F.R.E. 702 and *Daubert* at the proper time at trial.

Therefore, the Court finds that the Motion *in Limine* [329] should be **granted in part** and **denied in part** as to Gale's previous expert report.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion *in Limine* [329] is **granted in part** and **denied in part**.

SO ORDERED AND ADJUDGED, on this, the 11th day of April, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE