**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THEODORE WILLIAMS,** *et al.*                                          **PLAINTIFFS**


**V.**                                          **CIVIL ACTION NO. <u>1:16-CV-266-KS-MTP</u>**


**GARY HARGROVE, in his individual capacity,** *et al.*          **DEFENDANTS**

---

**PRETRIAL ORDER**

---

**1.**     A pretrial conference was held as follows:

<u>Date</u>: March 15, 2018          <u>Time</u>: 9:00am

United States District Courthouse at:

Hattiesburg, Mississippi in Courtroom 1

Before the following judicial officer:

<u>Honorable Keith Starrett, District Court Judge</u>.

**2.**     The following counsel
appeared:

**a.**     For the Plaintiffs:

| <u>Name</u> | <u>Postal and<br>Email Addresses</u> | <u>Telephone Number</u> |
|---|---|---|
| David B. Owens<br>Danielle Hamilton | 311 N. Aberdeen St.,<br>3rd Floor<br>Chicago, IL 60607<br>david@loevy.com<br>hamilton@loevy.com | (312) 243-5900 |

| Robert B. McDuff | 767 North Congress Street Jackson, MS 39202 RBM@McDuffLaw.com | (601) 969-0802 |

**b.**     For Defendant Gary Hargrove:

| Name | Postal and Email Addresses | Telephone Number |
| --- | --- | --- |
| Joe Sam Owen Daniel T. Seawell | 1414 25th Avenue Gulfport, MS 39501 jso@owen-galloway.com dts@owen-galloway.com | (228) 868-2821 |

**c.**     For Defendants Harrison County Board of Supervisors and Harrison County, Mississippi:

| Name | Postal and Email Addresses | Telephone Number |
| --- | --- | --- |
| Tim C. Holleman | 1720 23rd Avenue Gulfport, MS 39501 tim@boyceholleman.com | (228) 868-2821 |

**3.**     The pleadings are amended to conform to this pretrial order.

**4.**     The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

Plaintiffs assert the following:

**Federal Law Claims**

(1) 42 U.S.C. § 1983 claim;
(2) 42 U.S.C. § 1981 claim; and
(3) Title VI claim against Defendant Harrison County, Mississippi

**Remedial Claims**

Plaintiffs seek the following relief:

1. Money Damages. Plaintiffs seek a damages award from a jury, to be determined by the jury. Plaintiffs seek compensatory damages for the harm they have suffered (including both emotional distress, economic loss, and other harms as a result of discrimination) as well as punitive damages against Defendant Hargrove.

2. Equitable Relief. Plaintiffs request that Defendants Gary Hargrove and Harrison County be enjoined from discriminating against any funeral home and its proprietor(s) because of his or her race, particularly in its decisions pursuant to MISS. CODE ANN. § 41-61-59 regarding what funeral home in Harrison County is selected for mortuary services for deaths which "affect the public interest." Plaintiffs request an equitable Order or a consent decree implementing prospective requirements that will ensure to end any discrimination going forward and that provides a transparent method for keeping accountable the Harrison County Coroner's Office regardless of who is the elected Coroner.

**5.**     The basis for the court's jurisdiction is:

Federal Question Jurisdiction, 28 U.S.C. § 1331

**6.**     The following jurisdictional question(s) remain(s) [If none, enter "None"]:

None.

**7.**     The following motions remain pending [If none, enter "None"] [Note: Pending motions not noted here may be deemed moot]:

**a.**     Plaintiffs' Pending Motions:

**b.**     Defendants' Pending Motions:

**8.**     The parties accept the following **concise** summaries of the ultimate facts as claimed by:

a.     Plaintiffs:

There are eight licensed funeral homes in Harrison County, two who have white business owners and six have black business owners. The plaintiffs in this suit are the six black-owned funeral homes in Harrison County and their proprietors. They are family businesses, run by religious and civic leaders in the community. The defendants in this suit are the public officials who oversee the mortuary industry in Harrison County—Harrison County and the elected Coroner, Gary Hargrove.

Plaintiffs allege that the defendants have discriminated against them on account of their race when determining which funeral home performs a "removal," and in other services where public officials are called up to determine what happens to a loved one's remains. While there are situations in which family members select who does the removal or who will perform funeral services, this case is only about the situations where County actors make or influence that decision, including circumstances where: (1) the decedent is considered indigent, and the County pays for their services, (2) where the Coroner has determined, as part of his death investigation, that an autopsy is needed, and (3) other situations where the Coroner or his staff have released a body to a specific funeral home. In those situations, the Coroner has claimed that he uses an equal rotation system among the 8 firms for determining where to send business. The Coroner recognizes he should be fair in his treatment of the 8 firms. Unfortunately, his claim is a lie—there is no rotation system. And, the Coroner's own files bear this out. Those files reveal that there are stark, race-based differences between the white-owned and black-owned firms. Indeed, while the Coroner has been to the white-owned firms hundreds of times a year, he rarely makes his way, if at all, to any of the black-owned funeral homes. The racial disparities are also borne out in the County's payment records—over 95% of the County's payments for removals have gone to the white-owned firms, even though there are only two of them, while Plaintiffs' six remaining firms have received the short end of the stick.

Defendants do not even contend that the Coroner uses a rotation system anymore; instead pointing to other things—like coolers and autopsies—in an effort to cover up the plain racial disparities in the Coroner's files. These things are distractions; and they have no bearing on the fact that Plaintiffs have suffered discrimination on account of race. Such discrimination has resulted in substantial harm to Plaintiffs, both economically and beyond. Plaintiffs have lost money from not being called upon to perform "removals" at the direction of the Coroner; they have suffered further economic damages by losing the downstream revenue that comes from performing removals; they have been deprived of a fair share of income that comes from cases where the Harrison County expends money on removal and cremation for the indigent; and they have suffered the substantial personal and dignitary harm that comes from pervasive discrimination on account of race. Tragically, Defendants' discrimination against Plaintiffs continues to this day.

**b.    Defendants:**

Historically, not only in Harrison County, but in the entire State of Mississippi, black families have chosen to utilize black-owned funeral homes for their loved ones' mortuary services and white families have chosen to utilize white-owned funeral homes for their loved ones' mortuary services.  There is a clear division between whites and blacks in choosing a funeral home to provide mortuary services along racial lines in the entire State of Mississippi. This is perfectly within the bounds of the law, as under the First Amendment to the United States Constitution and the Constitution's protection of individual liberty, private choices of citizens about where to engage in particular business transactions following the death of a loved one are not subject to regulation by the government, even when their individual choices are motivated by race.  For this reason, the Equal Protection Clause does not prohibit private economic choices which are based on race, even when those choices lead to racially disparate outcomes. It is without a question that outside of limited circumstances either the decedent or the

4

family always selects which funeral home receives the decedent's remains. The Plaintiffs have been unable to identify any specific instances, not falling into one of the aforementioned limited circumstances, where Hargrove or his office ever sent a body to a white-owned funeral home when either the decedent, their family or any person with priority indicated they wanted the decedent be delivered to one of the Plaintiff funeral homes.

Harrison County Coroner Gary Hargrove has no authority under the law to interfere with such private economic decisions, except in the following very limited circumstances: **(1)** where an autopsy is required to assist in determining the manner of death; **(2)** a person is reasonably determined to be an indigent and a pauper's burial is required or **(3)** no one with the authority to decide how to dispose of a decedent's remains can be timely located to avoid decomposition. In all three (3) of these instances, refrigeration is required to preserve the body beyond 48 hours, as embalming without familial consent is not permitted by law. Bradford O'Keefe and Riemann's are the only two (2) funeral homes in Harrison County who possessed sufficient refrigeration capacity (combined capacity of up to 100 bodies) to handle the collective body storage demand of Harrison County from autopsies, pauper or indigent burials and in instances when no one with the authority to decide how to dispose of a decedent's remains can be timely located to avoid decomposition. In fact, prior to March 2015, the only Plaintiff funeral home that possessed any refrigeration system (if such can be called refrigeration) was J. T. Hall's and J.T. Hall's cooler only had the capacity to hold five (5) remains.

Gary Hargrove, as duly elected coroner, only has jurisdiction to investigate deaths affecting the public interest and by law he is only charged with the duty to determine the manner or cause of death. Gary Hargrove does not decide or have any authority to decide which funeral home will handle the funeral services of a decedent. In fact, Mississippi law prohibits him from doing so. Further, the Plaintiffs themselves are likewise prohibited from accepting remains from a Coroner "without having first made due inquiry as to the desires of the persons who have the legal authority to direct the disposition of the decedent's body". The location of autopsies was not decided by Gary Hargrove or any other Harrison County employee. For almost the entirety of Hargrove's tenure as Coroner, all of the autopsies performed in Harrison County were performed by forensic pathologist Dr. Paul McGarry ("Dr. McGarry"). During this time, Dr. McGarry was the only area forensic pathologist available to effect autopsies and he performed autopsies in multiple counties in South Mississippi. Dr. McGarry was an independent contractor of Harrison County and Dr. McGarry solely decided where he would be willing to perform autopsies. Because of the respective level of facilities of the area funeral homes, Dr. McGarry would only agree to perform autopsies at either Bradford O'Keefe or Riemann's. After approximately 2007, Dr. McGarry would only perform autopsies at Riemann's in Gulfport, refusing to perform any further autopsies at Bradford O'Keefe, which is white-owned. Dr. McGarry died in January 2015. Since this time the County has not been able to secure the services of another forensic pathologist to perform autopsies and as a result all autopsies are now performed at the Mississippi State Crime Lab in Pearl, MS by the State Medical Director, at a substantial increase in cost to the County.

9.    **A.** The following facts are established by the pleadings, by stipulation, or by admission:

1. Hargrove was elected Harrison County Coroner in 1996 and his current term runs until December 31, 2019.

2. After Dr. Paul McGarry's death, all autopsies in Harrison County authorized by the Coroner's Office were performed at the State Medical Examiner office in Pearl, Rankin County, MS.

3. Plaintiffs operate funeral establishments and are licensees.

4. There are only eight licensed mortuaries in Harrison County, two of which are white-owned and six-of which are black-owned.

5. Bradford-O'Keefe and Riemann are the two white-owned homes in Harrison County.

6. Plaintiffs have at all times relevant held the licenses required to provide all of the funeral services in Harrison County.

7. State law prohibits anyone from disturbing or disposing of a decedent who falls within the Coroner's jurisdiction unless authorized by the Coroner.

