IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THEODORE WILLIAMS, et al.**                                                     **PLAINTIFFS**

**V.**                                     **CIVIL ACTION NO. 1:16-CV-266-KS-MTP**

**GARY HARGROVE, in his individual capacity, et al.**                 **DEFENDANTS**

___

**DEFENDANT GARY HARGROVE'S MEMORANDUM IN SUPPORT OF DISMISSAL OF 42 U.S.C. § 1981 CLAIM AGAINST HIM IN HIS INDIVIDUAL CAPACITY**
___

As directed by the Court, the Defendant, GARY HARGROVE, in his individual capacity as Coroner of Harrison County ("Hargrove"), files this Memorandum in Support of Dismissal of 42 U.S.C. § 1981 Claim Against Him in His Individual Capacity, to-wit:

**INTRODUCTION**

One of the claims alleged against Defendant Gary Hargrove, in his individual capacity, is a 42 U.S.C. § 1981 claim ("1981 claim"). In its review of the parties' jury instructions the Court advised the Plaintiffs' 1981 claim may be improperly plead against Defendant Gary Hargrove, in his individual capacity. The Court ordered the parties to brief this issue.

**APPLICABLE LAW**

42 U.S.C. § 1981 provides:

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like

> punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> **(b) "Make and enforce contracts" defined**
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> **(c)     Protection against impairment**
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

To establish a § 1981 claim for contractual discrimination, Plaintiffs must allege that:

> (1) they are members of a racial minority;
> (2) Defendants intended to discriminate on the basis of race; and
> (3) the discrimination concerned one or more of the activities enumerated in the statute—here, making a contract. *See Body by Cook, Incorporated v. State Farm Mutual Automobile Insurance*, 869 F. 3d 381, 386 (5th Cir. 2017); citing to *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994).

The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims. *See Jones v. Robinson Prop. Grp. L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Liability cannot be imposed under § 1981 absent proof of purposeful discrimination. *See General Bldg. Contractors Ass'n Inc. v. Pennsylvania*, 458 U.S. 375, 390, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); *see also Brown v. Board of Trustees Sealy Independent School Dist.*, 871 F.Supp.2d 581, 595 - 596 (S.D. Tex. 2012).

The United States Supreme Court held that a "Plaintiff cannot state § 1981 claim unless he has, or would have, rights under existing, or proposed, contract that he wishes "to make and enforce"; § 1981 plaintiffs must identify injuries flowing from a racially motivated breach of

2

their own contractual relationship." *See* Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 471 (2006). In order to demonstrate a violation of Section 1981, a plaintiff must show that the defendant unlawfully denied him one of the rights protected by the statute. *See* Vietnamese Fishermen's Ass'n v. The Knights of the Ku Klux Klan, 518 F.Supp. 993, 1008 (S.D.Tex.1981).

If there is no existing or proposed contract at issue than 1981 can only be plead under the "like punishment" or "equal benefits" clauses of 1981. Courts nationwide have found these clauses are only applicable against the governmental entities. "After considering the decisions of other lower courts, the court concluded that in most situations, state action was required to state a claim under the "equal benefit" and "like punishment" clauses of Section 1981." *See Muick v. Wicks*, 2001 WL 1006059, *3 (N.D. Tex. 2001); citing to *Spencer*, 839 F.Supp. at 1018 (citing *Shaare Tefila Congregation v. Cobb*, 785 F.2d 523, 525–26 (4th Cir.1986), rev'd on other grounds, 481 U.S. 615 (1987); *Mahone*, 564 F.2d at 1029; *Brooks v. Am. Broad. Cos ., Inc.*, 737 F.Supp. 431, 445 (N.D.Ohio 1990), vacated on other grounds, 932 F.2d 495 (6th Cir.1991); *Rochon v. Dillon*, 713 F . Supp. 1167, 1172 (N.D.Ill.1989); *Eggleston v. Prince Edward Volunteer Rescue Squad*, 569 F.Supp. 1344, 1353 (E.D.Va.1983), aff'd, 742 F.2d 1448 (4th Cir.1984); *Williams v. Northfield Mount Hermon Sch.*, 504 F.Supp. 1319, 1332 (D.Mass.1981)).

