**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THEODORE WILLIAMS,** *et al.*                                        **PLAINTIFFS**


**V.**                                        **CIVIL ACTION NO. 1:16-CV-266-KS-MTP**


**GARY HARGROVE, in his individual capacity
and his official capacity,** *et al.*                                **DEFENDANTS**

---

## RESPONSE TO JOINT MOTION TO ENFORCE SETTLEMENT AGREEMENT

---

The Defendant, Gary Hargrove, ("Hargrove") files his Response to the Joint Motion to Enforce Settlement Agreement and in responding states as follows:

**INTRODUCTION:**

The factual scenario set forth in the introduction is essentially correct. However, there are other significant factors in play which led to the current controversy relating to autopsy removals in cases of homicides or suspected homicides.

**BACKGROUND**:

Hargrove takes no exception to the factual information set forth in the "Background" topic of the subject Joint Motion. Likewise, if the transcript comments of counsel as set forth in the Joint Motion are verbatim from the transcript, Hargrove also takes no exception.

**<u>DISCUSSION</u>:**

Hargrove recognizes the case law authority set forth in the Joint Motion. Here, the settlement recitation on the record was intended to embody a working framework for a rotation policy to be implemented by Hargrove. It was never intended to address each issue that would surface as is evident from the multiple rotation policy drafts exchanged between the parties.[1] However, it is without dispute that certain public policy and contractual considerations, which directly impact Harrison County and various law enforcement entities, were not considered by the parties and are not reflected in the transcript. Both parties acted in good faith working into the early night on the day of trial to memorialize the rough settlement terms, but there were unintentional omissions. It is not an easy undertaking to embody into the record the full and complete terms of a written rotation policy that addresses each and every situation involving the Coroner or his office, especially when neither party had in hand a working draft. The process of dictating the terms of a settlement which embodies a first time written rotation policy covering the operation of the Harrison County Coroner's office can and will generate omissions or incompleteness and such occurs without any intent on either party to gain an upper hand or to later change the general terms of the settlement.

---

[1] For example, the first draft submitted by the Plaintiffs included a provision for a monitor to oversee compliance with the final agreed to rotation policy. There is no mention of a monitor in the transcript. The initial rotation policy submitted by Hargrove addressed a number of issues not set forth in the transcript record such as compliance with a required temperature in a cooling facility; certification that the cooling area was in a secured area to prevent unlawful entry; notification if one or more Plaintiff funeral homes opted not to participate in the rotation policy for a given month.. These are just a few of the proposed rotation polices included by the parties in the various drafts of the rotation policy but not set forth in the transcript.

Hargrove's and by necessity Harrison County's proposal as set forth in the Joint Motion is essentially correct.

**HARGROVE'S POSITION:**

The parties failed to take into consideration certain important and undisputed facts that should have been included as part of the settlement terms. The reality is it was impossible to embody in the cold transcript each and every important issue that may thereafter surface as the parties worked toward a final product.

**BINDING CONTRACTUAL AGREEMENT**:

Harrison County, Mississippi currently operates under a binding and exclusive agreement with Assurance Transportation, LLC for the transport of deceased persons for autopsy. Harrison County has worked under this agreement since 2015 and today Harrison County still operates under the agreement.

On February 9, 2015 the Harrison County Board of Supervisors entered an Order authorizing and directing the Clerk of the Harrison County Board of Supervisors to cause publication to be made of legal notice of invitation for bids. Thereafter, the legal notice was published, bids were received and Assurance Transportation, LLC was declared to be the lowest and best bid received whereby the Harrison County Board of Supervisors authorized its Board President to execute a one year contract. On June 1, 2015 by the execution of Motion of Harrison County Supervisor, Marlin R. Ladner, an Order was entered authorizing a contract with Assurance Transportation, LLC for the transport of deceased persons for autopsies. A copy of the Order accepting the lowest

and best bid of Assurance Transportation, LLC together with the Order authorizing contract with Assurance is attached hereto as *in globo* Exhibit "A."

Thereafter, the initial one year agreement for the transport of deceased persons for autopsies between Assurance Transportation, LLC and Harrison County, Mississippi was executed. Over time the contract was renewed and the latest renewal agreement was executed between Assurance Transportation, LLC and Harrison County, Mississippi on the 8th day of January, 2018 with an expiration date of January 8, 2019. An unsigned copy of the initial June 2015 agreement between Assurance Transportation, LLC and Harrison County, Mississippi is attached hereto as Exhibit "B." The most recent renewal agreement dated January 8, 2018 between Assurance Transportation, LLC and Harrison County, Mississippi is attached hereto as Exhibit "C." By way of example as to obligations imposed on Assurance, attached as Exhibit "D" is the initial Accord form-Certificate of liability providing liability coverage for the removal and transport activities of Assurance. For each new contract period, Assurance must defray the cost for and provide liability insurance coverage.

Gary Hargrove has faithfully endeavored to consummate a satisfactory rotation policy and such was accomplished with the exception of the current issue. Hargrove is compelled to consider overriding public policy and contract issues that he cannot ignore or compromise but, unfortunately, those issues were not factored into the subject settlement agreement. The reality is these matters are beyond the control of Hargrove, yet Hargrove cannot move forward without considering both the contact obligations of

4

Harrison County, Mississippi and the public policy concerns of law enforcement and the prosecutorial arm of Harrison County- the District Attorney and County Attorney offices.