8. Exercising this authority, the Coroner conducts death investigations and determines the cause and manner of death.

9. The Title VI cause of action can only be properly plead against the County Defendants and Plaintiffs admit this and agree to dismiss this claim against Defendant Gary Hargrove. *See Plaintiffs' Memorandum in Support of Response to Motion for Summary Judgment* at p. 37, Footnote 20 [Doc. 161] citing to *Muthukumar v. Kiel*, 478 F. App'x 156, 159 (5th Cir. 2012) ("Title VI permits suits only against public or private entities receiving funds and not against individuals.").

10. Plaintiffs agree to dismiss all of their claims arising under Mississippi state law.

11. In this case, Defendants produced 5,821 Coroner files, which constitute all of the available Coroner files for the time period from 2012 until mid-2016. In that period, there were 10,563 deaths in Harrison County, meaning that the Coroner opened a file in roughly 55% of all deaths.

12. The parties stipulate to the authenticity of the records from the Mississippi Bureau of Vital Statistics ("MBVS"), including the MBVS records relating to "Deaths Filed in Mississippi by Funeral Home Listed on Death Certificate and Race Deaths Occurring between 2007 – 2016." Plaintiffs maintain their objection to the relevance of these records, but understand that the Court has ruled that these records are relevant. *See Court's Memorandum and Order* [Doc. 307] at p. 5, ¶ D. (denying Plaintiffs' Motion *in*

*Limine* No. 4 to Exclude Irrelevant Argument and Testimony About Coroner Practices in Other Counties [Doc. 209]).

13. The parties stipulate to the authenticity of the records from Harrison County showing payments to different funeral homes between 1996-2016. Defendants reserve the right to object, on the basis of relevance, to the admission of these records but do not contest their authenticity.

14. Plaintiffs are licensed mortuaries in Harrison County, and have complied with all requirements under Mississippi law and in Harrison County to obtain the licenses necessary to be lawful mortuaries in Harrison County.

15. Harrison County receives federal funding.

16. Coroner Gary Hargrove is the official policymaker of with respect to the Coroner's duties in Harrison County and his actions constitute the official action and policy of Harrison County.

17. Both the Plaintiffs and Defendants were obligated to comply with Mississippi Code Annotated §73-11-58.

18. Coroner Gary Hargrove is a "public officer."

19. Dr. Paul McGarry was a forensic pathologist who performed autopsies for various Mississippi counties, including Harrison County.

20. From January 1, 2012 to January 10, 2015, all autopsies in Harrison County authorized by the Coroner's Office were conducted at Riemann's Family Funeral Homes on Three Rivers Road in Gulfport, Mississippi by Dr. Paul McGarry.

21. Dr. Paul McGarry died on January 10, 2015.

   **B. The contested issues of fact are as follows:**

By Plaintiffs:

1. Whether in cases he controls, the Coroner selects a funeral home to conduct a removal, decides where autopsies will take place and where bodies will be stored, and determines what homes will conduct burials and cremations of indigent individuals and individuals whose relatives are not located.

2. Whether the Defendants claims about cooler-access, autopsies, and absence of control are pretext.

3. Whether Defendant Hargrove lied when he claimed he used a rotation system because, in fact, he discriminated against Plaintiffs on account of race.

4. Whether directing removal and funeral home choice, the Coroner exercises uses race as part his decisions, often sending most business to white-owned firms and virtually never sending white bodies to black-owned homes.

5. Whether, typically, once a decedent is taken to a particular funeral home, that home will provide all services to that decedent and their family—*e.g.*, the home that removes a body ends up holding the funeral and performing the burial or cremation.

6. Whether the Board sets the Coroner's budget, approves burial or cremation of indigent individuals and individuals whose kin are not located, and authorizes payment of County funds to funeral businesses, including that 98% of those payments have gone to white-owned firms during the Coroner's tenure.

7. Whether Defendants have never changed their policies governing the Coroner's assignment of mortuary business at any time since Coroner Hargrove was elected to present.

8. Whether Defendants discriminated against the Plaintiffs either by intentionally treating them differently than the white-owned funeral homes or by maintaining policies and practices that have a disparate impact on the black-owned mortuaries in Harrison County; *i.e.* Plaintiffs.

9. Whether, and to what extent, the Defendants' discrimination against Plaintiffs caused them to suffer damages that should be compensated for in this suit.

10. Whether, and to what extent, Defendant Hargrove's discrimination against Plaintiffs warrants punitive damages that are necessary to both punish the Coroner  deter the Coroner and other public officials in Harrison County from discriminating against Plaintiffs on account of their race.

11. What form of injunctive or equitable remedy should be imposed to prevent Defendants from discriminating against Plaintiffs going forward.

12. Any factual disputes set forth in any pleadings, Motions or Responses of Plaintiffs which are adopted by reference.

By Defendants:

1. Whether the Coroner or Harrison County discriminated against the Plaintiffs in any respect.

2. Whether or not the Coroner or Harrison County had race neutral reasons for any decision made related to the claims of the Plaintiffs.

3. Whether J.T. Hall's cooler is adequate to preserve a body and has sufficient capacity to do so?

4.  Whether Hargrove or a Deputy Coroner's view of a body at a funeral home indicates that the funeral home decision was made by a person outside of the Coroner's Office?

5. Whether the Plaintiffs at all times made due inquiry into the choice of a decedent's family before accepting a decedent's remains?

6. Whether a death falling under the Coroner's jurisdiction only gives him and his office the authority to determine cause or manner of death and not selection of any funeral home?

7. Whether Hargrove had any authority to go against the directive of the only area forensic pathologist capable of performing autopsies?

8. To what extent the Plaintiffs alleged damages were caused by their own advertising expenditures or lack thereof.

9. Whether the racial division in choice of funeral homes is historically present in all Mississippi counties, including Harrison County?

10. Whether Plaintiffs suffered any damages whatsoever and whether Plaintiffs claims of damages are speculative at best?

11. Riemann's and Bradford's both possessed body storage coolers capable of storing 40 or more bodies.

12. Prior to the filing of this lawsuit, J.T. Hall's and Marshall's were the only Plaintiff funeral homes with body storage coolers located onsite at their funeral homes.

13. Marshall's funeral home only began utilizing a three person cooler on or about Mid-2015.

14. Harrison County does not pay area funeral homes for body storage/refrigeration.

15. J.T. Hall's charges $75.00/day for use of its body storage cooler.

16. The body of a pauper has to be properly preserved before the Board of Supervisors may act to authorize a funeral home to perform a pauper's burial.

17. Funeral homes are obligated to make due inquiry as to the desires of the persons who have the legal authority to direct the disposition of the decedent's body before accepting a body from the Coroner.

18. A large percentage of decedents entered into pre-needs contracts with funeral homes during their lives and in those instances the Coroner's Office has no authority to direct a body to any funeral home other than the contracted one.

19. A large percentage of decedents within the Coroner files died at hospice and/or nursing homes.

20. As part of standard practice, persons in hospice and/or nursing home care are asked their funeral home preference upon admission and hospice and/or nursing home staff completes a Body Release Form at the time of a death which "require(s) the nurse to contact the funeral home selected by the family/patient to take charge of the patient's remains."

21. A large percentage of decedents entered into pre-needs contracts with funeral homes during their lives and in those instances the Coroner's Office has no authority to direct a body to any funeral home other than the contracted one.

22. A large percentage of decedents within the Coroner files died at hospice and/or nursing homes.

23. As part of standard practice, persons in hospice and/or nursing home care are asked their funeral home preference upon admission and hospice and/or nursing home staff completes a Body Release Form at the time of a death which "require(s) the nurse to contact the funeral home selected by the family/patient to take charge of the patient's remains."

24. A licensed funeral establishment or other licensee of the board shall not embalm or cremate a dead human body without the prior written or oral consent of the next of kin or authorizing agent or representative of the deceased for each body that is placed under its care and custody. In determining who the proper next of kin is or authorizing agent or representative of the deceased, the order of priority is the same as provided in Section 73-11-58.

25. Dr. McGarry was an independent contractor and not an employee of Harrison County.

26. Any factual disputes set forth in any pleadings, Motions or Responses of Defendants which are adopted by reference.

C. **The contested issues of law are as follows**:

**By Plaintiffs:**

Whether Defendants violated Plaintiffs' constitutional rights under the Fourteenth Amendment's Equal Protection Clause.

Whether Defendants violated Plaintiffs' right to be free of race based discrimination, including under a disparate impact form of discrimination, under 42 U.S.C. § 1981.

Whether Harrison County, as a recipient of federal funding, violated Plaintiffs rights under Title VI by discriminating against them on the basis of race, color, or national origin.

Whether, and for what amount, Plaintiffs should receive compensatory damages as a result of discrimination by Defendants.

Whether, and for what amount, Plaintiffs should receive punitive damages as a result of Defendant Hargrove's actions.

Whether Plaintiffs are entitled to injunctive relief to remedy and prevent the harms they have suffered.

Any contested issues of law set forth in any pleadings, Motions or Responses of Plaintiffs which are adopted by reference.

**By Defendants:**

1. Whether Coroner Gary Hargrove or Harrison County are liable for violating 42 U.S.C. § 1983 and/or 42 U.S.C. § 1981 and/or under Title VI.

2. Whether Coroner Gary Hargrove or Harrison County discriminated against the Plaintiffs in any respect including, but not limited to, in the removals, autopsies and pauper's burials of decedents in Harrison County.

3. Whether Coroner Gary Hargrove has any lawful authority to direct the removal of a decedent's body, other than for a death requiring an autopsy, to a particular funeral home or "licensee" contrary to the authorization of a decedent or authorization other persons, in the order of priority as listed Miss. Code Ann. § 73-11-58(1)(a)-(l);

4. Whether a "funeral establishment," such as the Plaintiffs, is prohibited from accepting a dead human body from any "public officer" without having first made due inquiry as to the desires of the persons who have the legal authority to direct the disposition of the decedent's body pursuant to Miss. Code Ann. § 73-11-58(2).

5.  Whether a "licensee" as defined in Miss. Code Ann. § 73-11-41(m) and/or as a "funeral establishment" the Plaintiffs would be prohibited from accepting a dead human body from the Defendant, Gary Hargrove, as Coroner without having first made due inquiry as to the desires of the persons who have the legal authority to direct the disposition of the decedent's body pursuant to Miss. Code Ann. § 73-11-58(2).