The words "full and equal benefit of all laws and proceedings for the security of persons and property" ... suggest a concern with relations between the individual and the state, not between two individuals. The state, not the individual, is the sole source of law, and it is only the state acting through its agents, not the private individual, which is capable of denying to blacks the full and equal benefit of the law. **Thus, while private discrimination may be implicated by the contract clause of Section 1981, the concept of state action is implicit in the equal**

**benefit clause.** *See Muick*, 2001 WL 1006059, *3 (N.D. Tex. 2001); citing to *Mahone v. Waddle*, 564 F.2d 1018, 1029 (3rd Cir. 1977).

## ARGUMENT

The Plaintiffs have not brought a cognizable claim against Defendant Gary Hargrove in his individual capacity.

### I. THE PLAINTIFFS HAVE NEITHER ALLEGED NOR PUT ON ANY EVIDENCE OF AN EXISTING OR PROPOSED CONTRACT WITH DEFENDANT GARY HARGROVE, INDIVIDUALLY

In accord with *Domino's Pizza*, the "Plaintiffs cannot state § 1981 claim unless they had, or would have, rights under existing, or proposed, contract that he wishes "to make and enforce"; § 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship" with Coroner Hargrove individually. The Coroner's Office is a county office. Defendant Harrison County pays funeral homes in Harrison County for certain removals, autopsies and pauper's burials and all such payments are authorized by its Board of Supervisors. Mr. Hargrove does not personally pay for any of these services provided by funeral homes in Harrison County. The Plaintiffs have not alleged or put on any evidence that Mr. Hargrove has ever privately contracted with the Plaintiff funeral homes for these services individually.

### II. THE "EQUAL BENEFITS" AND "LIKE PUNISHMENT" CLAUSES OF 1981 CAN ONLY BE PLEAD AGAINST DEFENDANT HARRISON COUNTY

"Like punishment" and "equal benefits" clause violations require state actions and cannot be brought against a private individual. As such, the Plaintiffs cannot pursue any allegations of violations of the "like punishment" or "equal benefits" clauses of 1981 against Coroner Hargrove, individually.

## **CONCLUSION**

The Court should dismiss the Plaintiffs' 42 U.S.C. 1981 claim against Defendant Gary Hargrove in his individual capacity.

RESPECTFULLY SUBMITTED, this the 17th day of April, 2018.

                               **GARY HARGROVE,**
                               **in his individual capacity**

                               By:     /s/ JOE SAM OWEN (MSB# 3965)

                                             /s/ DANIEL T. SEAWELL (MSB# 105149)

**CERTIFICATE OF SERVICE**

I, Daniel T. Seawell, of the law firm Owen, Galloway, & Myers, P.L.L.C., do hereby certify that I have this date electronically filed the foregoing *DEFENDANT GARY HARGROVE'S MEMORANDUM IN SUPPORT OF DISMISSAL OF 42 U.S.C. § 1981 CLAIM AGAINST HIM IN HIS INDIVIDUAL CAPACIT*Y with the Clerk of the Court using the ECF system, which served a copy to all counsel record.

SO CERTIFIED, this the 17th day of April, 2018.

/s/ DANIEL T. SEAWELL (MSB# 105149)

JOE SAM OWEN (MSB# 3965)
DANIEL T. SEAWELL (MSB#105149)
OWEN, GALLOWAY & MYERS, P.L.L.C
1414 25th Avenue
Post Office Drawer 420
Gulfport, MS 39502-0420
TEL:   (228) 868-2821
FAX:   (228) 864-6421
EMAIL:      jso@owen-galloway.com
            dts@owen-galloway.com