It is important to note that the Harrison County Board of Supervisors, and not Hargrove controlled the bidding process for the transportation service.  The Harrison County Board and not Hargrove voted to accept the bid of Assurance Transportation, LLC as the lowest and best bid received and in a similar vein the Harrison County Board voted to approve execution of a contract between Assurance Transportation, LLC for transporting deceased persons for autopsy, not Hargrove. The payment of compensation under the contract with Assurance Transportation, LLC is defrayed exclusively by Harrison County, Mississippi, not Hargrove.

**<u>PUBLIC POLICY ISSUES</u>**:

Moreover, the issue of transportation of a deceased person for an autopsy when there is reasonable suspension the individual was a victim of a homicide is a sensitive and critical issue for Harrison County, Mississippi, the Harrison County Sheriff's Department, the law enforcement for various municipalities, the County Prosecuting Attorney and the District Attorney's Office.  It is common knowledge that in any suspected homicide, preservation of the evidence is paramount and can prove to be adversely dispositive to the prosecution in a criminal case.  Similarly, the number of individuals who may come in contact with the deceased body can, depending upon the circumstances, generate a problem with the chain of custody and preservation of the

body. This is even more problematic when multiple homicides occur at the same location. The public policy issue must trump any economic concerns harbored by the Plaintiffs. It cannot be seriously argued that Hargrove should not also consider the risk of an uncontrolled scenario where multiple individuals working for a particular funeral home may come in contact with the body or bodies before an autopsy is even performed.  Not only is chain of custody and preservation of the body extremely important, but Hargrove, as the current Coroner, is charged with the duty and responsibility to insure that the prospective prosecution of an individual charged with a homicide is not jeopardized or tainted by an improper protocol or a rotation policy he agreed to without consideration for the effect it could have on Harrison County, law enforcement, the prosecution as well as the family of the victim.

This concern was expressed to the Plaintiff's counsel at the time of the initial discussions as the parties sought to memorialize the rotation policy over the months following the conclusion of the trial. As pointed out by the Plaintiffs, it is the only remaining issue, but it is a very important issue to Harrison County, Mississippi and Hargrove.

**ASSURANCE TRANSPORTATION CONTRACT:**

Harrison County is bound by its contract with Assurance Transportation, LLC.  If Assurance Transportation, LLC secured the body at the scene and regardless of whether the body is transported directly to the Mississippi Crime Lab in Pearl or stored in a refrigerated setting at Riemann, the County pays no additional money beyond that

which is set forth in the contract.  However, if the Plaintiffs are allowed to remove the body to Riemann as additional step, the County will be compelled to pay an additional $150.00 to the designated funeral home for simply removing the body from the scene of the crime to the Riemann's cooler. Hargrove has no authority to bind Harrison County to such an additional obligation.  This was part of the grievances advanced by the Plaintiffs that they should have participated in the removal process. The objective now should be to handle removals through the contracted company without any risk of a break in the chain of custody, decomposition of the body, a claim of tainted evidence or the charge of racial discrimination.

Finally, under the terms of the agreement between Assurance Transportation, LLC and Harrison County, Mississippi, Assurance Transportation, LLC is the exclusive contractor for Harrison County for the transport of deceased persons being autopsied to and from the State Medical Examiner's Office in Jackson, Mississippi (Pearl).  Hargrove has no authority to amend, modify or add to the existing agreement between Assurance Transportation, LLC and Harrison County, Mississippi.  Moreover, there is concern that Assurance Transportation, LLC could seek legal redress against Harrison County, Mississippi and Hargrove on the claim that the exclusive right provision set forth in the subject agreement has been violated. Regardless of the practices of the past, the exclusivity provision must be enforced for the reasons set forth herein and to allay any fears of the Plaintiffs that there is racial discrimination afoot. Hargrove seeks to have

closure on this issue so that claims of racial discrimination on removals for a suspected homicide end.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Gary Hargrove, denies that he has breached the settlement agreement and submits that the proposal submitted by Hargrove and by Harrison County, Mississippi is consistent with the public policy interest of Harrison County, Mississippi and is consistent with the contractual obligation that compels Harrison County, Mississippi and Hargrove to recognize the exclusivity provision of the current contract between Harrison County, Mississippi and Assurance Transportation, LLC.

RESPECTFULLY SUBMITTED, this the 23rd day of July, 2018.

**GARY HARGROVE,**
**in his individual capacity**

By:     /s/ JOE SAM OWEN (MSB# 3965)

<u>CERTIFICATE OF SERVICE</u>

I, Joe Sam Owen, of the law firm Owen, Galloway, & Myers, P.L.L.C., do hereby certify that I have this date electronically filed the foregoing *DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT* with the Clerk of the Court using the ECF system, which served a copy to all counsel record.

SO CERTIFIED, this the 23rd  day of July, 2018.

<u>/s/ JOE SAM OWEN (MSB# 3965)</u>

JOE SAM OWEN (MSB# 3965)
OWEN, GALLOWAY & MYERS, P.L.L.C.
1414 25th Avenue
Post Office Drawer 420
Gulfport, MS 39502-0420
TEL:          (228) 868-2821
FAX:          (228) 864-6421
EMAIL:      jso@owen-galloway.com

9