6.  Whether as a "licensee" as defined in Miss. Code Ann. § 73-11-41(m) and/or as a "funeral establishment" the Plaintiffs are prohibited from accepting a dead human body from any "public officer" without having first made due inquiry as to the desires of the persons who have the legal authority to direct the disposition of the decedent's body pursuant to Miss. Code Ann. § 73-11-58(2).

7.  Whether the authority and directions of those authorized in Miss. Code Ann. § 73-11-58(1)(a)-(l) "shall govern the disposal of the remains of the decedent" pursuant to Miss. Code Ann. § 73-11-58(2).

8.  Whether Coroner Gary Hargrove has any authority to direct "more than 1,000 removals per year" to any funeral home contrary to the authorization of a decedent or authorization other persons, in the order of priority as listed Miss. Code Ann. § 73-11-58(1)(a)-(l).

9.  Whether Coroner Gary Hargrove, except in cases of homicide, indigents or paupers, or other unexplained or suspicious or unexplained death, can direct a decedent's body to a particular funeral home or "licensee" contrary to the decedent, a spouse, child or other family member of a decedent's instructions or that of the other persons, in the order of priority listed Miss. Code Ann. § 73-11-58(1)(a)-(l).

10. Whether as a "licensee" as defined in Miss. Code Ann. § 73-11-41(m) and/or as a "funeral establishment" the Plaintiffs cannot remove or otherwise take possession of a decedent's body contrary to a spouse, child or other family member of a decedent's instructions or consent or that of the other persons, in the order of priority listed Miss. Code Ann. § 73-11-58(1)(a)-(l).

11. Whether as a "licensee" as defined in Miss. Code Ann. § 73-11-41(m) and/or a "funeral establishment" the Plaintiffs are "prohibited from responding to a death call unless properly contacted and requested to so respond" pursuant to Miss Code Ann. § 73-11-73(1).

12. Whether or not Coroner Gary Hargrove or Harrison County discriminated against the Plaintiffs in any respect.

13. Whether Plaintiffs' expert economist John M. Gale, Ph.D. should be allowed to testify his opinions relating to follow-on/up funeral/removal profits and advertising losses under Fed. R. Evid. 702 and the principles of *Daubert*.

14. Whether as a matter of law, Plaintiffs should be prohibited from offering any evidence of damages not provided in discovery in response to specific discovery requests therefore.

15. Whether the Coroner or Harrison County are liable for violating 42 U.S.C. § 1983 and/or 42 U.S.C. § 1981.

16. Whether the Harrison County is liable for violating Title VI.

17. Whether Plaintiffs should be prohibited from offering any evidence of damages not provided in discovery in response to specific discovery requests therefore. See Federal Rule of Civil Procedure 37(c) directs that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

18. Whether decedents, their family members and those persons in the order or priority as set forth in  sections a - l of Miss. Code Ann. § 73-11-58 have a right to select the funeral home where the decedent is delivered in the order of priority listed therein.

19. Whether Coroner Hargrove as a "public official" is entitled to qualified immunity.

20. Any contested issues of law set forth in any Motions or Responses of these Defendants which are adopted by reference.


**10.** The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel**.

**a.**     To be offered by the Plaintiffs:

Plaintiffs' Exhibit List:[1]

---

[1] Plaintiffs' witness and exhibit lists have been limited to reflect rulings of the Court made before trial, including those related to *Daubert* and Plaintiffs' statistics expert Dr. Richard Campbell, Plaintiffs motion to reconsider that ruling, and other motions *in limine* previously ruled upon by the Court. Because of those prior rulings, the witnesses and documents are not listed in this pretrial order By offering exhibits and witnesses narrowed to conform to those rulings, Plaintiff do not waive any objection—at trial, after the close of evidence, after a verdict, or on appeal—to any of these prior rulings. At the Court's direction, Plaintiffs have also narrowed their exhibit list to those documents Plaintiffs reasonably intend to, or might foresee, introducing at trial. Plaintiffs reserve the right to use a witness or party's deposition transcript and its exhibits for impeachment, to refresh recollection, or for other permissible purposes, though they are no longer listed here.

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| **P-21** | | County Payment Records (P000207-304, Harrison County 000094, 000147, 000212, 000592, 000756, 000763, 000776, 000840, 000843) | | | | |
| **P-22** | | Board Checks Issued (P305-16) | | | | |
| **P-23** | | Cash Disbursement Ledger (P317-35) | | | | |
| **P-24** | | Payment records (P432-43) | | | | |
| **P-25 (previously P8)** | | Roster of Board Members (Harrison County 001681-1683) | | | | |
| **P-26** | | Deposition of Gary Hargrove and all Exhibits | X | | | |
| | **P-26-A** | Exhibit 54: Defendant Gary Hargrove's Answers to Plaintiff's First Set of Interrogatories | | | | |
| | **P-26-B** | Exhibit 55: MS Code § 41-61-59 (2013) | X | | | |
| | **P-26-C** | Exhibit 56: Payment Authorization | | | | |
| | **P-26-D** | Exhibit 57: Payment Authorization | X | | | |
| | **P-26-E** | Exhibit 58: Statement | X | | | |
| | **P-26-F** | Exhibit 59: Example Death | X | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | Investigation | | | | |
| | P-26-G | Exhibit 60: Example Death Investigation | X | | | |
| | P-26-H | Exhibit 61: Example Death Investigation | X | | | |
| P-27 | | Deposition of John Johnson | X | | | |
| P-28 | | Deposition of Connie Rocko and all Exhibits | | | | |
| | P-28-A | Exhibit 46: Pauper Order | | | | |
| | P-28-B | Exhibit 47: Board Order | | | | |
| | P-28-C | Exhibit 48: File Summary | | | | |
| | P-28-D | Exhibit 49: Transportation Bid Memo | X | | | |
| | P-28-E | Exhibit 50: Transportation Bid Document | X | | | |
| | P-28-F | Exhibit 51: Transportation Order | X | | | |
| | P-28-G | Exhibit 52: Assurance Transportation Bid | X | | | |
| | P-28-H | Exhibit 53: Lockett-Williams Transportation Bid | X | | | |
| P-29 | | Declaration of John Gale | | | | |
| P-30 | | Supplemental Report of John Gale (04/08/2018). | | | | |
| P-31 | | Supplemental Report of John Gale (07/31/2017) | | | | |
| P-32 (previously | | Overview of State Funeral Home | | | | |

15

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| P9) | | Death Statistics (P07946) | | | | |
| P-33 (previously P15) | | Overview of Funeral Home Assignments (P7946-7950) | | | | |
| P-34 | | Harrison County's Written Responses to Document Requests | | | | |
| P-35 | | Harrison County's Responses to Interrogatories | | | | |
| P-36 | | Gary Hargrove's Written Responses to Document Requests | | | | |
| P-37 | | Gary Hargrove's Responses to Interrogatories | | | | |
| P-38 | | | | | | |
| P-39 | | Coroner Statistical Report 2012 (P000444-000478) | | | | |
| P-40 | | Coroner Statistical Report 2013 (P000479-000515) | | | | |
| P-41 | | Coroner Statistical Report 2014 (P000516-000554) | | | | |
| P-42 | | Coroner Statistical Report 2015 (P000555-000582) | | | | |
| P-43 | | Harrison County Death Statistics (P7925-7944) | X | | | |
| P-44 | | Marshall's Cooler Info (P7947-50) | X | | | |
| P-45 | | Plaintiffs' Tax Documents | X | | | |
| | P-45-A | Pamela Dickey, Dickey Bros. Tax | X | | | |

16

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | Documents (P001015-001078, P004606-004654)) | | | | |
| | P-45-B | Hartwell Tax Documents (P004655-P004683, P004700-004701, P004704-004735, P004739-004767, P004771-004799, P004803-004822, P004827-004847, P002677-002731, P004851-004861, P002630-002673) | X | | | |
| | P-45-C | J.T. Hall, Helen Evans Tax Documents (P002814-002826, P 004862-005195, P005201-005246, P005263-005398) | X | | | |
| | P-45-D | Lockett-Williams Tax Documents (P005399-005447) | X | | | |
| | P-45-E | Marshall's Tax Documents (P005448-005476, P005538-005549) | X | | | |
| | P-45-F | Richmond-August Tax Documents (P005477-P005499) | X | | | |
| P-46 | | Orders Authorizing Cremations of Paupers (P583-602, P859-878, P995-1014)) | X | | | |
| P-47 | | Various Cremation/Pauper Orders (P487-48, | X | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | P457-58), P879-994, P835-856) | | | | |
| P-48 | | Dickey Brothers' Financial Documents | X | | | |
| | P-48-A | Dickey's Statement of Funeral Goods and Services (P001079-001099) | X | | | |
| P-49 | | Hartwell's Financial Documents | X | | | |
| | P-49-A | Hartwell's Profit & Loss Statements 2006-2014 (P004684-004685, P004702-004703, P004736-004738, P004768-004770, P004800-004802, P004823-004826, P004848-004850, P002674-002676, P002627-002629) | X | | | |
| | P-49-B | Hartwell's Funeral Records 1987-2016 (P001106-002579) | X | | | |
| P-50 | | J.T. Hall's Financial Documents | X | | | |
| | P-50-A | J.T. Hall Pre-Need Registrations and Annual Reports 2005-2011 (P005247-005262) | X | | | |
| | P-50-B | J.T. Hall Pre-Need Registrations and Annual Reports 2012-2014 (P002751-002768) | X | | | |
| | P-50-C | J.T. Hall 2015 Pre- | X | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | Need Funeral Service Contract (P005196-005200) | | | | |
| | P-50-D | J.T. Hall Funeral Record Books (P002827-004338) | X | | | |
| | P-50-E | J.T. Hall Invoice for Cooler (P002750) | X | | | |
| P-51 | | Marshall's Financial Documents | X | | | |
| | P-51-A | Marshall's 2007-2015 Monthly Report of Funerals (P004378-004507) | X | | | |
| P-52 | | Richmond-August's Financial Documents | X | | | |
| | P-52-A | Richmond-August's 2011-2016 Case Report for At-Need Contracts, Misc Invoices (P004508-004515) | X | | | |
| | P-52-B | Richmond-August's 2011-2015 Profit & Loss Statements (P004533-004541) | X | | | |
| | P-52-C | Richmond-August's Pre-Need Registration and Annual Report (P004542-P004547) | X | | | |
| | P-52-D | Richmond-August's At-Need Volume Detail Reports (P004548-004550) | X | | | |
| | P-52-E | Richmond-August | X | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | List of Claims (P004595-004598) | | | | |
| | P-52-F | Richmond-August Sales by Contract Detail Report (P004599-004605) | X | | | |
| P-53 | | Locket-Williams' Financial Documents | X | | | |
| | P-53-A | Lockett-Williams 1996-2016 Funeral Records (P005550-007497) | X | | | |
| P-54 | | Emails involving Gary Hargrove | X | | | |
| | P-54-A | Emails with Shannon Gibson of Riemann re Cooler, June 2, 2013 (Harrison County 001751-001752) | X | | | |
| | P-54-B | Emails with Donna Herbert re Pauper Cases, August 15, 2014 (Harrison County 001787) | X | | | |
| | P-54-C | Emails with Jody M. Webster, Angela L. Thrush, and Pamela J. Ulrich re Assurance Transportation Contract, June 10, 2015 (Harrison County 001838-001840) | X | | | |
| | P-54-D | Emails with Kathryn Smith re Riemann, Ashes Distribution (Harrison County | X | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | 001732) | | | | |
| | P-54-E | Emails with Nelly Voss-Tulling re the body of Gerrit Dijkhuizen, November 22-28, 2016 (Harrison County 002123-002127) X | X | | | |
| | P-54-F | More Emails with Nelly Voss-Tulling re the body of Gerrit Dijkhuizen, November 29, 2016 - January 3, 2017 (Harrison County 002137-002139) | X | | | |
| P-55 | | Emails involving Joy Yates | | | | |
| | P-55-A | Christopher Clarke Incident Report (Harrison County 002536) | X | | | |
| | P-55-B | Emails with John O'Keefe of Select Specialty Hospital re Indigent Cases, February 4, 2016 (Harrison County 002678-002679) | X | | | |
| | P-55-C | Email from Lori Bingham re Nursing Home Calling Riemann, July 15, 2014 (Harrison County 002893) | X | | | |
| | P-55-D | Emails with Chelsea Crittenden re William B. Smith re Looking | X | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | for Relatives, (Harrison County 002780) | | | | |
| | P-55-E | Email from David Gunn from Riemann re Potential County Case, Luther Christopher Johnson, November 29, 2016 (Harrison County 002834) | X | | | |
| | P-55-F | Emails with Grandver Everett re Body without Family at Riemann, February 16 - April 12, 2017 (Harrison County 002721-002722) | X | | | |
| P-56 | | Summary of County Payment Records (Revised version of SJ Exhibit 51) | | | | |
| P-57 | | Exemplar Coroner Files | | | | |
| P-58 | | Coroner Files Involving Indigent Decedents (including associated index/cover) | | | | |
| P-59 | | Coroner Files Involving Autopsies Ordered by the Coroner (including associated index/cover) | | | | |
| P-60 | | Coroner Files Involving Release | | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | of Body Forms Signed by The Coroner or His Deputies (including associated index/cover) | | | | |
| P-61 | | Coroner Files Involving Release of Body Forms Not signed by the Coroner or His Deputies (including associated index/cover) | | | | |
| P-62 | | Summaries Concerning Pauper Files | | | | |
| | P-62-A | Chart Summarizing Pauper Files (P7968) | | | | |
| | P-62-B | Table Summarizing Pauper Files (P8009) | | | | |
| P-63 | | Summaries Concerning Autopsy Files | | | | |
| | P-63-A | Chart Summarizing Autopsy Files (P7957-7967) | | | | |
| | P-63-B | Table Summarizing Autopsy Files (P8008) | | | | |
| P-64 | | Summaries Concerning Release of Body Forms | | | | |
| | P-64-A | Chart | | | | |

| Exhibit No. | Sub-Exhibit No. | Description | Marked for ID Only | Sponsor | ID Date | Evidence Date |
|---|---|---|---|---|---|---|
| | | Summarizing Release of Body Forms Signed By the Coroner or Deputy (P7973-7980) | | | | |
| | P-64-B | Table Summarizing Release of Body Forms Signed by the Coroner Or Deputy (P8011) | | | | |
| P-65 | | Additional Summaries of Coroner Files In Light of Future Rulings or as dictated by the evidence | | | | |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Defendants' Objections to Plaintiffs' Exhibit List:

| Exhibit No. | Sub-Exhibit No. | Description | Objection |
|---|---|---|---|
| P-16 - 19 | | Dr. Gale Exhibits | The Defendants object to this Exhibit as this Court has excluded the testimony and opinions of Dr. Gale. *See Court's Memorandum Opinion and Order* [Doc. 307] at p. 11, ¶ 1; *see also Defendants' Motion in Limine* [Doc. 244] at p. 1, ¶ 1.<br><br>As such, the Defendants further object that any reports, declarations or other evidence regarding Dr. Gale or his |

| | | | opinions will be inadmissible under Rules 702, 703 and 802 FRE. The Defendants object pursuant to Rule 702, 703 and 802 FRE as well as their Motion *in Limine* addressing the same. Specifically, regarding P-16, Defendants further object that to P-16 as it was never produced in discovery and Defendants are unaware of its content. |
|---|---|---|---|
| **P-21** | | County Payment Records (P000207-304, Harrison County 000094, 000147, 000212, 000592, 000756, 000763, 000776, 000840, 000843) | The Defendants object to this Exhibit as it is irrelevant under FRE 201. The Plaintiffs have represented to the Court that their claims only involves select Coroner Files from 2012 – 2016 and this Exhibit includes Coroner case from 1997 – 2016. |
| **P-23** | | Cash Disbursement Ledger (P317-35) | The Defendants object to this Exhibit as it is irrelevant under FRE 201. The Plaintiffs have represented to the Court that their case only involves select Coroner Files from 2012 – 2016 and this Exhibit includes Coroner case from 1997 – 2016. |
| **P-25** | | Roster of Board Members (Harrison County-001681-1683) | The Defendants object to the relevancy of this Exhibit under Rule 401 FRE. |
| **P-26** | | Deposition of Gary Hargrove and all Exhibits (A – H) | The Defendants object to the deposition itself being introduced as an Exhibit if that is what the Plaintiffs are proposing. The Defendants do not object to any reading of the deposition into the record. Defendants further object to the Exhibits to Gary Hargrove's Deposition being an Exhibit at Trial as the Plaintiffs have not provided sufficient description (Bates |

| | | | No. or Page No.) to permit the Defendants to reasonably object to such proposed sub-Exhibits. |
|---|---|---|---|
| **P-27** | | Deposition of John Johnson | The Defendants object pursuant to Rule 32(a) FRCP as this witness is available for live testimony and is not a party to this action. |
| **P-28** | | Deposition of Connie Rockco and all Exhibits (A – H) | The Defendants object pursuant to Rule 32(a) FRCP as this witness is available for live testimony and is not a party to this action. |
| **P-32** | | Overview of State Funeral Home Death Statistics (P07946) | The Defendants object to this exhibit pursuant to Rule 1006 FRE as no foundation has been laid for its admissibility including a sponsoring witness. |
| **P-33** | | Overview of Funeral Home Assignments (P7946-7950) | The Defendants object to this exhibit pursuant to Rule 1006 FRE as no foundation has been laid for its admissibility including a sponsoring witness. |
| **P-34 – 37** | | Defendants' Discovery Responses | The Defendants object to such being an Exhibit at Trial as the Plaintiffs have not provided sufficient description (Bates No. or Page No.) to permit the Defendants to reasonably object to such proposed Exhibits. Plaintiffs should identify specific answers to Interrogatories and Requests for Production by Defendants for clarity.<br><br>Defendants object to the relevance pursuant to Rule 401 FRE of all of the Defendants' Discovery Responses, |
| **P-43** | | Harrison County Death Statistics (P7925-7944) | Defendants will not object if Plaintiffs will stipulate to the admissibility of the Mississippi Bureau of Vital Statistics |

| | | | |
|---|---|---|---|
| | | | Reports of Death by County by Funeral Home |
| P-46 | | Orders Authorizing Cremations of Paupers (P583-602, P859-878, P995-1014)) | The Defendants further object to this Exhibit as it is irrelevant under FRE 201. The Plaintiffs have represented to the Court that their claims only involves select Coroner Files from 2012 – 2016 and this Exhibit includes Coroner cases as far back as 2010. |
| P-47 | | Various Cremation/Pauper Orders (P487-48, P457-58, P879-994, P835-856) | Defendants Object to this Exhibit, as the it does not identify the documents it purports to identify.  P487-48 and P457-58 relate to Coroner Statistical Reports and are not Pauper Orders by the County.<br><br>If the correct Bates No. are identified then Defendants may withdraw objection.<br><br>Defendants further object to P879-994 and P835-856 as it was not produced during discovery which prejudices Defendants' ability to reasonably object to such proposed portion of Exhibit.<br><br>If produced then Defendants may withdraw objection. |
| P-54 | | Emails involving Gary Hargrove (C – F) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE. |
| | P-54-C | Emails with Jody M. Webster, Angela L. Thrush, and Pamela J. Ulrich re Assurance Transportation Contract, June 10, 2015 (Harrison County 001838-001840) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE. |
| | P-54-D | Emails with Kathryn Smith re Riemann, Ashes Distribution (Harrison County 001732) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE. |

| | | | |
|---|---|---|---|
| | P-54-E | Emails with Nelly Voss-Tulling re the body of Gerrit Dijkhuizen, November 22-28, 2016 (Harrison County 002123-002127) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE.<br><br>Further, Defendants object that this Sub-Exhibit does not contain the entire email string and is misleading and prejudicial under Rule 403 FRE.  Bates No. Harrison County 002122-002126 comprises entire email string. |
| | P-54-F | More Emails with Nelly Voss-Tulling re the body of Gerrit Dijkhuizen, November 29, 2016 - January 3, 2017 (Harrison County 002137-002139) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE.<br><br>Further, Defendants object that this Sub-Exhibit does not contain the entire email string and is misleading and prejudicial under Rule 403 FRE.  Bates No. Harrison County 002135-002139 comprises entire email string. |
| P-55 | | Emails involving Joy Yates (A, C, D and F) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE. |
| | P-55-A | Christopher Clarke Incident Report (Harrison County 002536) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE.<br><br>Further, Defendants object that this Sub-Exhibit does not contain the entire email string and is misleading and prejudicial under Rule 403 FRE.  This Sub-Exhibit only contains one page of an email string. |
| | P-55-C | Email from Lori Bingham re Nursing Home Calling Riemann, July 15, 2014 (Harrison County 002893) | Defendants object that this Sub-Exhibit does not contain the entire email string and is misleading and prejudicial under Rule 403 FRE.  This Sub-Exhibit only contains one page of an email string. Defendants will withdraw their objection if entire email string Bates No. Harrison County 002892-002893 is included. |
| | P-55-D | Emails with Chelsea Crittenden re William B. Smith re Looking for Relatives,  (Harrison County 002780) | Defendants object to the relevance of this Exhibit pursuant to Rule 401 FRE. |

| | P-55-F | Emails with Grandver Everett re Body without Family at Riemann, February 16 - April 12, 2017 (Harrison County 002721-002722) | Defendants object that this Sub-Exhibit does not contain the entire email string and is misleading and prejudicial under Rule 403 FRE.  Bates No. Harrison County 002715-002722 comprises entire email string. |
|---|---|---|---|
| **P-56** | | Summary of County Payment Records (See Revised Version of SJ Exhibit 51) | The Defendants object to this Exhibit as the Plaintiffs have not provided sufficient description to permit the Defendants to reasonably object to this proposed Exhibit.<br><br>The Defendants further object to this Exhibit as it is irrelevant under FRE 201. The Plaintiffs have represented to the Court that their claims only involves select Coroner Files from 2012 – 2016 and this Exhibit includes Coroner cases as far back as 1997.<br><br>The Defendants further object to this exhibit pursuant to Rule 1006 FRE as no foundation has been laid for its admissibility including a witness that will testify to its creation and veracity. This is not an admissible summary exhibit under Rule 1006 FRE. |
| **P-58 - 61** | | Coroner Files Involving: (P-58) Indigents, (P-59) Autopsies Ordered by the Coroner, (P-60) Release of Body Forms Signed by the Coroner or His Deputies and (P-61) Coroner Files Involving Release of Body Forms Not Signed by the Coroner or his Deputies | Defendants have no objections to the admissibility of any of the actual Coroner Files from 2012 – 2016 (HCCO-008138 – 99569).<br><br>However, Defendants strenuously object to any "summary exhibit" created by Plaintiffs' counsel and/or Plaintiffs' counsel's staff pursuant to Rule 1006 FRE as no foundation has been laid for their admissibility including any sponsoring witness that will testify to their  creation and veracity. Such are not admissible summary exhibits under Rule 1006 FRE. |

| P-62 - 64 | | New Spreadsheets Created by Plaintiffs' Counsel and/or Plaintiffs' counsel's staff | Defendants strenuously object to any of the new "summary exhibits" created by Plaintiffs' counsel and/or Plaintiffs' counsel's staff pursuant to Rule 1006 FRE as no foundation has been laid for their admissibility including any sponsoring witness that will testify to their creation and veracity. The proposed summary exhibits are misleading and inaccurate. Such are not admissible summary exhibits under Rule 1006 FRE.<br><br>Plaintiffs Exhibits P-64-C – E have been excluded by this Court. |
| P-65 | | Additional Summaries of Coroner Files In Light of Future Rulings or as Dictated by Evidence | Defendants strenuously object to any further "summary exhibits" created by Plaintiffs' counsel and/or Plaintiffs' counsel's staff pursuant to Rule 1006 FRE. Such will surely follow the same pattern as the excluded Spreadsheets and New Spreadsheets and will be inadmissible summary exhibits under Rule 1006 FRE. |

**b.**     To be Offered by the Defendants:

| Exhibit No. | Sub-Exhibit No. | Description | Sponsor | I.D. Date | Evidence Date |
|---|---|---|---|---|---|
| **D-1** | | Exemplar Coroner Files<br><br>[Bates No. HCCO-8138 thru 99659] | | | |
| **D-2** | | Coroner Files for Indigent/Pauper's Burials<br><br>[Bates No. HCCO-8138 thru 99659] | | | |

| D-3 | | Photos of Plaintiffs' Funeral Homes<br><br>[Bates No. HARGROVE-001 - 485] | | | |
|---|---|---|---|---|---|
| | D-3-A | Photos of Dickey Brothers' Funeral Home<br><br>[Bates No. HARGROVE-001 - 45] | | | |
| | D-3-B | Photos of Hartwell's Funeral Home<br><br>[Bates No. HARGROVE-046 - 88] | | | |
| | D-3-C | Photos of J.T. Hall's Funeral Home<br><br>[Bates No. HARGROVE-089 - 237] | | | |
| | D-3-D | Photos of Lockett-Williams's Funeral Home<br><br>[Bates No. HARGROVE-238 - 287] | | | |
| | D-3-E | Photos of Marshall's Funeral Home (Main Facility on Division Street)<br><br>[Bates No. HARGROVE-288 - 355] | | | |
| | D-3-F | Photos of Marshall's Crematory (New Facility on Veteran's Avenue)<br><br>[Bates No. HARGROVE-356 - 432] | | | |

| | D-3-G | Photos of Richmond-August's Funeral Home<br><br>[Bates No. HARGROVE-433 - 485] | | | |
|---|---|---|---|---|---|
| **D-4** | | 2007 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001520-001533] | | | |
| **D-5** | | 2008 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001534-001547] | | | |
| **D-6** | | 2009 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001548-001560] | | | |
| **D-7** | | 2010 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001561-001573] | | | |
| **D-8** | | 2011 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | [Bates No. Harrison County-001574-001586] | | | |
| **D-9** | | 2012 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001587-001604] | | | |
| **D-10** | | 2013 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001605-001623] | | | |
| **D-11** | | 2014 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001624-001642] | | | |
| **D-12** | | 2015 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001643-001661] | | | |
| **D-13** | | 2016 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County- | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | 001662-001679] | | | |
| **D-14** | | Harrison County Pauper's Burial Policy  [Bates No. Harrison County-000878-000884] | | | |
| **D-15** | | File Summaries on Cremations/Burials  [Bates No. P000583-000602] | | | |
| **D-16** | | Pauper's Burial Orders  [Bates No. P000849-P000990] | | | |
| **D-17** | | The subject Exhibit has been **WITHDRAWN** and will not be offered at trial by Defendants. | | | |
| **D-18** | | Photos of J.T. Hall's  (Pages 1 – 93) | | | |
| **D-19 - 21** | | The subject Exhibits have been **WITHDRAWN** and will not be offered at trial by Defendants. | | | |
| **D-22** | | Video of Marshall's Crematory (New Facility on Veteran's Avenue) | | | |
| **D-23 - 24** | | The subject Exhibits have been removed and will not be offered at trial by Defendants. | | | |
| **D-25** | | Video of Richmond-August | | | |

| | | | | | |
|---|---|---|---|---|---|
| **D-26** | | Photos of Riemann's Funeral Home<br><br>(Pages 1 – 77) | | | |
| **D-27** | | Videos of Riemann's | | | |
| | **D-27-A** | Video of Riemann's Prep Room and Cooler | | | |
| | **D-27-B** | Video of Riemann's File Room | | | |
| | **D-27-C** | Video of Riemann's Cooler | | | |
| **D-28** | | Dr. Paul McGarry Autopsies and Billing from January 2014 – January 2015 | | | |
| | **D-28-A** | Dr. Paul McGarry Autopsies and Billing from January 2014 – August 2014<br><br>[Pages 1 – 22] | | | |
| | **D-28-B** | Dr. Paul McGarry Autopsies and Billing from September 2014 – January 2015<br><br>[Pages 1 – 15] | | | |
| **D-29** | | The subject Exhibit has been **WITHDRAWN** and will not be offered at trial by Defendants. | | | |
| **D-30** | | Mississippi Secretary of State Pre-Need Rules and Regulations<br><br>[Bates No. | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Harrison County-001407-001416] | | | |
| D-31 | | Inspection Reports of the Plaintiff Funeral Homes from the Mississippi State Board of Funeral Services<br><br>[Bates No.<br>Harrison County-001417-001439] | | | |
| D-32 | | Everplan Article "Reasons For Refrigerating The Body Before Burial or Cremation"<br><br>[Bates No.<br>Harrison County-001707-001712] | | | |
| D-33 | | The Guardian Article "Life After Death- The Science of Human Decomposition"<br><br>[Bates No.<br>Harrison County-001689-001701] | | | |
| D-34 | | Gary Hargrove Campaign Reports from 1999-Present<br><br>[Bates No.<br>Harrison County-002983-003018] | | | |
| D-35 | | Crematory Inspection Report from the Mississippi State Board of Funeral Services<br><br>[Bates No.<br>Harrison County-001467] | | | |
| D-36 | | Assurance Transportation Bid for Autopsy Transport Contract | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | [Bates No. Harrison County-003515-003631] | | | |
| **D-37** | | Serenity Transportation Services Invoices from April 2015 – May 2015 <br><br> [Bates No. Harrison County-003632-003631] | | | |
| **D-38** | | County Payments to Serenity Transportation Services from January 2015 – September 2015 <br><br> [Bates No. Harrison County-003634-003651] | | | |
| **D-39** | | Tonette Jackson Chancery Court File <br><br> [Bates No. Harrison County-003690-003712] | | | |
| **D-40** | | 2015 WKRG News Video on Hardy Jackson <br><br> [Bates No. Harrison County-003720] | | | |
| **D-41** | | August 28, 2006 ABC News Article on Hardy Jackson <br><br> [Bates No. Harrison County-003688-003689] | | | |
| **D-42** | | J.T. Hall's Trustee Reports from 2010-2016 <br><br> [Bates No. Harrison County- | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | 003021-003202] | | | |
| **D-43** | | Marshall's Trustee Report from 2010-2016 [Bates No. Harrison County-003203-003378] | | | |
| **D-44** | | Marshall's Webpage Listing Prices for Mortuary Services [Bates No. Harrison County-003655] | | | |
| **D-45** | | Exhibit D-2 to *Daubert* Hearing - Excerpts 2012 Coroner's Files 12-0001 to 12-0200 | | | |
| **D-46** | | Exhibits to Sean Brauchles from Saad Hospice's Deposition | | | |
| **D-47** | | Exhibits to Lindsay Gee from Kindred Hospice's Deposition | | | |
| **D-48** | | Exhibits to Tracy Manning from Kindred Hospice's Deposition | | | |
| **D-49** | | Canon Hospice – Signs of Patient's Final Days [Bates No. Harrison County-003656-003657] | | | |
| **D-50** | | Kindred Hospice Admission Form [Bates No. Harrison County- | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | 003379-003381] | | | |
| **D-51** | | Odyssey-Gentiva Hospice Brochure<br><br>[Bates No. Harrison County-003660-003661] | | | |
| **D-52** | | Riemann's Caregiver Handbook<br><br>[Bates No. Harrison County-003662-003687] | | | |
| **D-53** | | Bradford O'Keefe – Serving Families Since 1865<br><br>[Bates No. Harrison County-003659] | | | |
| **D-54** | | Assurance Transportation's Documentation of Decedent Christopher Smith's Removal and Transport to Pearl, MS<br><br>[Bates No. Harrison County-003721-003723] | | | |
| **D-55** | | Video Taken by Hartwell's Terry Ball<br><br>[Bates No. P007945] | | | |
| **D-56** | | Plaintiffs' Responses to Request for Admissions | | | |
| | **D-56-A** | Plaintiffs' Responses to Request for Admissions | | | |

| | | | | | |
|---|---|---|---|---|---|
| | **D-56-B** | Dickey Brothers' Response to Request for Admissions | | | |
| | **D-56-C** | J.T. Hall's Response to Request for Admissions | | | |
| | **D-56-D** | Hartwell's Response to Request for Admissions | | | |
| | **D-56-E** | Marshall's Response to Request for Admissions | | | |
| | **D-56-F** | Richmond-August's Response to Request for Admissions | | | |
| **D-57** | | Plaintiffs' Responses to Interrogatories | | | |
| **D-58** | | Plaintiffs' Supplemental Responses to Interrogatories | | | |
| **D-59** | | Coroner's Statistical Report from 2012-2016 [Bates No. P000444-000582] | | | |
| **D-60** | | Mississippi State Board of Funeral Services Regulations [Bates No. Harrison County-001468-001494] | | | |
| **D-61** | | Exhibits to Beth Seymour from Canon Hospice's Deposition | | | |
| **D-62** | | Bradford O'Keefe's Webpage – Frequently Asked Questions [Bates No. | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Harrison County-001495-001503] | | | |
| **D-63** | | Riemann's Webpage – Facilities<br><br>[Bates No. Harrison County-001504-001506] | | | |
| **D-64** | | Riemann's Webpage – Frequently Asked Questions<br><br>[Bates No. Harrison County-001507-001510] | | | |
| **D-65** | | Riemann's Webpage – History & Staff<br><br>[Bates No. Harrison County-001511-001519] | | | |
| **D-66** | | 2007 – 2015 Marshall's Monthly Reports of Funerals from Mississippi Bureau of Vital Statistics<br><br>[Bates No. P004378-004507] | | | |
| **D-67** | | Example Contact Card Report or TLO Used by Coroner's Office<br><br>[Pages 1 – 4] | | | |
| **D-68** | | Photographs of Tonette Jackson's Name on Hurricane Katrina Memorial<br><br>[Pages 1 – 2] | | | |

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be

identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

Plaintiffs' Objections to Defendants' Exhibit List:

**b.**     To be Offered by the Defendants:

| Exhibit No. | Sub-Exhibit No. | Description | Objection |
|:---:|:---:|:---:|:---|
| **D-1** | | Exemplar Coroner Files<br><br>[Bates No. HCCO-8138 thru 99659] | Some of these files are irrelevant, since they do not involve categories of cases being introduced in this suit, R. 401, 402., in light of the rulings of the Court. For that reason, they also confuse the issues and are likely to result in substantial unfair Prejudice to Plaintiffs. *See* R. 403. Certain files also amount to other acts and propensity evidence, which should be excluded. R. 404. |
| **D-2** | | Coroner Files for Indigent/Pauper's Burials<br><br>[Bates No. HCCO-8138 thru 99659] | Plaintiffs Object to this Exhibit on grounds of Relevance, R. 401, on the basis that Defendants have refused to identify the source for their documents, many of which were not disclosed in discovery. Plaintiffs further object to the "summary" purportedly offered with this exhibit, as non compliant with Rule 1006, Rule 611, as lacking an adequate foundation, R. 901, and on the further possible basis that it may contain hearsay. Defendants have been asked repeatedly to identify the sources for |

| | | | |
|---|---|---|---|
| | | | non-batestamped files in this exhibit that were not produced in discovery and to clarify their intention with respect to the "summary" produced as well. They have refused. |
| **D-3** | | Photos of Plaintiffs' Funeral Homes<br><br>[Bates No. HARGROVE-001 - 485] | These photos are irrelevant, *see* FRE 401, 402, and their minimal probative value is substantially outweighed by the likelihood of undue prejudice, and they will confuse the issues and the jury, *see* R. 403; *see also* Ps' Mot. *in limine* No. 1 [203] |
| | **D-3-A** | Photos of Dickey Brothers' Funeral Home<br><br>[Bates No. HARGROVE-001 - 45] | Objection to D-3 above incorporated here. |
| | **D-3-B** | Photos of Hartwell's Funeral Home<br><br>[Bates No. HARGROVE-046 - 88] | Objection to D-3 above incorporated here. |
| | **D-3-C** | Photos of J.T. Hall's Funeral Home<br><br>[Bates No. HARGROVE-089 - 237] | Objection to D-3 above incorporated here. |
| | **D-3-D** | Photos of Lockett-Williams's Funeral Home<br><br>[Bates No. HARGROVE-238 - 287] | Objection to D-3 above incorporated here. |
| | **D-3-E** | Photos of Marshall's Funeral Home (Main Facility on Division Street) | Objection to D-3 above incorporated here. |

| | | | |
|---|---|---|---|
| | | [Bates No. HARGROVE-288 - 355] | |
| | **D-3-F** | Photos of Marshall's Crematory (New Facility on Veteran's Avenue)<br><br>[Bates No. HARGROVE-356 - 432] | Objection to D-3 above incorporated here. |
| | **D-3-G** | Photos of Richmond-August's Funeral Home<br><br>[Bates No. HARGROVE-433 - 485] | Objection to D-3 above incorporated here. |
| **D-4** | | 2007 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001520-001533] | These statistics are irrelevant, *see* FRE 401, 402, and their minimal probative value is substantially outweighed by the likelihood of undue prejudice, and they will confuse the issues and the jury, *see* R. 403. They also constitute improper propensity evidence, *see* R. 404, and essentially improper opinion testimony R. 701, 901. |
| **D-5** | | 2008 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001534-001547] | Objection to D-4 above incorporated here. |
| **D-6** | | 2009 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics | Objection to D-4 above incorporated here. |

| | | | |
|---|---|---|---|
| | | [Bates No. Harrison County-001548-001560] | |
| **D-7** | | 2010 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001561-001573] | Objection to D-4 above incorporated here. |
| **D-8** | | 2011 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001574-001586] | Objection to D-4 above incorporated here. |
| **D-9** | | 2012 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001587-001604] | Objection to D-4 above incorporated here. |
| **D-10** | | 2013 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001605-001623] | Objection to D-4 above incorporated here. |
| **D-11** | | 2014 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. | Objection to D-4 above incorporated here. |

| | | | |
|---|---|---|---|
| | | Harrison County-001624-001642] | |
| **D-12** | | 2015 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001643-001661] | Objection to D-4 above incorporated here. |
| **D-13** | | 2016 Funeral Home Deaths by Race from Mississippi Bureau of Vital Statistics<br><br>[Bates No. Harrison County-001662-001679] | Objection to D-4 above incorporated here. |
| **D-18** | | Photos of J.T. Hall's<br><br>(Pages 1 – 93) | Objection to D-3 above incorporated here. |
| **D-22** | | Video of Marshall's Crematory (New Facility on Veteran's Avenue) | Objection to D-3 above incorporated here. |
| **D-25** | | Video of Richmond-August | Objection to D-3 above incorporated here. |
| **D-26** | | Photos of Riemann's Funeral Home<br><br>(Pages 1 – 77) | Objection to D-3 above incorporated here. |
| **D-27** | | Videos of Riemann's | This video is irrelevant, *see* FRE 401, 402, and its minimal probative value is substantially outweighed by the likelihood of undue prejudice, and will confuse the issues and the jury, *see* R. 403; *see also* Ps' Mot. *in* |

| | | | *limine* No. 1 [203] |
|---|---|---|---|
| | **D-27-A** | Video of Riemann's Prep Room and Cooler | Objection to D-27 above incorporated here. |
| | **D-27-B** | Video of Riemann's File Room | Objection to D-27 above incorporated here. |
| | **D-27-C** | Video of Riemann's Cooler | Objection to D-27 above incorporated here. |
| **D-28** | | Dr. Paul McGarry Autopsies and Billing from January 2014 – January 2015 | Object on the basis of hearsay; lack of foundation, relevance, and other grounds. FRE 401, 402, 403, 802, 901; *see also* Pls. Motion *in limine* No. 8 (Dkt. Nos. 217,218); Pls. Motion *in limine* No. 1 (Dkts. 203, 204) |
| | **D-28-A** | Dr. Paul McGarry Autopsies and Billing from January 2014 – August 2014 [Pages 1 – 22] | Objection to D-28 above incorporated here. |
| | **D-28-B** | Dr. Paul McGarry Autopsies and Billing from September 2014 – January 2015 [Pages 1 – 15] | Objection to D-28 above incorporated here. |
| **D-30** | | Mississippi Secretary of State Pre-Need Rules and Regulations [Bates No. Harrison County-001407-001416] | Documents are likely inadmissible and may be irrelevant; confuse the issues; present an undue prejudice; and constitute a form of propensity evidence. *See* FRE 401, 402, 403, 404. |

| D-31 | | Inspection Reports of the Plaintiff Funeral Homes from the Mississippi State Board of Funeral Services<br><br>[Bates No. Harrison County-001417-001439] | Possibly useful demonstratives, but documents are likely inadmissible and may be irrelevant; confuse the issues; present an undue prejudice; constitute a form of propensity evidence; and include hearsay. *See* FRE 401, 402, 403, 802. |
|------|---|---|---|
| D-32 | | Everplan Article "Reasons For Refrigerating The Body Before Burial or Cremation"<br><br>[Bates No. Harrison County-001707-001712] | Objection to lack of foundation. FRE 401, 402, 403, 701; *see also* Pls. Motion *in limine* No. 16 (Dkt. Nos. 234, 235) |
| D-33 | | The Guardian Article "Life After Death- The Science of Human Decomposition"<br><br>[Bates No. Harrison County-001689-001701] | Objection to relevance; lack of foundation; confusion of the issues; undue prejudice; possibly cumulative. FRE 401, 402, 403, 701; *see also* Pls. Motion *in limine* No. 16 (Dkt. Nos. 234, 235). Any discussion of this is likely to constitute either inadmissible opinion testimony under 701 or undisclosed expert testimony under 702. |
| D-34 | | Gary Hargrove Campaign Reports from 1999-Present<br><br>[Bates No. Harrison County-002983-003018] | Objection to relevance; confusion of the issues; undue prejudice; and good character "bolstering"  FRE 401, 402, 403, 701; *see also* Pls. Motion *in limine* No. 16 (Dkt. Nos. 234, 235). |
| D-35 | | Crematory Inspection Report from the Mississippi State Board of Funeral Services<br><br>[Bates No. | Irrelevant form, not probative to any issue and therefore likely to confuse the issues and constitute a undue delay or unfair |

| | | | |
|---|---|---|---|
| | | Harrison County-001467] | prejudice. *See* FRE 401, 402, 403; 701; 901; Objection to lack of foundation; *see also* Pls. Motion *in limine* No. 16 (Dkt. Nos. 234, 235) |
| **D-36** | | Assurance Transportation Bid for Autopsy Transport Contract<br><br>[Bates No. Harrison County-003515-003631] | Objection to hearsay; lack of foundation; relevance; confusion of the issues; and possible undue prejudice. FRE 401, 402, 403, 802 |
| **D-37** | | Serenity Transportation Services Invoices from April 2015 – May 2015<br><br>[Bates No. Harrison County-003632-003631] | Objection to D-36 above incorporated here. |
| **D-38** | | County Payments to Serenity Transportation Services from January 2015 – September 2015<br><br>[Bates No. Harrison County-003634-003651] | Objection to D-36 above incorporated here. |
| **D-39** | | Tonette Jackson Chancery Court File<br><br>[Bates No. Harrison County-003690-003712] | Completely irrelevant; hearsay; lack of foundation; propensity evidence; good character evidence; confusion of the issues; and undue prejudice. FRE 401, 402, 403, 404, 802, 901;*see also* Pls. Motion *in limine* No. 7 (Dkt. Nos. 231, 232). |
| **D-40** | | 2015 WKRG News Video on Hardy Jackson<br><br>[Bates No. Harrison County-003720] | Objection to D-39 above incorporated here. |

| D-41 | | August 28, 2006 ABC News Article on Hardy Jackson<br><br>[Bates No. Harrison County-003688-003689] | Objection to D-39 above incorporated here. |
|---|---|---|---|
| D-42 | | J.T. Hall's Trustee Reports from 2010-2016<br><br>[Bates No. Harrison County-003021-003202] | Objection to relevance; hearsay; lack of foundation; confusion of the issues; undue prejudice; and other acts evidence. FRE 401, 402, 403, 404, 802. *See also* P's Motion *in limine* No. 1 [203, 204] |
| D-43 | | Marshall's Trustee Report from 2010-2016<br><br>[Bates No. Harrison County-003203-003378] | Objection to D-42 above incorporated here. |
| D-44 | | Marshall's Webpage Listing Prices for Mortuary Services<br><br>[Bates No. Harrison County-003655] | Objection to relevance; hearsay; lack of foundation; confusion of the issues; possible undue prejudice. FRE 401, 402, 403, 404, 802, 901 |
| D-45 | | Exhibit D-2 to *Daubert* Hearing - Excerpts 2012 Coroner's Files 12-0001 to 12-0200 | Objection to relevance; hearsay; lack of foundation; confusion of the issues; possible undue prejudice. FRE 401, 402, 403, 404, 802, 901 |
| D-46 | | Exhibits to Sean Brauchles from Saad Hospice's Deposition | Irrelevant evidence, lack of foundation and therefore likely to confuse the issues or cause unfair prejudice. FRE 401, 402, 403 |

| D-47 | | Exhibits to Lindsay Gee from Kindred Hospice's Deposition | Objection to D-46 above incorporated here. |
|------|---|------|------|
| D-48 | | Exhibits to Tracy Manning from Kindred Hospice's Deposition | Objection to D-46 above incorporated here. |
| D-49 | | Canon Hospice – Signs of Patient's Final Days [Bates No. Harrison County-003656-003657] | Irrelevant evidence, lack of foundation and therefore likely to confuse the issues or cause unfair prejudice. FRE 401, 402, 403, 901 |
| D-50 | | Kindred Hospice Admission Form [Bates No. Harrison County-003379-003381] | Objection to D-49 above incorporated here. |
| D-51 | | Odyssey-Gentiva Hospice Brochure [Bates No. Harrison County-003660-003661] | Objection to D-49 above incorporated here. |
| D-52 | | Riemann's Caregiver Handbook [Bates No. Harrison County-003662-003687] | Irrelevant evidence, lack of foundation and therefore likely to confuse the issues or cause unfair prejudice. FRE 401, 402, 403, 901 |
| D-53 | | Bradford O'Keefe – Serving Families Since 1865 [Bates No. Harrison County-003659] | Objection to D-52 above incorporated here. |

| | | | |
|---|---|---|---|
| **D-54** | | Assurance Transportation's Documentation of Decedent Christopher Smith's Removal and Transport to Pearl, MS<br><br>[Bates No. Harrison County-003721-003723] | Objection to D-52 above incorporated here. |
| **D-55** | | Video Taken by Hartwell's Terry Ball<br><br>[Bates No. P007945] | FRE 401, 402, 403 |
| **D-56** | | Plaintiffs' Responses to Request for Admissions | FRE 401, 402. All prior objections |
| | **D-56-A** | Plaintiffs' Responses to Request for Admissions | Objection to D-56 above incorporated here. |
| | **D-56-B** | Dickey Brothers' Response to Request for Admissions | Objection to D-56 above incorporated here. |
| | **D-56-C** | J.T. Hall's Response to Request for Admissions | Objection to D-56 above incorporated here. |
| | **D-56-D** | Hartwell's Response to Request for Admissions | Objection to D-56 above incorporated here. |
| | **D-56-E** | Marshall's Response to Request for Admissions | Objection to D-56 above incorporated here. |
| | **D-56-F** | Richmond-August's Response to Request for Admissions | Objection to D-56 above incorporated here. |
| **D-57** | | Plaintiffs' Responses to Interrogatories | Objection to D-56 above incorporated here. |
| **D-58** | | Plaintiffs' Supplemental Responses to Interrogatories | Objection to D-56 above incorporated here. |

| D-60 | | Mississippi State Board of Funeral Services Regulations<br><br>[Bates No. Harrison County-001468-001494] | Irrelevant evidence, lack of foundation and therefore likely to confuse the issues or cause unfair prejudice. FRE 401, 402, 403, 901 |
|---|---|---|---|
| D-61 | | Exhibits to Beth Seymour from Canon Hospice's Deposition | Objection to D-46 above incorporated here. |
| D-62 | | Bradford O'Keefe's Webpage – Frequently Asked Questions<br><br>[Bates No. Harrison County-001495-001503] | Irrelevant evidence, lack of foundation and therefore likely to confuse the issues or cause unfair prejudice; and hearsay. FRE 401, 402, 403, 901, & 802 |
| D-63 | | Riemann's Webpage – Facilities<br><br>[Bates No. Harrison County-001504-001506] | Objection to D-62 above incorporated here. |
| D-64 | | Riemann's Webpage – Frequently Asked Questions<br><br>[Bates No. Harrison County-001507-001510] | Objection to D-62 above incorporated here. |
| D-65 | | Riemann's Webpage – History & Staff<br><br>[Bates No. Harrison County-001511-001519] | Objection to D-62 above incorporated here. |
| D-66 | | 2007 – 2015 Marshall's Monthly Reports of Funerals from Mississippi Bureau of Vital Statistics<br><br>[Bates No. P004378-004507] | FRE 401, 402, 403, 404. |

| D-67 | | Example Contact Card Report or TLO Used by Coroner's Office<br><br>[Pages 1 – 4] | Irrelevant evidence, lack of foundation and therefore likely to confuse the issues or cause unfair prejudice. FRE 401, 402, 403, 901. |
|------|--|------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------|
| D-68 | | Photographs of Tonette Jackson's Name on Hurricane Katrina Memorial<br><br>[Pages 1 – 2] | These photos are irrelevant, *see* FRE 401, 402, and their minimal probative value is substantially outweighed by the likelihood of undue prejudice, and they will confuse the issues and the jury, *see* R. 403 |

c.    Joint Exhibit List:

N/A

**11.** The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which will not be offered in evidence:

**By Plaintiffs**:
1. Charts and Tables summarizing various Coroner files from indigent decedents, cases where the Coroner has ordered an autopsy, cases where the Coroner and his deputies have signed a release of body form, and cases where family members or friends have signed a release of body form.
2. Tables illustrating county payments to funeral homes
3. Charts/illustrations summarizing percentages of distribution, by race, of certain coroner files
4. Charts/tables/illustrations illustrating Plaintiffs damages, including lost profits (by Plaintiff)
5. Powerpoint for Opening Argument
6. Powerpoint for closing argument (including some jury instructions).
7. Additional demonstratives as needed based upon the evidence introduced and needs of the case.

**By Defendants:**

1. PowerPoint of Miss. Code Ann. § 73-11-58 and Related Mississippi Statutes and Harrison County Regulations
2. PowerPoint with Photographic Comparison of Facilities at Riemann's and Bradford's v. Plaintiff Funeral Homes
3. Harrison County Body Cold Storage Analysis

4. PowerPoint with Comparison of Advertising Spending of Marshall's v. Other Plaintiff Funeral Homes and Amount of Funeral Services Performed According to MS Bureau of Vital Statistics
5. Additional Timely Produced Demonstrative Evidence, If Necessary

Objections, if any, to use of the preceding demonstrative evidence, are as follows:

If any other demonstrative evidence are to be used by any party, such demonstrative evidence will be submitted to opposing counsel at least three (3) business days before use at trial. If there is then any objection to use of such demonstrative evidence, the dispute will be submitted to the court at least one business day before intended use at trial.

**12.** The following is a list of witnesses Plaintiffs anticipate calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to the contrary.

Will testify live.

| Name | Will/May Call | Fact / Expert / Liability / Damages | Business Address & Telephone Number |
|------|---------------|-------------------------------------|-------------------------------------|
| Lasha August | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Jonathan August | May | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Ricky August | May | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Pamela Dickey | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Helen Evans | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Eddie Hartwell | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Anthony Marshall | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Gina Marshall | Will | Facts/Liability/Damages | Contact via Plaintiffs' Counsel |
| Theodore Williams | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Sonya Williams Barnes | Will | Fact/Liability/Damages | Contact via Plaintiffs' Counsel |
| Gary Hargrove | Will | Fact/Liability | Contact via Defendants' Counsel |

| Connie Rockco | May | Fact/Liability | Contact via Defendants' Counsel |
|---|---|---|---|
| John Johnson | May | Fact/Liability | 4706 Wisconsin Ave Gulfport, MS 39501 228-236-5967 |
| Brian Switzer | May | Fact/Liability | Contact via Defendants' Counsel |
| Charles Wise | May | Fact/Liability | Contact via Defendants' Counsel |
| Joy Yates | May | Fact/Liability | Contact via Defendants' Counsel |
| Andrew Garden | May | Fact/Liability | Contact via Plaintiffs' Counsel |
| Anne Gottschalk | May | Fact/Liability | Contact via Plaintiffs' Counsel |
| John Gale | Will | Expert/Damages | 2121 K St., NW Suite 1100 Washington, DC 20037 202-296-7138 |
| Carlos Gayten | May | Fact/Liability | 18010 Allen Rd. Long Beach, MS 39560 228-669-3731 |
| Frank Mallard | May | Fact/Liability | 1517 Fawn St Ocean Springs, MS 39564 228-229-2248 |
| Linda Savage | May | Fact/Liability | 1105 Leigh St Long Beach, MS 39560 228-864-3952 |
| Tabitha Smith | May | Fact/Liability | 1030 Rich Ave. Gulfport, MS 39501 228-254-0947 |
| Dennis Stevenson | May | Fact/Liability | 22025 Blackwell Farm Rd Saucier, MS 39574 228-861-0581 |

Will testify by deposition:

None.

State whether the entire deposition or only portions, will be used. Counsel must confer, no later than twenty-one days before the commencement of trial, to resolve all controversies concerning all depositions (electronically recorded or otherwise). All controversies not resolved by the parties must be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

**13.** The following is a list of witnesses Defendants anticipate calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to the contrary.

Will testify live.

| Name | May/ Will Call | Fact/Expert/ Liability/Damages | Business Address & Telephone Number |
|---|---|---|---|
| Della Smith Executive Director or an employee thereof | May | Fact/Damages/Liability | Mississippi State Board of Funeral Service 3010 Lakeland Cove, Suite W Flowood, MS 39232 (601) 932-1973 |
| Dick Johnson and/or an employee thereof | May | Fact/Damages/Liability | Mississippi State Department of Health Office of Vital Records/Public Health Statistics P.O. Box 1700 Jackson, MS 39215-1700 (601) 206-8250 |
| Windy S. Swetman, III | May | Fact/Damages/Liability | 7834 Rushing Oak Drive Biloxi, MS 39532 |
| John Johnson | May | Fact/Damages/Liability | 4706 Wisconsin Avenue Gulfport, MS 39501 |
| Connie M. Rockco | May | Fact/Damages/Liability | 12166 Skeet Hunt Dr. Biloxi, MS 39532 |

| Marlin R. Ladner | May | Fact/Damages/Liability | 26187 W. Maple Road<br>Pass Christian, MS 39571 |
|---|---|---|---|
| Daniel Kent Jones | May | Fact/Damages/Liability | 1801 23rd Ave<br>Gulfport, MS 39501 |
| Angel Middleton | May | Fact/Damages/Liability | 1801 23rd Ave<br>Gulfport, MS 39501 |
| Beverly Martin | May | Fact/Damages/Liability | 1801 23rd Ave<br>Gulfport, MS 39501 |
| David Riemann | May | Fact/Damages/Liability | Riemann Family<br>Funeral Homes<br>11280 Three Rivers Rd.<br>Gulfport, MS 39503<br>(228) 539-9800 |
| Jason Smith | May | Fact/Damages/Liability | c/o Assurance<br>Transportation<br>P. O. Box 2188<br>Gulfport, MS 39505 |
| Gary Hargrove | May | Fact/Damages/Liability | c/o Owen, Galloway &<br>Myers, PLLC,<br>1414 25th Avenue,<br>Gulfport, Mississippi<br>39502-0420<br>(228) 868-2821 |
| Joy Yates | May | Fact/Damages/Liability | c/o Owen, Galloway &<br>Myers, PLLC,<br>1414 25th Avenue,<br>Gulfport, Mississippi<br>39502-0420<br>(228) 868-2821 |

| | | | |
|---|---|---|---|
| Brian Switzer | May | Fact/Damages/Liability | c/o Owen, Galloway & Myers, PLLC, 1414 25th Avenue, Gulfport, Mississippi 39502-0420 (228) 868-2821 |
| Charles Wise | May | Fact/Damages/Liability | c/o Owen, Galloway & Myers, PLLC, 1414 25th Avenue, Gulfport, Mississippi 39502-0420 (228) 868-2821 |
| Jean Freau and/or Representative of MS HUD Boyington, LLC | May | Fact/Damages/Liability | Boyington Health and Rehabilitation Center 1530 Broad Ave Gulfport, MS 39501 |
| Representative of Memorial Hospital at Gulfport | May | Fact/Damages/Liability | Memorial Hospital at Gulfport 4500 Thirteenth Street Gulfport, MS 39501 |
| Josh Bryan and/or Representative of Dixie White House Nursing Home, LLC | May | Fact/Damages/Liability | Dixie White House Nursing Home 538 Menge Avenue Pass Christian, MS 39571 |
| Dr. Mark LeVaughn State Medical Examiner | May | Fact/Damages/Liability | 215 Allen Stuart Drive Pearl, MS 39208 |
| Vicki Broadus Jackson County, MS Coroner | May | Fact/Damages/Liability | 4111 Amonett Street Pascagoula, MS 39567 |
| Alvin Carter, Jr. Clay County, MS Coroner | May | Fact/Damages/Liability | 970 Fawn Dr. West Point, MS 39773 |

| | | | |
|---|---|---|---|
| Eddie Robinson<br>Grenada County, MS Coroner | May | Fact/Damages/Liability | 1126 Fox Street<br>Grenada, MS 38901 |
| Carolyn Gillentine-Green<br>Lee County, MS Coroner | May | Fact/Damages/Liability | P.O. Box 712<br>Mooreville, MS 38857 |
| Jeffrey O'Keefe, Sr.<br>President/CEO<br>Bradford O'Keefe Funeral<br>Home | May | Fact/Damages/Liability | 911 Porter Avenue<br>Ocean Springs, MS 39564 |
| Jeffrey O'Keefe, Jr.<br>Funeral Director/Insurance<br>Agent Bradford O'Keefe<br>Funeral Home | May | Fact/Damages/Liability | 911 Porter Avenue<br>Ocean Springs, MS 39564 |
| Sean Brauchle | May | Fact/Damages/Liability | Saad Healthcare<br>10598 D'Iberville<br>Blvd.<br>D'Iberville, MS 39540 |
| Lindsey Gee | May | Fact/Damages/Liability | Kindred Hospice<br>962 Tommy Munro Dr, Ste.<br>E<br>Biloxi, MS 39532 |
| Tracy Marie Manning | May | Fact/Damages/Liability | St. Joseph Hospice,<br>240 Broad Avenue<br>Gulfport, MS 39501 |
| Beth Seymour<br>(Director of Operations) | May | Fact/Damages/Liability | Canon Hospice<br>520 Broad Ave,<br>Suite 500<br>Gulfport, MS 39501 |
| Terry Ball | May | Fact/Damages/Liability | 2110 31st Ave<br>Gulfport, MS 39501<br>228-380-3321 |

May testify by deposition if unavailable for live testimony:

| Name | Page & Line Designation | Plaintiffs' Objections | Counter-designations |
|------|------------------------|------------------------|----------------------|
| Sean Brauchle<br>Saad Healthcare<br>10598 D'Iberville<br>Blvd.<br>D'Iberville, MS 39540 | • p. 2 lns 1-25;<br>• p. 3 lns 1-12;<br>• p. 4 lns 4-10;<br>• p. 4 lns 22-25;<br>• p. 5 ln 1 - p. 7 ln 10. | Objection to all designations--witness is not unavailable. *See* FED. R. CIV. PRO. 32(a)(4). | • p. 8 lns 4-7<br>• p. 11 lns 12 – p.13 ln 2<br>• p. 17 lns 21-25 – p. 18 lns 1-2 |
| Lindsey Gee<br><br>Kindred Hospice<br>962 Tommy Munro Dr, Ste E<br>Biloxi, MS 39532 | • p. 2 ln 1 - p. 6 ln 21 | Objection to all designations--witness is not unavailable. *See* FED. R. CIV. PRO. 32(a)(4). | • p. 8 lns 12-19<br>• p. 11 lns 17- p. 13 ln 2<br>• p. 18 lns 4-12 |
| Tracy Marie Manning<br>St. Joseph Hospice, 240 Broad Avenue<br>Gulfport, MS  39501 | • p. 2 ln 1 - p. 3 ln 15<br>• p. 3 ln 22 - p. 4 ln 6<br>• p. 4 ln 17 - p. 7 ln 11 | Objection to all designations--witness is not unavailable. *See* FED. R. CIV. PRO. 32(a)(4). | • p. 11 lns 14 – p.13 ln 4<br>• p18 lns 8-19 |
| Beth Seymour<br>Director of Operations<br>Canon Hospice<br>520 Broad Ave, Suite 500<br>Gulfport, MS 39501 | • p. 2 ln 1 - p. 5 ln 3<br>• p. 7 ln 10 - p. 7 ln 25 | Objection to all designations--witness is not unavailable. *See* FED. R. CIV. PRO. 32(a)(4). | • p. 8 lns 17-23<br>• p12 ln 1 – p13 ln 22 |

*Defendants reserve the right to designate additional deposition testimony of fact witnesses in the event that it is not able to secure the attendance of any fact witness at trial.

State whether the entire deposition or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

**14.** This case will be decided by a jury as the only remaining causes of action in this case are federal law claims.

**15.** Counsel suggests the following additional matters to aid in the disposition of this civil action:

None

**16.** Counsel estimates the length of this trial will be 5-10 days.

**17.** As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of the conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to the signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the Court, or by Order of the Court to prevent manifest injustice.

SO ORDERED AND ADJUDGED, this the ___13___ day of __April__ , 2018.

KEITH STARRETT
UNITED STATES DISTRICT COURT JUDGE

_____
Attorney for Plaintiffs

_____
Attorney for Defendant
Gary Hargrove

_____
Attorney for Defendant
Harrison County, Mississippi

63